SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anna Christine Lewis and Bradley Lewis, as personal representatives of the Estate of Bradley Alexander Lewis, and others

Plaintiffs,

v.

Chris Nanos, et al.,

Defendants.

No. CV 21-00557-TUC-RM

**ORDER**

On December 31, 2021, Plaintiffs Anna Christine Lewis and Bradley Lewis, as personal representatives of the Estate of Bradley Alexander Lewis, and on behalf of themselves and Bradley Lewis, Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis,[1] filed a Complaint, through counsel, alleging claims under 42 U.S.C. § 1983 and state law in connection with the death of Bradley Alexander Lewis.[2]

---

[1] Anna Christine Lewis is the decedent's mother, Bradley Lewis is his father, and the remaining individual Plaintiffs are the decedent's grandparents.

[2] This action was opened as a "prisoner" civil rights case and referred to the Court's staff for review pursuant to LRCiv. 72.1(b). A "prisoner" is statutorily defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). That is, a "prisoner" is a person who was "detained as a result of accusation, conviction, or sentence for a *criminal* offense" when he commenced his case. *Agyeman v. INS*, 296 F.3d 871, 885, 886 (9th Cir. 2002) (citing *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000)). None of the Plaintiffs was in custody at the time this action was commenced, and the Complaint is not subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), (h).

TERMPSREF

Plaintiffs name as Defendants: Chris Nanos, Pima County Sheriff, Pima County Deputy Sheriffs Gilbert Caudillo and Michael Moseley, and Pima County. Plaintiffs sue the individual Defendants in their individual and official capacities.

**IT IS ORDERED**:

(1) Plaintiffs must either serve each Defendant or seek a waiver of service for each Defendant.

(2) If Plaintiffs do not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(3) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(4) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(5) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(6) If properly completed, the Clerk of Court must issue the proposed Summonses filed at Doc. 2.

Dated this 11th day of January, 2022.

Honorable Rosemary Márquez
United States District Judge