*AUDILETT LAW PC*
335 NORTH WILMOT RD SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis and Bradley Lewis, as Personal Representatives of The Estate of Bradley Alexander Lewis, Anna Christine Lewis, Bradley Lewis, Helen Christine Lewis, Bradley Lewis, Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, individually and in his official capacity as Sheriff of Pima County, Arizona; Pima County Sheriff Deputy Gilbert Caudillo, Individually and in his official capacity as an employee of the County of Pima, Arizona, and his official capacity as Sheriff Deputy of the Pima County Sheriff's Department; and Pima County Sheriff Deputy Michael Moseley, Individually and in his official capacity as an employee of the County of Pima, Arizona, and his official capacity as Sheriff Deputy of the Pima County Sheriff's Office; and Pima County,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS FROM CERTAIN COUNTS OF THE SECOND AMENDED COMPLAINT AND TO DISMISS SHERIFF NANOS IN HIS INDIVIDUAL CAPACITY<br><br>(The Honorable Rosemary Marquez) |

Pursuant to F.R.Civ.P. 12(b)(6), Defendants move to dismiss certain Plaintiffs from certain Counts of the Second Amended Complaint (Doc. 14) for failure to state a claim upon which relief can be granted. Defendants also move to dismiss Defendant Pima County Sheriff Christopher Nanos in his individual capacity.

**Legal standard for dismissal pursuant to Rule 12(b)(6)**

Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See *Mollett v. Netflix, Inc*., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-plead allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).

**Introduction**

This lawsuit arises from the January 20, 2021 shooting death of Bradley Alexander Lewis (Lewis) by Pima County Sheriff Deputy Gilbert Caudillo (Caudillo). Defendants' counsel Daryl Audilett certifies that pursuant to LRCiv 12.1(c), he has personally consulted, via email and telephone, with Plaintiffs' counsel Eduardo Coronado in an effort to resolve the issues raised in this motion, without success.

This motion to dismiss certain Plaintiffs from certain Counts is based on the following:

**1. The Grandparent Plaintiffs Have No Standing or Legally Cognizable Claim for Damages Under Arizona Wrongful Death Law (Count III), or Under the U.S.**

**Constitution 14th Amendment Substantive Due Process Law (Count II), or under the Loss of Consortium claim (Count IV)**

Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis are grandparents of decedent Lewis (age 19). (Doc. 14, Second Amended Complaint, ¶¶ 1, 7-10.) Grandparents do not have a legally cognizable claim for damages for the death of an adult grandson under Arizona wrongful death law or under 14th Amendment Substantive Due Process law.

Count II asserts a claim under Fourteenth Amendment substantive due process. Count III asserts a claim for wrongful death under Arizona state law. Count IV asserts a claim for Loss of Consortium. The grandparents have no standing under any of those legal theories.

A claim for wrongful death did not exist at common law in Arizona. In ARS § 12-611 et seq, the Arizona Legislature created a legal means of recovery to certain individuals for the wrongful death of certain others. However, ARS § 12-612 imposes limits on those who can bring a wrongful death claim.

ARS § 12-612 allows a wrongful death claim to be brought only by "the surviving husband or wife, child, parent or guardian or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate." These are typically referred to as "statutory beneficiaries" of a wrongful death claim.

ARS § 12-612 does not provide for a wrongful death action to be brought by a grandparent for the death of a grandchild. Hence, a grandparent is not a statutory beneficiary

of an Arizona wrongful death claim.

The same is true of a claim for 14th Amendment deprivation of substantive due process arising from the death of certain others. A U.S. Constitution 14th Amendment deprivation of substantive due process claim for interference with the familial relationship arising from the death of a spouse, parent, or child can be brought. *Smith v. City of Fontana*, 818 F.2d 1411, 1418-20 (9th Cir. 1987). But that 14th Amendment substantive due process claim is limited by ARS § 12-612 to the persons or entities (statutory beneficiaries) allowed to bring an Arizona wrongful death claim. That is, just as grandparents do not have standing to bring an Arizona wrongful death claim, grandparents likewise do not have standing to bring a 14th Amendment substantive due process claim based on the death of a grandchild. *See, e.g.*, *Miller v. California*, 355 F.3d 1172, 1175-77 (9th Cir. 2004) holding that noncustodial grandparents of minor children have no substantive due process rights under the 14th Amendment.

These legal principles apply as well to Count IV Loss of Consortium.

The grandparent Plaintiffs, namely Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis should be dismissed from Counts II, III, and IV.

**2. None of the Plaintiffs, *Except For* the Personal Representatives of the Estate of Bradley Alexander Lewis Have Standing to Assert a Fourth Amendment Claim (Count I)**

COUNT I of the Second Amended Complaint asserts a claim on behalf of all the named Plaintiffs for use of excessive force in violation of the Fourth Amendment to the U.S.

