*AUDILETT LAW PC*
335 NORTH WILMOT RD SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis and Bradley Lewis, as Personal Representatives of The Estate of Bradley Alexander Lewis, Anna Christine Lewis, Bradley Lewis, Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, individually and in his official capacity as Sheriff of Pima County, Arizona; Pima County Sheriff Deputy Gilbert Caudillo, Individually and in his official capacity as an employee of the County of Pima, Arizona, and his official capacity as Sheriff Deputy of the Pima County Sheriff's Department; and Pima County Sheriff Deputy Michael Moseley, Individually and in his official capacity as an employee of the County of Pima, Arizona, and his official capacity as Sheriff Deputy of the Pima County Sheriff's Office; and Pima County,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS FROM CERTAIN COUNTS OF THE SECOND AMENDED COMPLAINT AND TO DISMISS SHERIFF NANOS IN HIS INDIVIDUAL CAPACITY<br><br>(The Honorable Rosemary Marquez) |

Defendants reply to Plaintiffs' Response (Doc 19) to Defendants' Rule 12(b)(6) Motion to Dismiss Certain Plaintiffs from Certain Counts of the Second Amended Complaint and to Dismiss Sheriff Nanos in His Individual Capacity. (Doc 15)

**1. <u>The Grandparent Plaintiffs have no standing and should be dismissed from Counts II, III, and IV.</u>**

The Grandparent Plaintiffs should be dismissed from Count I (Fourth Amendment), Count II (Fourteenth Amendment), Count III (Wrongful Death), and Count IV (Loss of Consortium).

Plaintiffs do not contest that the Grandparent Plaintiffs (Helen and Ralph Stricklen, Jerlene Jones and George Preston Lewis) are not statutory beneficiaries under the Arizona Wrongful Death statutes, specifically ARS § 12-612.

On page 2, Plaintiffs' Response, they suggest that "Grandparents' Constitutional Rights Should Not Be Barred." The grandparents have no constitutional rights in the context of this case. The case law cited by Plaintiffs is inapposite.

Plaintiff cites *Smith v. Organization of Foster Families for Equality & Reform*, 431 U.S. 816 (1977). That case involved foster parents, not grandparents. That case involved, and was decided on, procedural due process grounds, not substantive due process grounds. In *Smith*, foster parents brought an action for declaratory and injunctive relief against New York State and New York City regarding statutory and regulatory procedures for removal of foster children from foster homes. *Id.* at 816. The Court did not create a substantive due process constitutional right for the foster parents. The Court avoided that issue entirely.

The Court in *Smith* held that:

> As this discussion suggests, appellee's claim to a constitutionally protected liberty interest raises complex and novel questions. It is unnecessary for us to resolve those questions definitively in this case, however, for like the District Court, we conclude that "narrower grounds exist to support" our reversal. We are persuaded that, even on the assumption that appellees have a protected "liberty interest," the District Court erred in holding that the pre-removal procedures presently employed by the State are constitutionally defective. *Smith*, supra, at 847.

Plaintiff cites *Johnson v. Mason County*, 2017 WL 750061 (W.D. Washington, at Tacoma, 2/27/2017). This is a ruling on various motions for summary judgment. Plaintiff Peggy Johnson was grandmother to Jimi Johnson who hanged himself in jail and died. Peggy sued several defendants asserting a claim for Section 1983 (Eight Amendment) and negligence claims. Plaintiffs here correctly note on page 2 of their Response that the judge in *Johnson* stated, "Peggy's status as Jimi's grandmother is not a bar to her constitutional claims." *Johnson* at *4. That is not reliable legal precedent for declaring that decedent Bradley Alexander Lewis's grandparents have standing to bring a 14th Amendment Substantive Due Process claim for the death of their grandson Bradley Lewis.

Notably, the initial Complaint, ¶ 5, in the *Johnson* lawsuit, shows Peggy Johnson as the Personal Representative of the Estate of Jimi Johnson bringing all claims available to the Estate of Mr. Johnson and all beneficiaries under state and federal law. (Exhibit 1, *Johnson*

Complaint.) The Johnson First Amended Complaint, ¶ 7, repeats that, (Exhibit 2, *Johnson* First Amended Complaint). The Johnson Second Amended Complaint, ¶ 10, injects the language suggesting a claim by Peggy Johnson, "herself in her personal capacity." (Exhibit 3, *Johnson* Second Amended Complaint.). In the Johnson Third Amended Complaint, ¶ 10, there is language added that Peggy Johnson "had a long-standing custodial relationship with Jimi Johnson such that they constituted an existing family unit." (Exhibit 4, *Johnson* Third Amended Complaint.)

