SH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anna Christine Lewis and Bradley Lewis, as personal representatives of the Estate of Bradley Alexander Lewis, and others,

Plaintiffs,

v.

Chris Nanos, et al.,

Defendants.

No. CV 21-00557-TUC-RM

**ORDER**

On December 31, 2021, Plaintiffs Anna Christine Lewis and Bradley Lewis, as personal representatives of the Estate of Bradley Alexander Lewis, and on behalf of themselves and Bradley Lewis, Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis, filed a Complaint, through counsel, alleging claims under 42 U.S.C. § 1983 and state law in connection with the death of decedent, Bradley Alexander Lewis.[1] Defendants have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) The Motion is fully briefed. (Docs. 19, 20.)

## I. Background

In the Second Amended Complaint, Plaintiffs sue Pima County ("the County"), Pima County Sheriff Chris Nanos, and Pima County Sheriff's Deputies Gilbert Caudillo and Michael Moseley for alleged constitutional violations arising from the death of Bradley

[1] Anna Christine Lewis is the decedent's mother, Bradley Lewis is his father, and the remaining individual Plaintiffs are the decedent's grandparents.

Alexander Lewis on January 20, 2021. (Doc. 14.) Plaintiffs allege that on January 20, 2021, Defendants created circumstances which led to them shooting and killing Bradley, who was unarmed and not posing a threat at the time. (*Id.*) Plaintiffs bring the following claims against Defendants: (1) Fourth Amendment excessive force (Count One); (2) Fourteenth Amendment substantive due process (Count Two); (3) wrongful death under state law (Count Three); (4) loss of consortium under state law (Count Four); and (5) damage to property (Count Five). (*Id.* at 83–128.)

**II. Legal Standard**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**III. Grandparents' Standing**

Defendants first argue that Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis, as Bradley's grandparents, do not have legally cognizable claims for damages for wrongful death or loss of consortium under Arizona law or under Fourteenth Amendment substantive due process. (Doc. 14 at 3–4.)

With the respect to the wrongful death claim, Plaintiffs argue that Bradley's maternal grandparents, the Stricklens, helped raise Bradley and "were a great part of decedent's life." (Doc. 19 at 2.) In support of their arguments, Plaintiffs point to out-of-state cases in which grandparents were permitted to pursue wrongful death claims. (*Id.*)

Despite Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis' devastating loss of their grandson, under Arizona's wrongful death statute, such actions can only be brought by the "surviving husband or wife, child, parent or guardian, or personal representative of the deceased person." Ariz. Rev. Stat. § 12-612(A).

> By its plain language, [A.R.S. § 12-612] creates a limited class of beneficiaries who may sue. That class does not include several relationships that the law generally recognizes as sufficiently close to trigger rights of inheritance. For example, the statute does not grant siblings, grandparents or grandchildren—each of whom might be expected to have enjoyed the closest of family relationships with the decedent in many cases—the right to bring a wrongful death action. Moreover, the statute contains no elastic category that would permit the court to evaluate the extent or quality of the familial relationship.

*Edonna v. Heckman*, 253 P.3d 627, 629 (Ariz. App. 2011); *see also Solomon v. Harman*, 489 P.2d 236, 240 (Ariz. 1971) ("It is clear that the [Arizona] legislature intended that as long as there existed a surviving spouse, child or parent, then brothers, sisters, cousins, aunts, uncles, grand-parents, and others should not recover any amount or to have their loss be a measure of the damages for the wrongful death.") Accordingly, Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis' wrongful death claims must be dismissed.

Similarly, in *Mullins v. State of Oregon*, 57 F.3d 789, 794 (9th Cir. 1995), the Ninth Circuit held that the grandparent/grandchild relationship did not create a liberty interest so fundamental as to support a substantive due process claim. *See also Miller v. California*, 355 F.3d 1172, 1176 (9th Cir. 2004) (plaintiffs failed to establish a substantive due process right to family integrity or association as noncustodial grandparents of children). Accordingly, Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis' Fourteenth Amendment substantive due process claims will also be dismissed.

