**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anna Christine Lewis, et al.,

Plaintiffs,

v.

Chris Nanos, et al.,

Defendants.

No. CV-21-00557-TUC-RM

**ORDER**

On February 9, 2023, a telephonic Case Management Conference was held before Judge Márquez's law clerk, with Eduardo Coronado for Plaintiff and Daryl Audilett for Defendant in attendance. Prior to the Conference, the parties prepared a Joint Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. On the basis of the Conference and the Joint Case Management Report, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED:**

1. Initial Disclosures. The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **February 17, 2023**.
2. Joining Parties and Amending Pleadings. The deadline for joining parties and amending pleadings is **April 14, 2023**. Amended pleadings must comply with Fed. R. Civ. P. 15.
3. Expert Disclosures. The deadline for disclosure of Plaintiff's initial expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) is **July 11, 2023**. The

deadline for disclosure of Defendant's initial expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) is **August 15, 2023**. Disclosure of rebuttal expert testimony shall be completed no later than **September 12, 2023**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

4. Discovery. All discovery, including depositions of parties and witnesses, shall be completed by all parties no later than **September 29, 2023**. Written discovery must be served sufficiently in advance of this deadline to allow time for the opposing party to answer and for the requesting party to complete any additional discovery made necessary by the answers.

   a. Pursuant to Rule 5.2 of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv"), the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures.

   b. Discovery shall be governed by the limitations set forth in the Federal Rules of Civil Procedure. Leave of Court is required for any divergence from the Federal Rules.

   c. Notwithstanding LRCiv. 7.3, the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed-upon extensions shall not alter or extend the deadlines set forth in this Order.

   d. The parties shall not file written discovery motions without leave of Court. In the event of a dispute over discovery matters, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. *See* LRCiv. 7.2(j). If a discovery dispute cannot be resolved despite the parties' sincere efforts, counsel should jointly call the Judge's law clerk at (520) 205-4624 and provide a brief summary of the dispute

and the party's respective positions. Depending upon the nature of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall comply with LRCiv. 7.2(j). Absent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

e. The parties and counsel are reminded of their duty under Fed. R. Civ. P. 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.

5. Dispositive Motions. Motions for summary judgment shall be filed on or before **October 27, 2023**.

a. All motions, memoranda, and pleadings submitted for the Court's review and decision must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules. The parties are advised to pay particular attention to LRCiv. 7.2 and 56.1. Non-compliance with the Local Rules or failure to timely file required answering memoranda may result in the summary disposition of a motion pursuant to LRCiv. 7.2(i).

b. Absent leave of Court, each party shall file no more than one motion for summary judgment under Fed. R. Civ. P. 56.

c. Any filing which is submitted with more than one exhibit must be accompanied by a Table of Contents and indexed with tabs corresponding to the Table of Contents.

d. Notwithstanding the provisions of the "Policy on Courtesy Copies for Chambers" in Section II(D)(3) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the parties

shall not submit paper courtesy copies of electronically filed documents to chambers unless specifically ordered by the Court to do so. If the Court orders the submission of paper courtesy copies, the copies should be printed directly from CM/ECF.

6. Good Faith Settlement Negotiations. The parties are encouraged to discuss settlement at all times during the pendency of this litigation. The Court will set a settlement conference before a Magistrate Judge upon request of the parties. Counsel shall file a brief Joint Settlement Status Report (containing no specific settlement terms or offers) on or before **July 11, 20232**, and every **sixty (60) days** thereafter. The parties shall promptly notify the Court if settlement is reached during the course of this litigation.

7. Joint Proposed Pretrial Order. A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after resolution of any summary judgment motions filed. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **November 15, 2023**. The content of the Joint Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Preparation and filing of the Proposed Final Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties must exchange drafts of the Joint Proposed Final Pretrial Order at least **fourteen (14) days before the submission deadline.** The Plaintiff(s) must initiate communications concerning the Joint Proposed Final Pretrial Order.

a. Pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not (a) disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, and (b) listed in the Proposed Final Pretrial Order,

unless the offering party can show good cause as to why such party failed to comply with these requirements.

b. The parties must exchange exhibits to be used at trial at least **fourteen (14) days** before the submission deadline for the Joint Proposed Final Pretrial Order. Any exhibit not marked and exchanged at this meeting may be precluded at trial. The exhibits must be numbered and marked in accordance with the instructions found at www.azd.uscourts.gov under "Judges' Information/Orders, Forms & Procedures/Standard Procedures Used by All Tucson Judges." The exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Final Pretrial Order.

8. Final Pretrial Conference. The parties who will be trying the case shall appear at the Final Pretrial Conference, to be set by later Order of the Court.

9. Sanctions for Failure to Meet Deadlines. The parties and their counsel are cautioned that the deadlines set in this Scheduling Order shall be strictly enforced and may be modified only for good cause and with leave of Court. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal or Local Rules without substantial justification may result in sanctions, including dismissal of the action or entry of default. Motions for extensions of any of the deadlines set forth above must be filed prior to the expiration of the deadline(s) that the movant seeks to extend.

Dated this 13th day of February, 2023.

Honorable Rosemary Márquez
United States District Judge