*AUDILETT LAW PC*
335 NORTH WILMOT RD SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

*HUMPHREY & PETERSEN, PC*
6063 E. GRANT ROAD
TUCSON, ARIZONA 85712
(520)-795-1900

Andrew J. Petersen, State Bar No. 016699
Email: APetersen@humphreyandpetersen.com
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>NOTICE OF SUPPLEMENTAL LEGAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. 87) OF ORDER ON MOTION FOR SUMMARY JUDGMENT (DOC. 85)<br><br>(Oral Argument Requested)<br>(The Honorable Rosemary Márquez) |

Defendants respectfully bring to this Court's attention the December 10, 2024, Ninth Circuit three-judge panel majority opinion in *Napouk v. Las Vegas Metropolitan Police Department*, --- F.4th ---- (2024), 2024 WL 5051193. The Ninth Circuit majority in *Napouk* held that the police officers' shooting a man armed with a non-deadly object while advancing

towards officers was objectively reasonable, and that the officers were entitled to qualified immunity.

In *Napouk*, although the suspect was armed with a non-deadly object, that object could be reasonably mistaken for a deadly object. And importantly, the *Napouk* suspect was advancing on the officers at the time that he was shot. These facts and circumstances align precisely with the facts and circumstances that Deputy Caudillo faced in making his split-second decision to shoot Bradley Alexander Lewis as Lewis was advancing towards Deputy Caudillo with a black object in his hand.

The Ninth Circuit majority in *Napouk* found the officers' conduct to be reasonable as a matter of law. (See discussion of *Graham v. Connor* factors at *Napouk*, *5 through *10.) The *Napouk* majority's discussion of the *Graham v. Connor* factors applies equally to those factors, facts and circumstances faced by Deputy Caudillo and discussed in Defendants' Motion for Summary Judgment and Motion for Reconsideration.

Among the several *Graham v. Connor* factors discussed, the *Napouk* majority also focused on the body of caselaw holding that "Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of an immediate threat, and in those situations, courts will not hold that they have violated the Constitution." (Citing, *Est. of Strickland v. Nevada County*, 69 F.4th 614, 621 (9th Cir. 2023).) The *Napouk* majority cited *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) for the proposition "When an officer's use of force is based on a mistake of fact, we ask whether a reasonable officer would have or *should* have accurately perceived that fact." And "Whether the mistake was an *honest* one is not the

concern, only whether it was a *reasonable* one." (Citing *S.R. Nehad v. Browder*, 929 F.3d 1125, 1133 (9th Cir. 2019).) See, *Napouk, supra*, at *4.

The *Napouk* majority's analyses of the facts and law support a finding that Deputy Caudillo's conduct was objectively reasonable. Mr. Lewis had previously threatened two people with a black handgun. A department-wide probable cause alert was issued for his arrest. Just before the shooting, Mr. Lewis, sitting in his truck, refused to comply with demands to surrender. He drove away fast and dangerously. He stopped, and instead of running away, he advanced at Deputy Caudillo while holding a black object. Deputy Caudillo, aware of Mr. Lewis's prior deadly threat with a black handgun, reasonably believed the black object to be a gun. Deputy Caudillo had split-second decisions to make. Deputy Caudillo shot Mr. Lewis, who landed just a few feet away from Deputy Caudillo.

The *Napouk* majority held that although the officers' conduct did not violate the Fourth Amendment, even if it did, they would be entitled to qualified immunity. The *Napouk* majority's qualified immunity analysis supports qualified immunity in favor of Deputy Caudillo. The *Napouk* analysis noted Plaintiffs' failure to show that "the (constitutional) right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." (Citing *Kisela v. Hughes*, 584 U.S. 100, 105 (2018).) See, *Napouk, supra* at *10. *Napouk's* qualified immunity analysis applies to the case at bar.

The *Napouk* majority distinguished several cases that Plaintiffs argued clearly established that deadly force was unreasonable. (*Napouk, supra*, *10.) Those cases were

distinguishable because in *Napouk* the suspect was advancing toward the officers, and in the cases proffered by Plaintiffs none of the suspects were advancing toward the officers. (Id.) This sensible distinction drawn by the *Napouk* majority, and found to be dispositive, applies to Deputy Caudillo's justification in shooting Mr. Lewis, who was advancing on Deputy Caudillo while holding what Deputy Caudillo reasonably believed to be a black handgun.

In *Napouk*, on the state law claims for negligence and battery, the *Napouk* majority also decided that when the officers shot Mr. Napouk, they were exercising their discretionary function, entitling them to Nevada's statutory discretionary immunity. (*Napouk, supra, *12*.) That is consistent with Arizona's common law qualified immunity for the discretionary acts of a police officer. (See, *Spooner v. City of Phoenix*, 246 Ariz. 119 (2018) (officers are entitled to statutory immunity under ARS § 12-820.05(A) and common law).)

**CONCLUSION**

The Ninth Circuit majority's opinion in *Napouk v. Las Vegas Metropolitan Police Department*, --- F.4th ---- (2024), 2024 WL 5051193, is instructive and dispositive of the issues raised in Defendants' Motion for Summary Judgment and Motion for Reconsideration of the Court's Order denying the Motion for Summary Judgment. Defendants respectfully request that the Motion for Reconsideration be granted and that the Motion for Summary Judgment be granted.

///

DATED this 17th of December, 2024.

*AUDILETT LAW PC*

/s/ Daryl Audilett

___________________________________
Daryl A. Audilett
Attorney for Defendant Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
Attorney for Plaintiffs

Andrew J. Petersen, Esq.
HUMPHREY & PETERSEN, PC
6063 E. Grant Road
Tucson AZ 85712
Co-counsel for Defendants Nanos, Caudillo, Moseley and Pima County

By /s/ Karen Audilett