**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anna Christine Lewis, et al.,

Plaintiffs,

v.

Chris Nanos, et al.,

Defendants.

No. CV-21-00557-TUC-RM

**ORDER**

Pending before the Court is Plaintiff's Motion to Reopen Case and Set Status Conference Following Remand. (Doc. 94.) On February 18, 2025, Defendants initiated an interlocutory appeal of this Court's September 27, 2024 Order denying summary judgment based upon qualified immunity. (Doc. 90.) On February 26, 2026, the Ninth Circuit Court of Appeals' Mandate was issued, affirming this Court's decision. (Doc. 93.)

Plaintiffs request that the Court set a status conference to "establish a schedule for further proceedings, including potential supplemental discovery (if necessary), pretrial motion deadlines, settlement conference scheduling, and trial scheduling." (Doc. 94 at 2.) Defendants respond only to state that they oppose any further discovery. (Doc. 95.) Plaintiffs do not present any argument as to why supplemental discovery is necessary, and the Court will therefore not reopen discovery at this time.

Moreover, the Court does not find that a status conference is necessary to progress the above-captioned matter, and will instead require the parties to file a Joint Proposed Pretrial Order within thirty days of the date this Order is filed. After the parties have filed

the Joint Proposed Pretrial Order, the Court will issue an Order setting a pretrial conference and establishing motion in limine and other trial-related deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case and Set Status Conference Following Remand (Doc. 94) is **denied** to the extent it request a status conference at this time.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** of the date this Order is filed. The content of the Joint Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Preparation and filing of the Joint Proposed Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties must exchange drafts of the Joint Proposed Pretrial Order at least **fourteen (14) days before the submission deadline**. Plaintiff must initiate communications concerning the Joint Proposed Pretrial Order.

a. Pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not (a) disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, and (b) listed in the Joint Proposed Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

b. The parties must exchange exhibits to be used at trial at least **fourteen (14) days** before the submission deadline for the Joint Proposed Pretrial Order. Any exhibit not marked and exchanged at this meeting may be precluded at trial. The exhibits must be numbered and marked in accordance with the instructions found at www.azd.uscourts.gov under "Judges' Information/Orders, Forms & Procedures/Standard Procedures Used by All Tucson Judges." The exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Pretrial Order.

Dated this 10th day of April, 2026.

Honorable Rosemary Márquez
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ,<br><br>Plaintiff,<br><br>v.<br><br>,<br><br>Defendant. | No.<br><br>**JOINT PROPOSED FINAL PRETRIAL ORDER** |

The following is the Joint Proposed Final Pretrial Order to be considered at the Pretrial Conference.

**A. TRIAL COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

Include mailing addresses, office phone numbers, fax numbers, and email addresses.

**B. STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(*E.g.*: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Jurisdiction is (not) disputed.)

**C. STIPULATIONS AND UNCONTESTED FACTS AND LAW**

1. List all material facts that are admitted by the parties and will require no proof.
2. List all material facts that, although not admitted, will not be contested at

trial by evidence to the contrary.

3. List all issues of law that are uncontested and stipulated to by the parties.

**D. CONTESTED ISSUES OF FACT AND LAW**

1. List all material issues of fact to be tried and decided, stating each issue of fact separately and setting forth, in specific terms, each party's contention with respect to the issue of fact.

   (*E.g.*: Factual Issue # 1: Whether Plaintiff used due care in crossing the road.

   Plaintiff Contends: Plaintiff looked both ways before crossing the street…. Defendant Contends: Plaintiff ran into the street without looking….)

2. List all issues of law to be determined, stating each issue of law separately and setting forth, in specific terms, each party's contention with respect to the issue of law.

   (*E.g.*: Legal Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches. Plaintiff Contends:…. Defendant Contends:….)

**E. LISTS OF WITNESSES**

Each party shall separately list the names (and, if not previously disclosed, the telephone numbers and addresses) of witnesses, separately identifying those that the party expects to present at trial and those it may call if the need arises. For each witness, state whether the witness is a fact or expert witness and provide a brief description of the witness's testimony.

**F. LISTS OF EXHIBITS**

1. Provide a numbered list of all exhibits that the parties agree are admissible in evidence. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.
2. Provide a numbered list of all exhibits for which the parties have reached

stipulations, including a brief description of the stipulation reached. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

3. Provide a numbered list of all exhibits objected to by the party against whom the exhibit is to be offered. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those items that the party expects to offer and those it may offer if the need arises.

   (*E.g.*: Plaintiff's Exhibit 1 – City Hospital records of Plaintiff from March 1, 2010 to March 22, 2010. Plaintiff expects to offer exhibit at trial. Defendant objects for lack of foundation because…. (the objection must specify the grounds for the objection.))

4. The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections to exhibits not specifically raised herein are waived."

**G. DEPOSITIONS TO BE OFFERED**

1. List the depositions that may be used at trial, identifying by page and line number the portions that will be read or submitted and whether any such portions are objected to. If the party against whom a deposition will be offered objects to the use of any portion of the deposition, succinctly state the grounds for the objection and the offering party's position. Additionally, the party offering the deposition shall provide the Court with a hard copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided, and such copy shall contain each party's highlighting

(each party should use a different color).

2. The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause, and that any objections not specifically raised herein are waived."

## H. MOTIONS *IN LIMINE* AND *DAUBERT* MOTIONS

Motions *in limine* and *Daubert* motions shall be filed separately in accordance with the instructions contained in the Order Setting Pretrial Conference.

## I. LIST OF ANY PENDING MOTIONS

List all pending motions, if any.

## J. ESTIMATED LENGTH OF TRIAL

___ hours for opening statements

___ hours for Plaintiff's case

___ hours for Defendant's case

___ hours for rebuttal

___ hours for closing arguments

## K. FOR A BENCH TRIAL

Proposed findings of fact and conclusions of law shall be filed by each party in accordance with the instructions contained in the Order Setting Pretrial Conference.

## L. FOR A JURY TRIAL

A stipulated description of the case, proposed *voir dire* questions, proposed jury instructions, and proposed forms of verdict shall be filed in accordance with the instructions contained in the Order Setting Pretrial Conference.

## M. CERTIFICATION

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered, and (c) has been disclosed and shown to opposing counsel.
4. The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).
5. The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**N. ADOPTION**

The Court may adopt this Proposed Joint Final Pretrial Order at the Pretrial Conference or subsequent hearing.

DATED this _______ day of _________________, 20__.

**APPROVED AS TO FORM AND CONTENT**

______________________________ ______________________________

Attorney for Plaintiff Attorney for Defendant