*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email: APetersen@humphreyandpetersen.com

Andrew J. Petersen, State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND TIME TO SUBMIT JOINT PRETRIAL REPORT (DOC. 97)<br><br>(The Honorable Rosemary Márquez) |

Defendants respond to Plaintiffs' Motion to Extend Time to Submit Joint Pretrial Report (Doc. 97) as follows.

There are still ten days until the Joint Proposed Pretrial Order is due, on May 11, 2026. This is more than enough time to complete the draft. Plaintiffs' counsel agreed in a recent phone call to use Defense counsel's draft as the working draft. The draft is mostly completed.

The only tasks left to complete are the following:

(a) Add Plaintiffs' witnesses and exhibits to Defense counsel's draft;

(b) Identify which Uncontested Facts that Plaintiffs' counsel wants moved to the Contested Facts section; wherein each party states its contention;

(c) Each side to make their objections to opposing side's exhibits.

These tasks can easily be completed in 8-10 hours by each side.

There is no need for a 30-day extension from the May 11 due date. There is no need for any extension of any time at all.

Below is a description of the extensive work completed so far on the JPPTO.

1. The Court's Order was dated April 10, 2026 (Doc. 96) and ordered that the parties *exchange drafts* of the Joint Proposed Pretrial Order (JPPTO) at least 14 days before (on or before April 27, 2026) the submission deadline of 30 days from the Order (May 11, 2026).

2. The Court's Order stated the parties were to exchange exhibits to be used at trial at least fourteen days before the submission deadline. The Order stated the exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Pretrial Order.

3. The Court's Order stated Plaintiff must initiate communications concerning the JPPTO.

4. Defense counsel immediately started preparing a draft of the JPPTO.

5. Having heard nothing from Plaintiffs' counsel, undersigned counsel called Mr. Coronado on April 15, 2026. Mr. Coronado stated he had not yet seen the Court's Order but that he would start working on the JPPTO. The discussion included the deadlines for

exchanging drafts and for submitting the final JPPTO, on April 27, 2026 and May 11, 2026. The discussion included a proposed numbering system for exhibits, with Plaintiff starting at 1 and Defendants starting at 200.

6. On April 21, with Mr. Coronado's permission, undersigned counsel's office contacted the Court's law clerk and courtroom deputy by email, and it was confirmed by 4-22-26 the defense exhibits could start at Exhibit 200.

7. On April 23, Mr. Coronado's office sent by email a draft of the JPPTO. The email stated they would still have to confer about which pages and lines of the depositions they intended to use. They also sent by email a Seventh Supplemental Disclosure with 3 exhibits listed, including a "Rule 26 report" by an animator witness they had previously disclosed; the previous disclosure included only images from the animator.

8. On April 26, 2026, undersigned counsel sent Mr. Coronado a more detailed and comprehensive draft of the JPPTO. Defense counsel's draft greatly expanded the Uncontested Facts and Contested Facts categories in order to more completely capture the facts and circumstances that led up to the Pima County Sheriff's Department's efforts to track down Lewis and take him into custody. Having reviewed Plaintiffs' draft, undersigned counsel also sent a very detailed email regarding "Issues of law to be determined," discussing the post-MSJ narrowing of the legal issues, parties, and claims remaining in the case. This email was necessitated by statements in Mr. Coronado's draft of the JPPTO wherein he described claims and parties that had been dismissed from the action on summary judgment, and listed witnesses and exhibits relevant to those dismissed claims and parties. Mr.

Coronado was urged to review the defendants' draft for what legal claims and parties remained after summary judgment.

9. Defense counsel has listed 412 individual exhibits in the JPPTO. A large portion of those 412 exhibits are items that can only be used for impeachment or to refresh recollection. These items are listed in the "will offer if necessary" section of the exhibit list. Normal courtroom practice requires any such document handed to a witness for those purposes be marked with an exhibit sticker. Therefore, Defense counsel gave numbers to all the numerous and voluminous investigation reports, the numerous expert reports and exhibits thereto, and the numerous depositions of witnesses. These items are not admissible as substantive evidence to go to the jury, but they are allowed to be used to impeach or refresh recollection, which frequently requires the document to be handed to the witness, and so they must be listed as exhibits and marked as exhibits.

10. The defense exhibits were listed by Bates number and description in Defendants' draft of the JPPTO sent to Plaintiffs on April 26, 2026. A Dropbox of Defendants' individual trial exhibits, with 7 additions, was sent to Plaintiffs' counsel on April 29, 2026. The file names on the actual exhibit images in the Dropbox reflected the Defendants' exhibit numbers, Nos. 200 through 611.

11. On Monday, April 27, undersigned counsel requested a phone conference with Mr. Coronado, and a time was set for Tuesday, April 28 at 1:00 p.m. During the call on Tuesday, April 28, undersigned counsel reiterated his concerns as set out in the 4-26-26 email that Plaintiffs' draft included parties, claims, and issues that had already been dismissed. At

the time of the phone conference Mr. Coronado had not reviewed the Defendants' draft of the JPPTO or the email, but said he would review them. Undersigned counsel volunteered to add a section to the defendants' draft of Stipulated/Uncontested Issues of Law.

12. On Thursday April 30, undersigned counsel sent a second draft of the JPPTO, stating this draft contained the additional section on Stipulated/Uncontested Issues of Law, and a more accurate list of Defendants' trial exhibits, some minor corrections having been made, and with the addition of the seven exhibits described above. The email referred to the Dropbox of exhibits sent the evening before. Many of Plaintiffs' exhibits are listed in their draft JPPTO are listed in groups and are not all individually numbered as required by the court.

Regarding Plaintiffs' counsel's comment that Defendants' version contained little or nothing of what Plaintiff had sent on April 25, Plaintiffs' counsel was free to copy and paste their witnesses and exhibits into Defendants' Word document version. In defense counsel's draft, each sentence/paragraph in the Uncontested Facts section is separately numbered, much like the separately numbered statement of facts for a motion for summary judgment. Defense counsel has requested multiple times that if Plaintiffs' counsel does not agree to a specific numbered sentence/paragraph, that Plaintiffs' counsel provide a list of the numbers of defendants' uncontested facts to which he does not agree, and those would be moved into the section on Contested Facts.

Regarding the number of witnesses, Defendants have listed 7 sheriff's officers who were at the scene, one sheriff's detective that investigated a prior AWDW incident, one chief

investigator of the incident, two neighbor witnesses, the four Plaintiffs, and three expert witnesses, as their Will Call witnesses. Except for the defense experts, it is probable Plaintiffs' counsel will call most of these witnesses in their case in chief, and defense counsel will examine them at that time.

Plaintiffs' counsel's claim of having to review numerous, lengthy depositions is puzzling. Presumably he is talking about designating portions of the depositions to read to the jury at trial. It is possible that Plaintiffs' counsel is unaware that in Federal Court (unlike in Arizona Superior Court) the deposition of an opposing party can be used that way, but the depositions of other witnesses cannot be used that way unless the witness falls within one of the exceptions found in F.R.Civ.P. 32 (a) (4). Defense counsel is unaware of any witness that fits those exceptions.

Plaintiffs' counsel's office sent an email at 4:00 p.m. yesterday, asking for counsel's position on their motion. Undersigned counsel was out of the office. The motion was filed at 6:40 p.m.

CONCLUSION

The Joint Proposed Pretrial Order is largely complete. Very little additional time and effort is required to complete it, at most 8-10 hours by each side.

///

DATED this 1st of May, 2026.

*AUDILETT LAW PC*

/s/ Daryl Audilett

_______________________________
Daryl A. Audilett
Attorney for Defendant Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett