*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email: APetersen@humphreyandpetersen.com

Andrew J. Petersen, State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND TIME TO SUBMIT JOINT REPORT (Doc. 100)<br><br>(The Honorable Rosemary Márquez) |

Defendants, by and through undersigned counsel, respond to Plaintiffs' Motion to Extend Time to Submit Joint Report (Doc. 100) as follows.

Plaintiffs' counsel's statement that he has been "actively working with Defendants and exchanging drafts of the joint proposed pretrial order" is patently false. Plaintiffs' counsel has only ever sent one draft on April 23, 2026, and has never initiated conversation or a draft

after that. Undersigned counsel sent an initial defendants' draft on April 26, 2026. Even after agreeing in a phone conference on Tuesday, April 28 to use Defendants' draft of the pretrial order as a starting point and working draft, Plaintiffs' counsel has not responded to any of the defendants' drafts of the pretrial that have been sent to him for review. The drafts were labeled Audilett 1 through Audilett 5. Each draft was accompanied by an email setting forth what sections had been worked on. Several of the drafts were necessitated by adding Plaintiffs' portions from their one draft because Plaintiffs' counsel was not doing that. Changes were bolded if it wasn't obvious what changes were made. Obvious changes were whole sections, like adding all Defendants' objections to Plaintiffs' 106 exhibits. The drafts were sent in WORD to make it easy for Plaintiffs' counsel to edit, revise, add, subtract, or move language around into different sections. Plaintiffs' counsel did not communicate at all in response to those drafts, not even after he was granted a two-week extension.

Plaintiffs' counsel's statement that we are on the fifteenth draft is false. There has been one Plaintiffs' draft. There has been five Defendants' drafts, all prepared and revised by Defense counsel and submitted to Plaintiffs' counsel for review, with no response from Plaintiffs' counsel, not even after he was granted a two-week extension.

Plaintiffs' counsel's statement that the latest version was sent to him today (May 26, 2026) at 1:27 a.m. is false. Draft Audilett 5 was emailed to Plaintiff's counsel yesterday afternoon at 2:10 p.m. (May 25, 2026 on Memorial Day). The accompanying email detailed the changes, almost exclusively made to Defendants' Objections to Plaintiffs' exhibits, and stated if Plaintiffs' counsel was working on Draft 4, that defense counsel's office could

incorporate the listed changes. There was no response.

Plaintiffs' counsel's statement that he had "reached out to Defendants to inquire about his position on the extension and has not received a response" is false. Plaintiffs' counsel's office "reached out" via email at 11:29 a.m. today; undersigned counsel responded via email at 12:45 p.m., and Plaintiffs' counsel filed their motion at 2:26 p.m. Plaintiffs' counsel had received a response before they filed their motion.

Defendants are prejudiced by Plaintiffs' counsel's repeated failures to cooperate and to engage in the preparation of the Joint Proposed Pretrial Statement, even after the first two-week extension was granted.

*Defendants respectfully request* that the Court order Plaintiffs' counsel to provide to defense counsel by a specific date and time certain, all Plaintiffs' counsel's desired changes to the latest version of the pretrial including edits, revisions, additions, and subtractions. Defendants further request that Defendants be granted at least five business days to incorporate those changes into the pretrial document. Defendants further request that the Court order Plaintiffs' counsel, upon thereafter receiving Defendants' "Audilett 6 draft" to immediately respond to that draft and to actively participate in finalizing the proposed pretrial order for filing with the Court.

Included below for the record is a chronology of events:

**I. Below is a description of the work completed on the Joint Proposed Pretrial Order (JPPTO) from the date of the Court's original Order (Doc. 96) to the time of the**

**Court's Order (Doc. 99, 5-7-26) granting Plaintiffs' Motion to Extend time to Submit Joint Pretrial Report, allowing an extension of 15 days to May 26, 2026.**

1. The Court's Order was dated April 10, 2026 (Doc. 96) and ordered that the parties *exchange drafts* of the Joint Proposed Pretrial Order (JPPTO) at least 14 days before (on or before April 27, 2026) the submission deadline of 30 days from the Order (May 11, 2026).

2. The Court's Order stated the parties were to exchange exhibits to be used at trial at least fourteen days before the submission deadline. The Order stated the exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Pretrial Order.

3. The Court's Order stated Plaintiff must initiate communications concerning the JPPTO.

4. Defense counsel immediately started preparing a draft of the JPPTO.

5. Having heard nothing from Plaintiffs' counsel, undersigned counsel called Mr. Coronado on April 15, 2026. Mr. Coronado stated he had not yet seen the Court's Order but that he would start working on the JPPTO. The discussion included the deadlines for exchanging drafts and for submitting the final JPPTO, on April 27, 2026 and May 11, 2026. The discussion included a proposed numbering system for exhibits, with Plaintiff starting at 1 and Defendants starting at 200.

6. On April 21, with Mr. Coronado's permission, undersigned counsel's office contacted the Court's law clerk and courtroom deputy by email, and it was confirmed by 4-22-26 the defense exhibits could start at Exhibit 200.

7. On April 23, Mr. Coronado's office sent by email a draft of the JPPTO. The email stated they would still have to confer about which pages and lines of the depositions they intended to use. They also sent by email a Seventh Supplemental Disclosure with 3 exhibits listed, including a "Rule 26 report" by an animator witness they had previously disclosed; the previous disclosure included only images from the animator.

