*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email:  daa@audilettlaw.com
Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email:  apetersen@humphreyandpetersen.com
Andrew J. Petersen, State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE RE SHOOTING REVIEW BOARD<br><br>(Doc. 140)<br><br>(The Honorable Rosemary Márquez) |

Defendants respond to Plaintiffs' motion entitled MOTION IN LIMINE RE: SHOOTING REVIEW BOARD (Doc. 140).  The Introduction section says Plaintiffs are moving to preclude the two Pima County Attorney letters declining to prosecute Deputy Caudillo.  But then the body of the motion turns back to the subject of the title of the motion, that is, to preclude the Shooting Review Board.

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

Defendants' Response will therefore address herein only the Shooting Review Board report. Plaintiffs have a separate Motion in Limine, Doc. 145,  that addresses the two Pima County Attorney's Office letters that determine the shooting to be justified.

Plaintiffs did not attach the Shooting Review Board report to their motion.  The Shooting Review Board report is Defendants' Trial Exhibit 439, pp. PCSD 2110-2122, attached hereto as Exhibit A.  The Board concluded:

### Conclusion

The Shooting Review Board recommends that the actions of Deputy Gilbert Caudillo #1452 be considered reasonable, and appropriate in accordance with applicable Department Rules and Regulations, policies, and procedures. Moreover, the Board concurs with the Pima County Attorney's Office in finding that Deputy Caudillo's action was justified under Arizona State Law.

Defendants agree that the Shooting Review Board document is normally not admissible in a jury trial.  However, Plaintiffs open the door to its admissibility when they pursue or suggest to the jury that PCSD was remiss or derelict when it conducted its own shooting investigation, instead of sending it to an outside agency.  Plaintiffs also open the door to its admissibility when they suggest or imply some sort of conspiracy between the Sheriff's Department (PCSD) and the Pima County Attorney's Office (PCAO).  Under those circumstances, Defendants are entitled to present evidence of the thoroughness of the investigation, the thoroughness of the Shooting Board review, and the thoroughness of the PCAO review.  This would necessarily entail the trial testimony of the Board members and

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

the trial testimony of the PCAO members.

A sense of Plaintiffs' "remiss/derelict" and "conspiracy" theories can be gleaned from Plaintiffs' counsel's deposition examination of Deputy Caudillo.  Pages 33-39 are attached hereto as Exhibit B.  Beginning at page 33, counsel begins asking Caudillo about his history with the department and any discipline.  On page 34 the questioning moves to who did other internal investigations; the answer being the Sheriff's Department and the Pima County Attorney's Office.  On page 35, the questioning moves to whether PCSD referred the investigation to any other agency. On pages 36-37 counsel asks who makes the decision to refer a specific incident to the Critical Incident Team (which is made up of multiple local agencies).  Beginning on page 38, counsel asks Caudillo about his working relationship with the Pima County Attorney's Office.  On page 39, counsel's focus shifts to the Pima County Sheriff's Department's working relationship with the Pima County Attorney's Office.

Counsel's examination suggests, and at the very least, implies that the Sheriff's Department was remiss or derelict in doing its own investigation into the Lewis shooting instead of referring it to an outside agency.  Counsel's examination further suggests, and at the very least, implies a conspiracy between PCSD and PCAO designed to ensure an outcome favorable to PCSD and to Deputy Caudillo.  If Plaintiffs' counsel is allowed to engage in this sort of examination of any witness or to make any pitch or argument of this nature, then Defendants are entitled to demonstrate to the jury the thoroughness and integrity of the investigation, the Shooting Review Board conclusion, and the County Attorney's conclusion that the shooting was justified.  In order to demonstrate that to the jury, Defendants will need

3

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

to call as witnesses the Shooting Board members and the County Attorneys involved. The Defendants will also seek admission into evidence of the Shooting Review Board report, and the two County Attorney letters to the Sheriff that confirm that the shooting was justified under Arizona law.

If Plaintiffs' counsel voluntarily refrains from, or is prohibited by the Court from, pursuing these theories of PCSD being remiss/derelict, and conspiracy between PCSD and PCAO, then Defendants agree that the Shooting Review Board report is not admissible, unless Plaintiffs' counsel manages to open the door to its admissibility in a way that Defendants have yet to perceive.

## CONCLUSION

Defendants agree that the Shooting Review Board Report (Exhibit 439) is not admissible, absent a credible argument that Plaintiffs have opened the door to its admissibility by suggesting that PCSD was remiss or derelict in not referring the shooting investigation to an outside agency, or that Plaintiffs have opened the door by suggesting some sort of conspiracy between PCSD and PCAO to ensure favorable conclusions that the shooting was justified.

DATED this 29th day of July, 2026.

*AUDILETT LAW PC*

/s/ Daryl A. Audilett

_____
Daryl A. Audilett
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

4

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

HUMPHREY & PETERSEN, P.C.

/s/  Andrew J. Petersen

_____

Andrew J. Petersen
Attorney for Defendants Nanos, Caudillo,
Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
Coronado Law Firm, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett

5