*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email:  daa@audilettlaw.com
Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email:  apetersen@humphreyandpetersen.com
Andrew J. Petersen, Esq.
State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE RE FOAMBOARD EXHIBITS<br><br>(Doc. 146)<br><br>(The Honorable Rosemary Márquez) |

Defendants respond to Plaintiffs' motion in limine for an Order from the Court "precluding Defendants, their counsel, and any witnesses from mentioning, referencing or offering evidence regarding the use of foamboard exhibits during the trial."  Plaintiffs do not identify by Trial Exhibit number from the Joint Proposed Pretrial Order what specific foamboard exhibits they are referring to.  Based on the text of the motion, Defendants assume

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

that Plaintiffs are referring to defense Trial Exhibits No. 350 and 351.  These are demonstrative exhibits designed to explain and demonstrate the law enforcement standards for evaluating and determining the reasonableness, the justification, for police use of force. They are attached here as Exhibits A and B, respectively.

Trial Exhibit 350 is a foamboard that states:

The determination of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

Except for the substitution of the word "determination" for the word "calculus", this is a direct quote from *Graham v. Connor*, 490 U.S. 386, 396-97 (1989), the leading U.S. Supreme Court pronouncement of the standard by which the reasonableness of an officer's use of force is to be determined.  The phrase "must embody allowance for" in the first line is a clear mandate. It is not just a suggestion.

Trial Exhibit 351 is a foamboard exhibit that states:

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

This is another direct quote from *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The phrase "must be judged from" is a clear mandate. It is not just a suggestion.

These foamboard exhibits are demonstrative, not substantive, exhibits.  In other words,

2

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

they are used to demonstrate and illustrate the opinions of the law enforcement experts that will testify at trial. These are not substantive exhibits that are admitted to go to the jury room during deliberations.

These two exhibits contain not just the *Graham v. Connor* legal standards, but also the operational standards that law enforcement experts utilize to evaluate a police use of force and to render their opinions in court about whether an officer's use of force was reasonable under the totality of the circumstances. When experts are examined in court about what considerations go into an evaluation of whether a use of force was objectively reasonable, these foamboards contain those considerations. No self-respecting law enforcement expert testifying in court can deny that these are the standards by which a particular police use of force is evaluated for reasonableness or justification. On direct examination a police expert explains these standards and how they apply to the facts of the case. On cross-examination the opposing expert can be questioned on how he believes these standards apply (or don't apply) to the case. If a law enforcement expert were to deny that these are the considerations and standards, then the foamboards are presented as impeachment exhibits.

Importantly, Defendants' law enforcement expert Steve Ijames utilizes these standards, and relies upon these standards in arriving at his opinions in this case. Ijames wrote in his expert report:

> "In **tense, uncertain, and rapidly evolving situations** like this law enforcement officers are at an extreme tactical disadvantage, as in split seconds they must:

3

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

- Observe the situation, that in this case was illuminated by artificial lighting-including emergency red/blue flashing lights.
- Assess what was being observed to the best of their ability.
- Consider their observations and then formulate an appropriate response to the circumstances they reasonably believe were being presented.
- Operationalize the response (act)."

(Exhibit C attached hereto; Trial Exhibit 563, Police Expert Steve Ijames' Initial Expert Report, p. 17.) (Emphasis added.)

**National Deadly Force Standards:**

In considering whether the use of deadly force in this case was consistent with generally and commonly accepted police standards and practice, the totality of circumstances should be viewed in the context of the key factors referenced under *Graham v. Connor*.

- The severity of the crime involved: The totality of circumstances outlined above and reasonably perceived would have caused a prudent, experienced, and professionally trained deputy to reasonably believe that he was facing attempted murder of a law enforcement officer.
- The immediate threat to the safety of officers or others: The totality of circumstances outlined above and reasonably perceived would have caused a prudent, experienced, and professionally trained deputy to reasonably believe that Mr. Lewis was creating an immediate deadly threat to the safety of Sergeant Caudillo and other deputies on scene.
- The suspect actively resisting seizure: The totality of circumstances outlined above and reasonably perceived would have caused a prudent, experienced, and professionally trained deputy to reasonably believe

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

that Mr. Lewis had actively resisted seizure by motor vehicle  and was actively resisting seizure while armed with a pistol.

•    **<u>Rapidly evolving circumstances: The totality of circumstances presented in this case were reflective of tense, uncertain, and rapidly evolving circumstances.</u>**

(Exhibit C attached hereto;  Excerpt of Trial Exhibit 563, Police Expert Steve Ijames' Initial Expert Report, p. 18.)  (Emphasis added.)

Plaintiffs' proposed Order on this motion in limine proposes an Order that grants the motion and states, "The use of foamboards is hereby excluded."  If defense counsel's assumption is incorrect that Plaintiffs are attempting to exclude only Exhibits 350 and 351, counsel reserves the right to clarification and  to further respond to Plaintiffs' motion.

<b>CONCLUSION</b>

Defendants request that the Court deny Plaintiffs' motion in limine to exclude defense Trial Exhibits 350 and 351.  Defendants further request that this Court deem admitted defense Trial Exhibits 350 and 351 as demonstrative exhibits.  The text on these foamboards reflect National Deadly Force Standards.  These standards are mandated by the U.S. Supreme Court in *Graham v. Connor*, 490 U.S. 386, 396 (1989). The text on these foamboards is used as demonstrative exhibits to explain and illustrate the opinions of Defendants' law enforcement expert Steve Ijames.  These foamboards can also be used to cross-examine Plaintiffs' law enforcement expert William Harmening.

5

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

DATED this 30th day of July, 2026.

*AUDILETT LAW PC*

/s/ Daryl A. Audilett

_____

Daryl A. Audilett
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

HUMPHREY & PETERSEN, P.C.

/s/  Andrew J. Petersen

_____

Andrew J. Petersen
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
Coronado Law Firm, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett

6