*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email:  daa@audilettlaw.com
Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email:  apetersen@humphreyandpetersen.com
Andrew J. Petersen, Esq.
State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE RE MILITARY RECORDS AND NEWS COVERAGE<br><br>(Doc. 148)<br><br>(The Honorable Rosemary Márquez) |

Defendants respond to Plaintiffs' motion in limine for an Order from the Court "precluding Defendants from introducing into evidence all records of Bradley Lewis' military service and news coverage related to the incident, relations with Mr. Lewis and his family, any statements made during interviews with the family of Mr. Lewis or Pima County Sheriff's Department."

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

## U.S. Army Records

Lewis joined the Army in September 2019.  Lewis only lasted about five months in the Army, from late September 2019 to February 2020.

Defendants' Motion in Limine No. 4, (Doc 111) requests admission into evidence of select Army records.  That motion and its contents are hereby incorporated by reference herein.

Lewis left the Army after only five months.  He returned home and told people that he had hurt his back in a training exercise and left the Army to recover.  That was not true.  The Army records show serious problems with Lewis's performance and reluctance to follow orders and to adapt to military life.  This is set forth in great detail in Doc. 111, Defendants' Motion in Limine regarding the Army records.  There is no mention of a back injury or any other sort of physical injury.

There is also a handwritten letter dated January 24, 2020, authored by Lewis (Doc. 111-2, p. 7 of 7, PCSD 05566) in which he explains why he wants to leave the Army. The letter offers insight into Lewis's character.  The Army records in general and this handwritten letter are  relevant to the Estate's damages on the 4th Amendment excessive force claim and the parents' state law wrongful death claim. The handwritten letter reveals the following. There is no mention of a back injury, or needing to leave the Army because of any physical injury.  The letter states:

"I don't believe that at my current age with the mindset that I have that I'm fit

for the Army.  Joining I rushed in much too fast and unplanned.  Everything that

2

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

my fiancé is trying to push through without me there to actually help her is constantly running through my mind which makes it impossible to focus on pushing myself to success while I'm here. With being able to leave I would be able to help her through her hopefully perfect pregnancy."

Plaintiffs will try to portray Lewis as some sort of heroic young man bent on serving his country, an Army veteran, being sidelined by an unfortunate injury and having to return home. When, in fact, he can't cope with military life and the discipline involved in it. There is no truth to his comments about his girlfriend being pregnant.

Lewis's experiences in the Army are relevant to the damages claimed in this lawsuit. The Army records are admissible. It is worth noting also that it was after Lewis returned home from the Army in February 2020 that he began his criminal activities in earnest, as the Sheriff Department records show. Lewis's father Bradley Marshall Lewis acknowledges Lewis's post-Army crime spree when the father scolds Lewis in the 9-6-20 text message exchange about the five cases against Lewis in the seven months since Lewis left the Army. (Trial Exhibit 365, Exhibit B to Defendants' Response to Plaintiffs' Motion in Limine (Doc. 139), p. PLTF RRFP 01519.)

Defendants are entitled to apprise the jury of the false information disseminated about Lewis being a soldier and a veteran. If the jury finds there is liability of Defendants, then in deciding damages, the jury should be allowed to assess what kind of person Lewis was, and therefore what compensation, if any, for loss of life or lost quality of life the Estate is entitled to be awarded. Likewise, the jury is entitled to this information to decide what damages, if

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

any, should be awarded to the parents on the Arizona wrongful death claim.

## Media articles

Normally news articles are not admissible.  They are hearsay.  However, statements in news articles by parties to a lawsuit are not hearsay.  Those statements are party admissions.  FRE 801(d)(2)(A).

Defendants are entitled to cross-examine Plaintiffs about statements they made to the media about the shooting. For instance, Helen Stricklen made statements to KVOA.  (Trial Exhibit 325, News 4 Tucson article, is attached here as Exhibit A.)  Helen Stricklen is the maternal grandmother of Lewis.  She is a plaintiff in this lawsuit.  Helen Stricklen was in her house when Lewis was shot in the driveway.

Helen Stricklen stated to KVOA, "Unfortunately for all of us, we failed him."  That is a statement that Defendants are entitled to ask Helen Stricklen about when she testifies.  That statement is relevant to comparative fault issues related to the Arizona wrongful death claim and the Arizona property damage claim.

## "Relations with Mr. Lewis and his Family"

Plaintiffs have included in their motion and in their proposed Order that they want precluded "All records of … relations with Mr. Lewis and his family" but they have not explained what that means.  In context, Defendants have interpreted that to mean statements the family may have made in the media, and not all evidence regarding family relationships.  If that is not correct, Defendants reserve the right to clarification and the right to respond.

4

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

**CONCLUSION**

The Army records are relevant to damages.  The media article statement wherein Helen Stricklen admits that "we all failed him (Lewis)" is relevant to the comparative fault analysis.

DATED this 30th day of July, 2026.

*AUDILETT LAW PC*

/s/ Daryl A. Audilett

_____

Daryl A. Audilett
Attorney for Defendants Nanos, Caudillo, Moseley
and Pima County

HUMPHREY & PETERSEN, P.C.

/s/  Andrew J. Petersen

_____

Andrew J. Petersen
Attorney for Defendants Nanos, Caudillo,
Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
Coronado Law Firm, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

5

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett