*AUDILETT LAW PC*
P O Box 12308
Tucson, AZ 85732-2308
(520) 349-5468
Email:  daa@audilettlaw.com
Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, and Pima County

HUMPHREY & PETERSEN, P.C.
6063 E. Grant Road
Tucson AZ 85712
(520) 795-1900
Email:  apetersen@humphreyandpetersen.com
Andrew J. Petersen, Esq.
State Bar No. 016699
Co-counsel for Defendants Nanos, Caudillo, and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE RE OFFICERS' STATEMENTS<br><br>(Doc. 155)<br><br>(The Honorable Rosemary Márquez) |

Defendants respond to Plaintiffs' motion in limine "for an order precluding the Defendants, their counsel, and any witnesses from mentioning, referencing, or offering evidence regarding any mention of the following post-shooting statements of law enforcement personnel during trial."  The Declarations are marked with Trial Exhibit numbers.  They are intended to be used in the courtroom to refresh recollection or for

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

impeachment.  They will not be offered to be admitted as substantive exhibits to go to the jury room for deliberations.

**Declarations, as listed in Joint Proposed Pretrial Order, by exhibit number at left:**

524.  PCSD 7404 – 7489  Declaration of Sergeant Gilbert Caudillo, with attachments

525.  PCSD 7490 – 7609  Declaration of Lt. Michael Moseley, with exhibits

526.  PCSD 9024 – 9053  Declaration of Deputy Justin Berry, with attachments

527.  PCSD 9197 – 9233  Declaration of Deputy Anthony Pool, with attachments.

528.  PCSD 9234 – 9246 Declaration of Deputy David Baird, with attachments

529. PCSD 9247 - 9261 Declaration of Detective Chamonix Valdez, with attachments

530.  PCSD 9262 - 9266 Declaration of Sgt. Matthew Gilbert, with attachment, previously submitted as Defendants' MSJ SSOF Exhibit 10.

531.  PCSD 9267 - 9272 Declaration of Deputy Michael Joseph, with attachment, previously submitted as Defendants' MSJ SSOF Exhibit 11.

532.  PCSD 9273 - 9296 Declaration of Sheriff Nanos, with attachments, previously sent to Plaintiffs' counsel on 10-3-23, and submitted without attachments as Defendants' MSJ SSOF Exhibit 31.

533.  PCSD 9297- 9299 Second Declaration of Sgt. Gilbert Caudillo, Second, 4-15-24, previously submitted to Plaintiffs as Defendants' Reply Exhibit 3.

534.  PCSD  9300 - 9303 Second Declaration of Lt. Michael Moseley, Second, 4-18-24, previously submitted to Plaintiffs as Defendants' Reply Exhibit 4.

535.  PCSD 9304 - 9317 Declaration of Traci Caruthers, 4-15-24, with attachment, previously submitted to Plaintiffs as Defendants' Reply Exhibit 6.

536.  PCSD 9318 – 9363  Declaration of Det. Miguel Flores with attachments, previously

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

submitted to Plaintiffs as Defendants' MSJ SSOF Exhibit 12.

These Declarations were attached as exhibits to Defendants' Separate Statement of Facts in Support of Motion for Summary Judgment (Doc. 65.)    The contents of the declarations were discussed extensively in the Motion and Reply, and in the Court's 40-page Order ruling on the MSJ.  (Doc. 85.)  The Declarations were done to provide  the Separate Statement of Facts and the Motion for Summary Judgment (Doc. 64) with an orderly and detailed factual and chronological representation of some (but not all) of the primary events comprising the totality of circumstances that culminated in the Lewis shooting.  The Declarations provided the basis for most of the statements of fact, which Plaintiffs did not controvert.  The Declarations were drafted, reviewed by the declarants and signed under penalty of perjury partly because Plaintiffs' counsel only took depositions of three of the listed officers.

Defendants have marked the declarations with trial exhibit numbers for courtroom use to either refresh recollection or for impeachment.  For instance, if a witness cannot recall a statement previously made, the witness can be handed a copy of their own declaration and asked to refer to it to refresh recollection.  It is Defendants' understanding that the rules of court typically require any document handed to a witness to be marked as an exhibit and that exhibit number to be stated for the record when the document is handed to the witness.  The same process can be used to impeach a witness with a prior statement.  This is common courtroom practice.

3

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

In addition to the use of out-of-court statements to refresh recollection and impeachment, they can be used with examination and cross-examination of experts. Experts are required to provide written reports with their opinions, the basis and reasons for them, and the facts or data considered in forming the opinions. F.R.Civ.P. 26 (a) (1) (B) (i) (ii). On examination or cross-examination, Defendants are entitled to ask whether experts were provided the declarations, whether they knew certain facts or statements from the declarations and whether they considered those certain fact or statements in arriving at their opinions. In so doing, defense counsel can hand the expert the declaration to read that fact or statement and ask the expert to respond whether that was taken into account in rendering opinions. Of course, the trial exhibit number must be announced related to the document handed to the witness.

These are just a couple of ways that out-of-court statements can be used in the courtroom. There may be more. A ruling on the propriety of courtroom use of an out-of-court statement is best left to being made if and when an objection is made to a specific use.

FRE 403 does not support a ban on mention of, or reference to, the declarations used in the manner described above.

## CONCLUSION

The declarations can legitimately be used in the courtroom for certain purposes, as discussed above. The declarations do not need to be admitted into evidence for substantive purposes. Plaintiffs' motion in limine should be denied.

4

*Lewis v. Nanos, et al.*
United States District Court No. CV 21-557-TUC-RM

DATED this 30th day of July, 2026.

*AUDILETT LAW PC*

/s/ Daryl A. Audilett

_____

Daryl A. Audilett
Attorney for Defendants Nanos, Caudillo, Moseley
and Pima County

HUMPHREY & PETERSEN, P.C.

/s/  Andrew J. Petersen

_____

Andrew J. Petersen
Attorney for Defendants Nanos, Caudillo,
Moseley and Pima County

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eduardo H. Coronado, Esq.
Coronado Law Firm, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
**Attorney for Plaintiffs**

Andrew J. Petersen, Esq.
Humphrey & Petersen, P.C.
6063 E. Grant Road
Tucson, AZ 85712
**Co-counsel for Defendants**

By /s/ Karen Audilett

5