Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| Anna Christine Lewis, et al., Plaintiffs, v. Chris Nanos, et al., Defendants. | Case No. CV-21-00557-TUC-RM<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 1 TO EXCLUDE REFERENCES TO OTHER POLICE AND CIVILIAN ENCOUNTERS AND VIOLENCE |
|---|---|

Plaintiffs respectfully oppose Defendants' Motion in Limine No. 1 (Doc. 108) seeking to preclude Plaintiffs' counsel and witnesses, including experts, from mentioning, referring to, or comparing this case with “any other police and civilian encounters and/or violence.” The Motion should be denied because it seeks an unprecedentedly broad categorical exclusion of evidence and argument without identifying any particular evidence, witness testimony, expert opinion, or proposed use of the evidence.

Defendants' motion improperly assumes that every reference to another police-civilian encounter would be irrelevant, prejudicial, or hearsay. That is not the law. The admissibility of evidence depends upon what the evidence is, the purpose for which it is offered, and the issues to which it relates. The Court should therefore reject Defendants' attempt to obtain a blanket prohibition before the evidentiary context is known.

## I. DEFENDANTS SEEK AN IMPROPER CATEGORICAL EXCLUSION OF POTENTIALLY RELEVANT EVIDENCE

Defendants identify a collection of highly publicized police-civilian encounters—including the deaths of George Floyd, Michael Brown, Tamir Rice, Walter Scott, Alton Sterling, Philando Castile, and Breonna Taylor—and assert that none could possibly be relevant to this case. That proposition is too broad.

Evidence is relevant under Federal Rule of Evidence 401 if it has any tendency to make a consequential fact more or less probable. Rule 402 provides that relevant evidence is generally admissible unless otherwise excluded by the Constitution, a federal statute, the Federal Rules of Evidence, or another applicable rule.

The proper inquiry therefore is not whether another police-civilian encounter is "similar" to this case in the abstract. The inquiry is whether a particular piece of evidence concerning another incident has a tendency to establish a fact that matters in this case.

Defendants ask the Court to prohibit any mention whatsoever of any other police-civilian encounter. The Court should decline to enter such an overbroad order.

## II. *GATES v. RIVERA* DOES NOT SUPPORT THE BROAD EXCLUSION REQUESTED HERE

Defendants may rely upon *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993), for the proposition that an officer's prior shooting cannot be used to establish that the officer acted excessively on the occasion at issue.

Plaintiffs do not dispute that an officer's prior use of force cannot be introduced merely to establish propensity. But *Gates* does not establish the categorical rule Defendants seek.

The question presented in *Gates* concerned whether evidence that an officer had previously shot someone was relevant to the objective determination whether his use of force in the case before the jury was excessive. The Ninth Circuit's reasoning does not establish that evidence concerning other incidents is inadmissible for every conceivable purpose in a civil-rights action.

Indeed, subsequent Ninth Circuit authority makes clear that evidence concerning prior incidents may be relevant to municipal liability and other issues, and that courts can address any potential prejudice through appropriate limiting instructions rather than categorical exclusion. *Velazquez v. City of Long Beach,* 793 F.3d 1010 (9th Cir 2015) at 1027–28; *Rodriguez v. Sony Computer Entertainment*, 801 F.3d 1045 (9th Cir 2015) at 806–07.

Accordingly, if Defendants believe that a particular prior incident is inadmissible for a particular purpose, they should identify that evidence and the specific basis for exclusion. They should not be permitted to transform the limited principle of *Gates* into a blanket prohibition against discussing any police-civilian encounter.

## III. RULE 403 DOES NOT JUSTIFY A BLANKET EXCLUSION

Defendants also invoke Rule 403, asserting that any probative value of the identified incidents is “none” and that any reference would create unfair prejudice, confusion, misleading of the jury, undue delay, and waste of time. That argument puts the Rule 403 analysis backward.

Rule 403 requires the Court to determine the probative value of particular evidence and then determine whether that value is substantially outweighed by one of the identified dangers. The Court cannot meaningfully perform that balancing exercise without knowing what particular evidence Plaintiffs intend to offer, for what purpose, and in what factual context. Moreover, the fact that evidence may be emotionally charged does not automatically render it unfairly prejudicial. The relevant question is whether the danger of unfair prejudice substantially outweighs legitimate probative value.

Here, Defendants have not demonstrated that every reference to every other police-civilian encounter will create such a danger. Indeed, their proposed prohibition reaches matters that may have little or no prejudicial character at all, such as expert testimony concerning generally accepted law-enforcement practices, training standards, use-of-force practices, departmental policies, or the existence of known patterns of conduct. A blanket Rule 403 ruling is therefore unwarranted.

## IV. THE COURT CAN ADDRESS ANY POTENTIAL PREJUDICE THROUGH LIMITING INSTRUCTIONS

Even assuming that particular evidence presents a risk of juror confusion or improper propensity reasoning, categorical exclusion is not the only available remedy. The Ninth Circuit has recognized that limiting instructions may adequately address the risk that evidence relevant to municipal liability could improperly influence the jury's consideration of individual liability. *Rodriguez v. Sony Computer Entertainment*, 801 F.3d 1045 (9th Cir 2015). Likewise, *Velazquez v. City of Long Beach,* 793 F.3d 1010 (9th Cir 2015) recognized that concerns arising under Rule 404(b) could be addressed short of categorical exclusion through an appropriate limiting instruction *Velazquez v. City of Long Beach,* 793 F.3d 1010 (9th Cir 2015).

If necessary, Plaintiffs would agree to an appropriate instruction making clear that evidence of other incidents may not be considered to conclude that a particular Defendant acted in conformity with alleged prior conduct, but may be considered for whatever permissible purpose the Court determines is supported by the evidence. That approach protects Defendants' legitimate evidentiary interests without depriving Plaintiffs of relevant evidence.

## V. DEFENDANTS' HEARSAY ARGUMENT IS SIMILARLY OVERBROAD

Defendants assert that “[a]ny reference to those events could only involve hearsay.” That assertion is incorrect.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Not every reference to an event constitutes hearsay. For example, a witness with personal knowledge may testify about matters the witness personally observed. An expert may rely upon otherwise inadmissible information when the applicable requirements of Rule 703 are satisfied. Public records, business records, party admissions, prior testimony, and other evidence may also be admissible under applicable provisions of the Federal Rules of Evidence.

Further, the admissibility of a particular statement depends upon the purpose for which it is offered. A statement offered for a non-hearsay purpose is not excluded merely because it concerns an out-of-court event or statement.

Defendants' motion does not identify any particular statement Plaintiffs intend to offer, identify the declarant, identify the proposed testimony, or explain why every possible form of evidence concerning the listed events necessarily constitutes

inadmissible hearsay. Therefore, the Court should reject the request for a blanket hearsay ruling.

**VI. THE MOTION IS PARTICULARLY OVERBROAD AS TO EXPERT TESTIMONY**

Defendants expressly seek to prevent experts from “mentioning, or referring to, or comparing” this case with any other police or civilian encounter.

That request is especially problematic because expert testimony is governed by Federal Rule of Evidence 702 and may properly consider information and data relevant to the expert's methodology and opinions. Whether an expert may discuss a particular prior incident depends upon the expert's opinions, methodology, factual basis, and purpose for discussing the incident. Those questions cannot be resolved categorically merely because the subject matter concerns another police-civilian encounter.

For example, if Plaintiffs' expert offers opinions concerning use of force and reasonable officer conduct, evidence concerning generally accepted practices or comparable incidents may be relevant to the foundation or application of those opinions. Defendants' proposed order would effectively prevent Plaintiffs' experts from explaining the basis for their opinions whenever that explanation involves another police-civilian encounter. Such a sweeping restriction is unwarranted.

**VII. DEFENDANTS' PROPOSED ORDER WOULD IMPERMISSIBLY RESTRICT COUNSEL'S ARGUMENT**

Defendants also seek to preclude Plaintiffs' counsel from “mentioning” or “referring to” other encounters. The Court should distinguish between improper argument based on irrelevant or inadmissible evidence and permissible argument concerning evidence properly admitted at trial.

Counsel should not be prohibited from discussing evidence that the Court has admitted merely because the evidence concerns another police-civilian encounter. Nor should counsel be prohibited from explaining the significance of properly admitted evidence to the jury.

If a particular comparison or argument is improper, Defendants may object at trial and the Court can rule on the objection in context. A sweeping advance prohibition is neither necessary nor appropriate.

## VIII. AT A MINIMUM, THE COURT SHOULD DEFER RULING UNTIL THE EVIDENCE IS OFFERED IN CONTEXT

The motion does not identify the specific evidence Defendants seek to exclude beyond a list of highly publicized incidents. It does not identify which witnesses will purportedly mention those incidents, what those witnesses will say, what Plaintiffs' experts will say, or the purpose for which any particular evidence will be offered. Without that information, the Court cannot determine whether a particular item is relevant, whether Rule 404(b) applies, whether Rule 403 substantially outweighs its probative value, whether a statement constitutes hearsay, or whether a limiting instruction is appropriate. The better course is therefore to deny the motion without prejudice to specific objections at trial.

## IX. CONCLUSION

Defendants' Motion in Limine seeks a categorical exclusion that is unsupported by the particularized evidentiary analysis required by the Federal Rules of Evidence and Ninth Circuit precedent.

Plaintiffs do not contend that every prior police-civilian encounter is admissible for every purpose. Rather, the admissibility of any particular evidence depends upon its relevance, purpose, foundation, and evidentiary basis. Because Defendants' motion improperly sweeps potentially relevant evidence within a blanket prohibition, Plaintiffs respectfully request that the Court deny Defendants’ Motion in Limine in its entirety.

Alternatively, Plaintiffs request that the Court decline to rule categorically and instead address objections to particular evidence when offered at trial. If the Court determines that particular evidence requires a limiting instruction, Plaintiffs respectfully request that the Court employ a narrow instruction rather than impose a categorical prohibition.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com