Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CAUDILLO'S MOTION IN LIMINE No. 2 TO EXCLUDE EVIDENCE OF PRIOR OFFICER-INVOLVED SHOOTINGS** |

Plaintiffs, through undersigned counsel, respectfully oppose Defendant Deputy Gilbert Caudillo's Motion in Limine No. 2 (Doc. 109) seeking to categorically exclude all evidence concerning two prior officer-involved shootings in which Deputy Caudillo participated. The motion should be denied because Defendant has not established that the evidence is inadmissible for every conceivable purpose. Rather, Defendant improperly asks the Court to issue a blanket prohibition on evidence whose admissibility necessarily depends upon the purpose for which it is offered, the foundation established at trial, and the evidence Defendant himself presents concerning his training, experience, perceptions, and decision-making.

## I. INTRODUCTION

Defendant asks the Court to prohibit Plaintiffs from making any reference to two prior officer-involved shootings involving Deputy Caudillo—one in November 2013 and

another in January 2020. According to Defendant, both shootings were deemed justified and therefore have no relevance to this case. That argument is too broad.

Plaintiffs do not seek to introduce the prior incidents merely to suggest that Deputy Caudillo is a bad person or that he acted improperly in the Lewis shooting because he previously discharged his firearm. Plaintiffs seek to preserve the ability to use admissible evidence for proper purposes that may arise from the evidence presented at trial, including, as appropriate, evidence bearing on Deputy Caudillo's training and experience, his knowledge, his perceptions, his claimed decision-making, and the credibility of his testimony.

Moreover, the Federal Rules of Evidence do not authorize a court to exclude evidence categorically merely because it could potentially be misused. Rule 401 establishes a broad standard of relevance, Rule 402 generally provides for the admission of relevant evidence, and Rule 403 calls for a balancing of probative value against specified dangers. Fed. R. Evid. 401–403. Rule 404(b), in turn, prohibits the use of prior acts for a particular propensity purpose but expressly recognizes that other-act evidence may be admissible for non-propensity purposes.

The Ninth Circuit has repeatedly characterized Rule 404(b) as a rule of inclusion rather than exclusion. See United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012).

Accordingly, Defendant's request for an absolute prohibition should be denied.

**II. THE PRIOR SHOOTINGS CANNOT BE EXCLUDED CATEGORICALLY UNDER RULES 401 AND 402**

Moreover, the Federal Rules of Evidence do not authorize a court to exclude evidence categorically merely because it could potentially be misused. Rule 401 establishes a

broad standard of relevance, Rule 402 generally provides for the admission of relevant evidence, and Rule 403 calls for a balancing of probative value against specified dangers. Fed. R. Evid. 401–403. Rule 404(b), in turn, prohibits the use of prior acts for a particular propensity purpose but expressly recognizes that other-act evidence may be admissible for non-propensity purposes.

The Ninth Circuit has repeatedly characterized Rule 404(b) as a rule of inclusion rather than exclusion. See United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012).

Accordingly, Defendant's request for an absolute prohibition should be denied.

The prior shootings may therefore become relevant depending upon the testimony and evidence offered at trial concerning Deputy Caudillo's training, experience, familiarity with armed confrontations, perception of threats, and decision-making. Plaintiffs should not be barred prospectively from using otherwise admissible evidence merely because Defendant anticipates that Plaintiffs may seek to introduce it.

Indeed, Defendant's own characterization of the prior incidents demonstrates that they involved circumstances relevant to the experience of a law-enforcement officer confronted with an armed or apparently armed subject. The 2013 incident allegedly involved a barricaded armed subject who presented a weapon. The 2020 incident allegedly involved an armed subject who pointed a firearm at officers. Those circumstances may bear on what Deputy Caudillo had previously encountered, how he was trained to respond, and what he understood or perceived when confronted with the circumstances surrounding Lewis's shooting.

Whether a particular item of evidence ultimately bears sufficient probative value to be admitted is a question that can be evaluated in context. It does not justify the categorical exclusion requested by Defendant.

## III. RULE 404(b) DOES NOT REQUIRE THE BLANKET EXCLUSION DEFENDANT REQUESTS

Defendant relies principally on Rules 401, 402, and 403, but the nature of his argument also implicates Rule 404(b). Rule 404(b)(1) prohibits evidence of another crime, wrong, or act when offered solely to prove a person's character and that the person acted in conformity with that character. Fed. R. Evid. 404(b)(1). It does not establish a categorical bar against evidence of prior acts.

The Ninth Circuit has expressly described Rule 404(b) as "a rule of inclusion—not exclusion." Bailey, 696 F.3d at 799. Evidence of prior acts may be admitted for legitimate non-propensity purposes, and the court must evaluate the evidentiary purpose asserted for the evidence rather than simply exclude it because it concerns an earlier event involving the same person.

That distinction is particularly important here because Defendant's motion does not identify every purpose for which the evidence could potentially be offered. Instead, it simply declares that the incidents have "no" relevance.

The Court should reject that categorical approach.

For example, if Defendant testifies concerning his training, experience, prior encounters with armed subjects, ability to distinguish an actual firearm from an object, or the basis for his perception that Lewis presented an immediate deadly threat, the prior incidents may provide relevant context for evaluating those assertions. Likewise, if Defendant

affirmatively places his experience or decision-making at issue, Plaintiffs should be permitted to seek appropriate rebuttal subject to the Rules of Evidence.

At a minimum, the Court should defer any ruling on particular uses until the evidentiary context is known.

## IV. THE PRIOR SHOOTINGS ARE DISTINGUISHABLE FROM EVIDENCE OFFERED TO SHOW A PROPENSITY FOR EXCESSIVE FORCE

Defendant's motion implicitly treats the prior shootings as if Plaintiffs intend to offer them as evidence that Deputy Caudillo has a propensity to use excessive force. That is not the only possible use of the evidence.

This distinction matters under Ninth Circuit law. In *Trahan v. City of Oakland*, 960 F.2d 152 (9th Cir. 1992), the Ninth Circuit addressed prior acts of excessive force by an officer in a § 1983 excessive-force case and concluded that such evidence could not be admitted merely to establish intent where intent was not an element of the federal excessive-force claim. But *Trahan* does not create a categorical rule that every prior incident involving an officer is inadmissible under all circumstances. Rather, it applies Rule 404(b) to the particular purpose for which the evidence was offered.

That is materially different from Defendant's proposed order, which would prohibit Plaintiffs from making any reference to the incidents regardless of the purpose for which the evidence might be offered or the evidence Defendant presents at trial.

Plaintiffs do not contend that the jury should be instructed that Deputy Caudillo acted unreasonably in this case simply because he previously discharged his firearm. Nor do Plaintiffs contend that the jury should find liability based upon the prior shootings.

Instead, Plaintiffs seek to preserve their ability to introduce the evidence for a permissible purpose if the evidentiary record at trial establishes one.

## V. THE FACT THAT THE PRIOR SHOOTINGS WERE DEEMED JUSTIFIED DOES NOT MAKE THEM AUTOMATICALLY IRRELEVANT

Defendant emphasizes that both prior shootings were "deemed justified." But that characterization does not resolve the evidentiary question.

First, the parties may dispute what "justified" means, who made that determination, what information was considered, and whether the determination constitutes a legal conclusion, an internal administrative conclusion, or some other type of assessment. Defendant has not established those foundational facts in his motion.

Second, the fact that an earlier shooting was deemed justified does not necessarily determine what the evidence demonstrates concerning Deputy Caudillo's training, experience, knowledge, or perceptions. Those are separate evidentiary questions.

Third, the ultimate constitutional question in this case concerns whether the force used against Lewis was objectively reasonable under the circumstances confronting Deputy Caudillo on January 20, 2021. **The Ninth Circuit recently affirmed that there are genuine factual disputes concerning precisely that question. See *Lewis v. Nanos*, No. 25-1025, slip op. at 5–10 (9th Cir. Feb. 4, 2026) (affirming denial of qualified immunity where a reasonable jury could find that Lewis was unarmed, was not charging Deputy Caudillo, was not making a threatening gesture, and that the object Caudillo perceived as a firearm was actually a key fob and lanyard).**

The prior incidents do not decide those factual disputes. But neither does their prior administrative characterization as justified establish that every reference to them is irrelevant.

**VI. RULE 403 DOES NOT SUPPORT CATEGORICAL EXCLUSION**

Defendant alternatively invokes Rule 403, asserting that the prior shootings have no probative value and would create unfair prejudice, confusion, delay, and waste of time.

Rule 403 does not support the requested blanket order.

The rule permits exclusion only when the probative value of otherwise relevant evidence is substantially outweighed by the identified dangers. Fed. R. Evid. 403. The balancing therefore presupposes that the Court first identifies the particular evidence and the particular purpose for which it is being offered.

Here, Defendant asks the Court to decide in advance that the evidence has no probative value whatsoever. That premise is unsupported.

Moreover, any potential for unfair prejudice can be addressed through ordinary evidentiary safeguards, including limiting instructions, restrictions on the scope of questioning, or requiring Plaintiffs to establish an appropriate foundation before referring to particular aspects of the prior incidents.

A categorical prohibition is unnecessary.

The Court may also consider the fact that the prior incidents were not alleged to involve misconduct by Deputy Caudillo. Defendant himself represents that both shootings were deemed justified. Thus, if the evidence is offered for a proper purpose, the fact that the

prior incidents were investigated and deemed justified may substantially reduce any risk that the jury will treat the evidence as proof that Deputy Caudillo previously committed misconduct.

## VII. THE RECENT NINTH CIRCUIT DECISION IN THIS CASE UNDERSCORES THE IMPORTANCE OF ALLOWING THE JURY TO EVALUATE THE CIRCUMSTANCES AND CAUDILLO'S PERCEPTIONS

The Ninth Circuit's February 4, 2026 memorandum disposition is particularly significant to the Court's assessment of this motion. The appellate court affirmed the denial of qualified immunity because material factual disputes remain concerning what Deputy Caudillo perceived and whether his perception of Lewis as an armed and threatening individual was objectively reasonable.

The Ninth Circuit specifically recognized disputes concerning whether Lewis was charging Caudillo, whether Lewis was making a threatening gesture, whether Lewis was armed, and whether the object in Lewis's hand could reasonably have been perceived as a firearm. *Lewis v. Nanos*, No. 25-1025, slip op. at 6–10.

That decision does not establish that the prior shootings are necessarily admissible. Nor do Plaintiffs contend otherwise. But it does underscore why an evidentiary ruling should not be entered in the abstract. The relevance of particular evidence may depend upon what Defendant says about his perceptions, training, experience, and decision-making and what evidence he offers to support those assertions.

The Court should therefore permit the evidentiary record to develop before imposing an absolute prohibition.

## VIII. THE MOTION IS OVERBROAD

The requested relief would prohibit Plaintiffs, their witnesses, and their counsel from referring to either prior shooting under any circumstances. That relief is broader than necessary.

For example, the requested order could potentially preclude:

1. questioning concerning Deputy Caudillo's training and experience if Defendant opens that subject;
2. appropriate rebuttal to testimony concerning his experience with armed suspects;
3. examination concerning statements or representations Defendant makes concerning his prior experience;
4. evidence relevant to a permissible non-propensity purpose under Rule 404(b)(2);
5. impeachment or rebuttal if Defendant opens the door to the subject; or
6. use of the evidence for a purpose that cannot presently be anticipated from the face of the motion.

The Court should not enter such an expansive order without determining the particular evidentiary purpose and foundation for each proposed use.

If Defendant believes that a particular reference or line of questioning is inadmissible when offered at trial, Defendant may raise a specific objection at that time. Plaintiffs will likewise comply with the Federal Rules of Evidence and any limiting instruction ordered by the Court.

## IX. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Deputy Caudillo's Motion in Limine seeking categorical exclusion of evidence concerning his prior officer-involved shootings.

Alternatively, if the Court concludes that particular uses of the evidence may be inadmissible, Plaintiffs respectfully request that the Court decline to enter a blanket

prohibition and instead rule on the admissibility of particular evidence when the purpose, foundation, and evidentiary context are established at trial.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com