Constitution. The only entity that has standing to pursue such a Fourth Amendment claim is the Estate of Bradley Alexander Lewis through its personal representatives, that is, through Anna Christine Lewis and Bradley Lewis as Personal Representatives of the Estate of Bradley Alexander Lewis. (Doc. 14, Second Amended Complaint, ¶¶ 5-6)

As Arizona District Judge Murray Snow stated in *Adame v. City of Surprise*, 2019 WL 2247703 (May 24, 2019) (reversed and remanded on other grounds, *Adame v. Gruver*, 819 Fed.Appx. 526 (2020):

> Fourth Amendment rights are personal and may not be asserted vicariously. *Alderman v. U.S.*, 394 U.S. 165, 174 (1969). Fourth Amendment standing law applies to claims made against public officials and entities. *See Longoria v. Pinal City*, 2015 WL 13654010 at *2 (D. Ariz. 2015). For Plaintiffs who bring 1983 actions, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Arizona's state law authorizes a survival action by a personal representative of the decedent's estate. See Ariz. Rev. Stat. § 14-3110. If a representative of the decedent's estate does not bring the claim under the Fourth Amendment, that claim cannot proceed. *See Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987) ("The children were not directly subjected to the excessive use of state force and therefore cannot maintain personal causes of action under section 1983 in reliance on this

Fourth Amendment theory.") overruled on other grounds, *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc).

Arizona's survival statute, ARS § 14-3110, allows a cause of action after the death of the person entitled to that cause of action, but the cause of action may only be asserted by the personal representative of the decedent, "provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed." ARS § 14-3110.

Neither the decedent's parents nor his grandparents have a legally cognizable claim for damages for 4th Amendment unreasonable use of force against decedent Lewis. Decedent Lewis's parents, Anna Christine Lewis and Bradley Lewis, in their personal and non-personal representative capacity, should be dismissed from Count I. Decedent Lewis's grandparents Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis should be dismissed from Count I. Doing so leaves Anna Christine Lewis and Bradley Lewis as Personal Representatives of the Estate of Bradley Alexander Lewis as the only plaintiffs with standing on COUNT I, USE OF EXCESSIVE FORCE, FOURTH AMENDMENT TO THE U.S. CONSTITUTION.

**3. Pima County Should Be Dismissed from COUNT III, WRONGFUL DEATH**

Pima County does not control the operations of the Pima County Sheriff's Department, Sheriff Nanos, or Sheriff Nanos' law enforcement officers. Sheriff Nanos is the duly elected Pima County Sheriff and is the jural entity that can sue or be sued for the conduct and actions of his department.

The Sheriff is an elected official whose duties are imposed by law: Arizona Constitution, Article 12, §§ 3 and 4. Duties of a County Sheriff are set forth in A.R.S. § 11-441. A County Board of Supervisors has no right to control the Sheriff or his deputies in the performance of their duties imposed by law. *Fridena v. Maricopa County*, 18 Ariz. App. 527, 530, 504 P2d. 58, 61 (1972). As a result, a County cannot be held liable under the doctrine of *respondeat superior* for the sheriff's torts. Id.; see also, *Yamamoto v. Santa Cruz County Bd. of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App. 1979).

In *Yamamoto, supra*, the Arizona Court of Appeals held that the County was not vicariously liable for the actions of several elected officials, because their duties were imposed by law, not by the County:

> "The only acts alleged in the tort case were those of the Clerk and Deputy, and the Justice of the Peace. Their duties are imposed by law, not by the County. Having no right of control over either, the County cannot be liable for their torts under the doctrine of respondeat superior." 124 Ariz. at 540; citing *Fridena v. Maricopa County*, 18 Ariz. App. 527, 504 P.2d 58 (1972); accord, *State v. Pima County Adult Probation Department*, 147 Ariz. 146, 708 P.2d 1337, 1341 (App. 1985).

Pima County's authority is limited to the powers expressly or by necessary implication given to it by the Arizona Constitution or statutes. *Home Builders Ass'n of Cent. Ariz. v. City of Maricopa*, 215 Ariz. 146, ¶ 5, 158 P.3d 869, 872 (App. 2007). See also *Hernandez v. Maricopa County*, 138 Ariz. 143, 673 P.2d 341 (App.1983), wherein the court held that the

County could not be held liable pursuant to the doctrine of respondeat superior for the acts of the Justice of the Peace, who is an elected official, and his staff because "Maricopa County has no power to control the implementation and execution of those duties." 138 Ariz. at 146, 673 P.2d at 344.

Based on the foregoing, Pima County should be dismissed from COUNT III, WRONGFUL DEATH.

**4. <u>Sheriff Nanos should be dismissed "in his individual capacity."</u>**

The Second Amended Complaint asserts that Sheriff Chris Nanos "is being sued in his individual capacity and in his individual capacity." (Doc. 14, ¶ 11.) There is no evidence and no allegation in the Second Amended Complaint that Sheriff Nanos was personally involved in the events immediately preceding the shooting or during the shooting. There is no basis for a claim against Sheriff Nanos "in his individual capacity." Sheriff Nanos should be dismissed in his individual capacity.

## <u>CONCLUSION</u>

Defendants request that the Court dismiss from Count I (4th Amendment Use of Force) all Plaintiffs except for "Anna Christine Lewis and Bradley Lewis, as Personal Representatives of The Estate of Bradley Alexander Lewis."

Defendants request that the Court dismiss decedent Lewis's grandparents Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis from Count II (14th Amendment), Count III (Arizona Wrongful Death), and Count IV (Loss of Consortium).

Defendants request that Pima County be dismissed from Count III, (Arizona Wrongful

Death).

Defendants request that Sheriff Nanos be dismissed in his individual capacity.

DATED this 2nd day of May, 2022.

*AUDILETT LAW PC*

/s/ Daryl Audilett

Daryl A. Audilett
Attorney for Defendant Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

By /s/ Karen Audilett