It is not clear from the *Johnson* decision whether the judge was talking about Peggy's claim not being barred in her capacity as personal representative or in her personal capacity. There does not appear to be any discussion about that. This *Johnson* summary judgment ruling does not establish precedent that the grandparents of Bradley Alexander Lewis have standing to make a 14th Amendment Substantive Due Process claim for deprivation of familial relationship arising from the death of their grandson.

The Grandparent Plaintiffs' lack of standing clearly warrants their dismissal from Count II (Fourteenth Amendment), Count III (Wrongful Death), and Count IV (Loss of Consortium). Dismissal of the Grandparents specifically from Count I (Fourth Amendment) is discussed in more detail in the next section.

**2. <u>None of the Plaintiffs, except for the Personal Representatives of the Estate have standing to assert a Fourth Amendmend claim and should be dismissed from Count I.</u>**

Plaintiffs do not address or distinguish the cases Defendants cite in this section of the Motion to Dismiss. Defendants concede that the parents of Bradley Alexander Lewis can

assert a 14th Amendment Substantive Due Process claim for the loss of their son. But as stated in the authorities in Defendants' Motion to Dismiss, there is no Fourth Amendment claim available to anyone except the Estate, via the Personal Representatives. This is because a Fourth Amendment claim for excessive force is personal and may not be asserted vicariously by others not personally subjected to the use of force at issue. As explained in the Motion to Dismiss, the survivors of an individual killed by police excessive force may assert a Fourth Amendment claim on the decedent's behalf if the relevant state survival statute allows that. In Arizona, the survival statute only allows the personal representatives to bring such a survival claim. (*See*, ARS § 14-3110.)

All Plaintiffs except for the Personal Representatives of the Estate of Bradley Alexander Lewis should be dismissed from Count I, which asserts a Fourth Amendment Excessive Force claim.

**3. <u>Pima County does not have respondeat superior liability for the state law wrongful death claim (ARS §§ 12-611 et seq.) and should be dismissed from Count III.</u>**

Plaintiffs misunderstand Defendants' intent regarding the request to dismiss Pima County. In opposition, Plaintiffs cite *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Monell* does not govern which entity is a proper party defendant for a state law wrongful death claim. Defendants are not seeking to dismiss Pima County from a *Monell* claim, which has not been properly asserted in any of the Counts of the Second Amended Complaint. For the reasons stated in the Motion to Dismiss, Defendants are seeking to dismiss Pima County specifically from Count III, which asserts a state law wrongful death

claim pursuant to ARS §§ 12-611 et seq.

Defendants concede that if there is liability for state law wrongful death, it is Sheriff Nanos, not Pima County, that is the proper employer jural entity subject to respondeat superior liability on the state law claims for wrongful death.

**4. <u>Sheriff Nanos should be dismissed "in his individual capacity."</u>**

Sheriff Nanos is the proverbial "final policy maker" for the Pima County Sheriff's Department. That is not contested. That fact potentially subjects Sheriff Nanos to liability in his "official capacity" on a *Monell* claim, if properly pled. Defendants contend that a *Monell* claim has not been properly pled. Sheriff Nanos can only be subjected to liability in his "individual capacity" if he acted in a supervisory capacity wherein he was either (1) personally involved in the constitutional deprivation, or there is (2) a sufficient causal connection between his purported wrongful conduct and the constitutional violation. *Rodriguez v. Cnty of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). This causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* That causal connection is absent here.

There is no evidence and no allegation that Sheriff Nanos was personally involved in the events that led to the shooting of Bradley Alexander Lewis. Moreover, a claim that Sheriff Nanos afterwards "ratified" the shooting amounts to merely stating after-the-fact that he believed the deputies acted in accordance with Department policy. That is not enough to

show any kind of personal involvement or causal connection to warrant Sheriff Nanos being named in his "individual capacity." *See* discussion in *Hanington v. Multnomah County*, 2022 WL 861266 *9, (D. Oregon, 03/23/2022) (appeal filed to 9th Cir., April 6, 2022).

**CONCLUSION**

Based upon the foregoing, Defendants request the following:

1. Dismiss the Grandparent Plaintiffs (Helen and Ralph Stricklen, Jerlene Jones and George Preston Lewis) from the Counts I, II, III, and IV of the Second Amended Complaint.

2. Dismiss all Plaintiffs except for the Personal Representatives of the Estate of Bradley Alexander Lewis from Count I of the Second Amended Complaint.

3. Dismiss Pima County from Count III of the Second Amended Complaint.

4. Dismiss Sheriff Nanos "in his individual capacity" from the Second Amended Complaint.

DATED this 25th day of May, 2022.

*AUDILETT LAW PC*

/s/ Daryl Audilett

Daryl A. Audilett
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

By /s/ Karen Audilett