Finally, Arizona courts have only recognized loss of consortium claims in the context of spousal relationships and parent-child relationships. *Pierce v. Casas Adobes Baptist Church*, 782 P.2d 1162, 1165 n.1 (Ariz. 1989) (recognizing a parental cause of action for loss of child's consortium but limiting definition of "parent" to biological and adoptive parents); *see Villareal v. Dept. of Transp.*, 774 P.2d 213, 216–17 (Ariz. 1989) ("We limit our definition of parent [in substantive due process cases] to include biological and adoptive parents."). As such, the grandparent Plaintiffs' loss of consortium claims will also be dismissed.

## IV. Non-Personal Representative Standing

Next, Defendants argue that "[t]he only entity that has standing to pursue such a Fourth Amendment claim is the Estate of Bradley Alexander Lewis through its personal representatives, that is, through Anna Christine Lewis and Bradley Lewis as Personal Representatives of the Estate of Bradley Alexander Lewis." (Doc. 15 at 5.)

A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action. *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing 42 U.S.C. § 1988(a) and *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998)). Section 14-3110 of the Arizona Revised Statutes does authorize a survival action, but only allows the personal representative of the decedent's estate to bring a survival action. *See Lee v. Arizona*, 10-00066-PHX-GMS, 2010 WL 1948584, at *2-3 (D. Ariz. May 12, 2010) (holding that plaintiff could not pursue § 1983 claims on behalf of her deceased husband without demonstrating that she had been appointed as a personal representative for his estate). Plaintiffs' reliance on *Penilla v. City of Huntington Park*, 115 F.3d 707, 711 (9th Cir. 1997) and *Munger v. City of Glasgow*, 227 F.3d 1082 (9th Cir. 2000), are misplaced because those cases involved parents who brought Fourteenth Amendment claims for the loss of their children due to police actions, not Fourth Amendment claims brought on behalf of the decedents.

The law is clear that only the personal representatives of Bradley's estate can bring a Fourth Amendment claim on Bradley's behalf. Because Plaintiffs Helen Stricklen, Ralph Rust Stricklen, Jerlene Jones, and George Preston Lewis have not alleged that they are personal representatives of Bradley's estate, their Fourth Amendment claims must be dismissed. Likewise, Plaintiffs Mr. and Mrs. Lewis can only bring a Fourth Amendment claim in their capacity as the personal representatives of Bradley's estate.

## V. Wrongful Death Claim against the County

Defendants argue that the County should be dismissed as a defendant in the wrongful death claim because Defendant Sheriff Nanos is responsible for the conduct and actions of the Pima County Sheriff's Department. (Doc. 15 at 6–8.)

The County cannot be vicariously liable for the deputies' allegedly tortious conduct because the deputies were acting pursuant to duties imposed by law rather than by the County. Ariz. Rev. Stat. § 11–441(A)(2) ("The sheriff shall . . . [a]rrest and take before the nearest magistrate for examination all persons who attempt to commit or who have

committed a public offense."). In *Fridena v. Maricopa County*, 504 P.2d 58, 61 (1972), the Arizona Court of Appeals held that Maricopa County, "having no right of control over the Sheriff or his deputies in service of [a] writ of restitution, [could] not [be held] liable under the doctrine of *respondeat superior* for the Sheriff's torts." Plaintiffs argue that the deputies were acting pursuant to a County custom, pattern, or policy that amounted to a constitutional violation (Doc. 19 at 3), but this is the legal standard for bringing a § 1983 municipal liability claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), not a state law wrongful death claim.

The County's supervisory authority over its officers is clearly delineated at Arizona Revised Statutes § 11–251, and does not encompass any power over the Sheriff's statutorily mandated duty to arrest those persons who have committed a public offense. Thus, the County cannot be held liable for the deputies' conduct under the doctrine of *respondeat superior*, and the state law wrongful death claim against the County must be dismissed. *See Fridena*, 504 P.2d at 61–62; *Figueroa v. Dupnik*, No. CV 09-286-TUC-RCC, 2009 WL 10673388, at *2 (D. Ariz. July 20, 2009) (finding that a county cannot be vicariously liable for state law torts committed by sheriff's deputies); *Ochser v. Maricopa Cnty.*, No. CV 05-2060PHXRCB, 2007 WL 1577910, at *2 (D. Ariz. May 31, 2007) (same).

Accordingly, the wrongful death claim against the County will be dismissed.

**VI. Individual Capacity – Defendant Nanos**

Finally, Defendants argue that Defendant Nanos should be dismissed in his individual capacity because there is no evidence that he was personally involved in the events underlying Plaintiffs' claims. (Doc. 15 at 8.)

There is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a constitutional claim, a plaintiff must allege some affirmative link or connection between a defendant's actions and the alleged violation. *See Rizzo v. Goode*,

423 U.S. 362, 371-72, 377 (1976). A plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. But where a plaintiff seeks to hold a supervisory official individually liable based on a policy, the Ninth Circuit has explained that

> [w[hen a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur. Claims against such supervisory officials, therefore, do not fail on the state of mind requirement, be it intent, knowledge, or deliberate indifference. *Iqbal* itself supports this holding. . . . Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability, no matter what the required mental state, so long as the policy proximately causes the harm—that is, so long as the plaintiff's constitutional injury in fact occurs pursuant to the policy.

*OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012). To state a claim under this principle, a plaintiff must plausibly allege that (1) the defendant "promulgate[d], implement[ed], or in some other way possesse[d] responsibility for the continued operation of" the policy and (2) the constitutional violation "occurred pursuant to that policy." *Id.* (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted). "To show ratification, a plaintiff must allege that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" *Id.* at 1239 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

In this case, Plaintiffs allege that Defendant Nanos failed to properly train, manage, and supervise the deputies "with respect to their interaction with people under stressful circumstances [and] to de-escalate such stressful circumstance," failed to "have in place reasonable policies and procedures regarding the use of force," failed to properly train deputies in the proper use of force, and ratified the deputies' wrongful conduct. (Doc. 14 ¶¶ 76, 107, 108.) Plaintiffs also alleged that Defendant Nanos has a policy of not requiring deputies to wear body cameras, which has led to deputies being "less vigilant about their duties to the community" and "not constrained to act as reasonabl[y] prudent law enforcement officers would act." (Doc. 14 ¶ 61.)

Taking these facts as true, Plaintiffs have plausibly alleged facts linking Defendant Nanos' alleged conduct to the constitutional violations. Federal Rule of Civil Procedure 8(a) calls for a "*short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the allegations in a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Plaintiffs have satisfied this requirement with respect to their claims against Defendant Nanos in his individual capacity. At this stage of the proceedings, where Plaintiffs are only required to provide Defendants notice of the basis of their claims, Plaintiffs have sufficiently alleged claims against Defendant Nanos in his individual capacity based on his alleged decisions regarding body cameras and training in use-of-force and de-escalation. At this time, Plaintiffs have sufficiently alleged facts to show that Defendant Nanos promulgated policies that led to the constitutional violations such that he can be held liable in his personal capacity.

Accordingly, the Motion to Dismiss will be denied as to the individual capacity claims against Defendant Nanos.

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. 15) is **denied** as to the claims against Defendant Nanos, and the Motion to Dismiss (Doc. 15) is otherwise **granted**.

(2) Plaintiffs Jerlene Jones and George Preston Lewis are **dismissed** from the action.

(3) Plaintiffs Helen Stricklen and Ralph Rust Stricklen are **dismissed from Counts One, Two, Three, and Four**, and their only remaining claim is Count Five (property damage).

(4) The only remaining Plaintiffs in Count One (excessive force) are Anna Christine Lewis and Bradley Lewis, as Personal Representatives of The Estate of Bradley Alexander Lewis.

(5) Pima County is **dismissed** from Count Three (wrongful death).

(6) The remaining claims are: (1) Counts One (excessive force) and Two (substantive due process) against Defendant Pima County, Defendant Nanos in his official and individual capacities, and Defendants Caudillo and Moseley; (2) Count Three (wrongful death) against Defendants Nanos, Caudillo, and Moseley; and (3) Counts Four (loss of consortium) and Five (property damage) against all Defendants.

(7) The parties' Joint Motion Pursuant to LRCiv 7.2(n) (Doc. 21) is **denied as moot**.

Dated this 22nd day of December, 2022.

Honorable Rosemary Márquez
United States District Judge