8. On April 26, 2026, undersigned counsel sent Mr. Coronado a more detailed and comprehensive draft of the JPPTO (Audilett 1). Defense counsel's draft greatly expanded the Uncontested Facts and Contested Facts categories in order to more completely capture the facts and circumstances that led up to the Pima County Sheriff's Department's efforts to track down Lewis and take him into custody. Having reviewed Plaintiffs' draft, undersigned counsel also sent a very detailed email regarding "Issues of law to be determined," discussing the post-MSJ narrowing of the legal issues, parties, and claims remaining in the case. This email was necessitated by statements in Mr. Coronado's draft of the JPPTO wherein he described claims and parties that had been dismissed from the action on summary judgment, and listed witnesses and exhibits relevant to those dismissed claims and parties. Mr. Coronado was urged to review the defendants' draft for what legal claims and parties remained after summary judgment.

9. Defense counsel has listed 415 individual exhibits in the JPPTO. A large portion of those 415 exhibits are items that can only be used for impeachment or to refresh recollection. These items are listed in the "will offer if necessary" section of the exhibit list. Normal courtroom practice requires any such document handed to a witness for those

purposes be marked with an exhibit sticker. Therefore, Defense counsel gave numbers to all the numerous and voluminous investigation reports, the numerous expert reports and exhibits thereto, and the numerous depositions of witnesses. These items are not admissible as substantive evidence to go to the jury, but they are allowed to be used to impeach or refresh recollection, which frequently requires the document to be handed to the witness, and so they must be listed as exhibits and marked as exhibits.

10. The defense exhibits were listed by Bates number and description in Defendants' draft of the JPPTO sent to Plaintiffs on April 26, 2026. A Dropbox of Defendants' individual trial exhibits, with 7 additions, was sent to Plaintiffs' counsel on April 29, 2026. The file names on the actual exhibit images in the Dropbox reflected the Defendants' exhibit numbers, Nos. 200 through 611. (Now 200 through 615.)

11. On Monday, April 27, undersigned counsel requested a phone conference with Mr. Coronado, and a time was set for Tuesday, April 28 at 1:00 p.m. During the call on Tuesday, April 28, undersigned counsel reiterated his concerns as set out in the 4-26-26 email that Plaintiffs' draft included parties, claims, and issues that had already been dismissed. At the time of the phone conference Mr. Coronado had not reviewed the Defendants' draft of the JPPTO or the email, but said he would review them. Undersigned counsel volunteered to add a section to the defendants' draft of Stipulated/Uncontested Issues of Law.

12. On Thursday April 30, undersigned counsel sent a second draft of the JPPTO (Audilett 2) via email, stating this draft contained the additional section on Stipulated/Uncontested Issues of Law, and a more accurate list of Defendants' trial exhibits,

some minor corrections having been made, and with the addition of the seven exhibits described above. The email referred to the Dropbox of exhibits sent the evening before.

13. On Monday, May 4, defense counsel sent to plaintiffs' counsel a third draft of the JPPTO (Audilett 3), having inserted Plaintiffs' witness list from Plaintiffs' 4-23-26 draft of the JPPTO, and having inserted Plaintiffs' exhibit list from the 4-23-26 draft, and having inserted Defendants' objections to Plaintiffs' listed exhibits.

**II. Work done on the JPPTO after the Court granted the two-week extension:**

14. On 5-7-26 undersigned counsel sent one corrected Defendants' exhibit to Plaintiffs' counsel. Plaintiffs' counsel sent a Dropbox link to Plaintiffs' trial exhibits listed in their 4-23-26 draft. These exhibits are the same as in Plaintiffs' disclosure, including large groups and multiple-folder exhibits, and referring to previously supplied flashdrives.

15. On 5-12-23 defense counsel sent to plaintiffs' counsel a fourth draft of the JPPTO (Audilett 4), having added Plaintiffs' portions from their 4-23-26 draft in Uncontested issues of law, having added Plaintiffs' contentions in several contested issues of fact, and having added a large section of Plaintiffs' 4-23-26 draft into Contested Issues of fact to be tried and decided, and adding Defendants' contentions re same. The changes were bolded. Undersigned counsel also sent a lengthy email describing the portions Plaintiffs' counsel needed to complete, and why defense counsel objected to other portions of Plaintiffs' 4-23-26 draft.

16. On Wednesday 5-13-26 Daryl Audilett sent a text to Mr. Coronado stating "Eduardo. Yesterday we sent you new draft of the JPPTO. We added the material from your

draft. Please review and get back to us." Mr. Coronado responded, "Good morning Daryl. Will do. I am on my way to Florence then to Holbrook today."

17. On Tuesday, May 19, Daryl Audilett sent a text to Mr. Coronado stating, "When can we hear from you on the pretrial order? We need to finalize it this week. We're not available to work on this over the Memorial Day holiday weekend. Please respond." Mr. Coronado responded, "Hello Daryl. I don't think I can get it to you any sooner than Monday." (Memorial Day.) Mr. Audilett asked, "Why?" and received no response.

18. On Monday, May 25, 2026, defense counsel sent an Audilett 5 draft to Plaintiffs' counsel, with an email listing the few changes, adding that if Plaintiffs' counsel was working on Audilett draft 4, undersigned counsel's office could copy those changes into the draft Plaintiffs' counsel was working on.

DATED this 26th of May, 2026.

*AUDILETT LAW PC*

/s/ Daryl Audilett

Daryl A. Audilett
Attorney for Defendant Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett