Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**Chris Nanos, et al.,**<br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 5: TO PRECLUDE MENTION OF OR PRESENTATION OF MONELL CLAIMS** |

Plaintiffs, through undersigned counsel, respectfully oppose Defendants' Motion in Limine No. 5 (Doc. 112) to Preclude Mention of or Presentation of Monell Claims. The motion should be denied, or, at minimum, narrowed to exclude only argument that the jury is being asked to impose independent Monell liability on a claim that is no longer before it.

## I. THE COURT SHOULD NOT ISSUE A BLANKET ORDER EXCLUDING EVIDENCE MERELY BECAUSE DEFENDANTS LABEL IT "MONELL" EVIDENCE.

Defendants characterize the issue as straightforward because certain Monell theories were addressed in the Court's summary-judgment ruling. But whether a particular claim was dismissed is analytically distinct from whether particular evidence is relevant and admissible to claims that remain for trial. Federal Rule of Evidence 401 makes evidence relevant if it tends to make a fact of consequence more or less probable. Rule 403 permits exclusion only when the probative value of relevant

evidence is substantially outweighed by a specified danger, such as unfair prejudice, confusion, or misleading the jury.

Thus, the proper question at trial will not be whether evidence can be given the label “Monell.” The question will be whether the particular evidence is relevant to a claim or defense that remains in the case and, if so, whether its probative value is substantially outweighed by the considerations identified in Rule 403. Defendants' proposed blanket prohibition improperly collapses those separate inquiries.

## II. EVIDENCE CONCERNING DEFENDANTS’ POLICIES, TRAINING, SUPERVISION, OR POST-INCIDENT CONDUCT MAY HAVE RELEVANCE INDEPENDENT OF MUNICIPAL LIABILITY.

Plaintiffs do not contend that the jury should be instructed to determine whether Pima County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), if that claim has been dismissed. Rather, Plaintiffs oppose Defendants’ attempt to transform the dismissal of a legal theory into an evidentiary ruling excluding every reference to the underlying facts.

Evidence concerning departmental policies, training, supervision, instructions, practices, or the conduct of supervisory personnel may bear on issues remaining for trial, depending upon the evidence and the purpose for which it is offered. For example, evidence may be relevant to the circumstances surrounding the incident, the reasonableness of the officers’ conduct, the existence or absence of particular practices or instructions, the credibility of witnesses, or other disputed factual issues.

The Ninth Circuit's recent decision in this case underscores the importance of allowing the jury to resolve the disputed factual circumstances surrounding the shooting. In *Lewis v. Nanos*, the Ninth Circuit affirmed the denial of summary judgment

concerning Defendant Caudillo's qualified immunity because material factual disputes required resolution by a jury. The court explained that a reasonable jury could accept Plaintiffs' evidence and reject significant portions of Defendants' account of the shooting. *Lewis v. Nanos*, No. 25-1025, slip op. at 10–11 (9th Cir. Feb. 4, 2026) (mem.).

The Ninth Circuit's decision therefore reinforces that this case must be tried on the evidence bearing on the disputed circumstances of the shooting. Defendants should not be permitted to obtain, through a motion in limine, an expansive evidentiary ruling that was not necessarily resolved by the Court's summary-judgment order.

## III. DEFENDANTS’ PROPOSED ORDER IS OVERBROAD.

Defendants ask the Court to “preclude any mention of or presentation of the Monell claims.” That formulation is ambiguous and overbroad. If Defendants' request means only that Plaintiffs should not argue to the jury that it should impose independent municipal liability under a Monell theory that is no longer pending, Plaintiffs do not oppose that limited proposition.

But if Defendants seek to prohibit Plaintiffs from introducing evidence concerning policies, training, supervision, ratification, or other conduct simply because Defendants characterize that evidence as relating to a previously pleaded Monell theory, Plaintiffs oppose the request.

A blanket exclusion would potentially prevent Plaintiffs from introducing otherwise relevant evidence without first determining the purpose for which the evidence is offered. Motions in limine should not be used to exclude broad categories of evidence where admissibility depends upon the context in which the evidence is offered at trial.

The Court can adequately protect Defendants from jury confusion through an appropriate limiting instruction, if necessary, rather than by categorically excluding potentially relevant evidence.

**IV. DEFENDANTS' RELIANCE ON PLAINTIFFS' PRETRIAL FILINGS DOES NOT WARRANT THE REQUESTED RELIEF.**

Defendants point to Plaintiffs' June 9, 2026 demand letter and to language in the Joint Proposed Final Pretrial Order referring to "Monell claims against Pima County." Those references do not establish that every fact or item of evidence relating to municipal policies, training, supervision, or ratification is inadmissible. Nor should an inadvertent or disputed characterization of the surviving claims in a pretrial submission result in the exclusion of otherwise admissible evidence. The purpose of a motion in limine is to resolve evidentiary questions, not merely to police terminology used by the parties.

To the extent the Court has already determined that particular Monell causes of action were dismissed, Plaintiffs will of course comply with that ruling. But the dismissal of a cause of action does not automatically establish that every fact potentially associated with that cause of action is irrelevant to every remaining claim.

**V. THE NINTH CIRCUIT'S DECISION CONFIRMS THAT THE MATERIAL FACTUAL DISPUTES MUST BE PRESENTED TO THE JURY.**

The procedural posture of this case further counsels against Defendants' requested blanket exclusion. The Ninth Circuit recently affirmed the denial of summary judgment concerning Caudillo's qualified immunity. The court held that the evidence permitted a reasonable jury to reach conclusions contrary to Defendants' account of the shooting, including whether Lewis was charging at Caudillo, whether Lewis posed an immediate threat, and whether Caudillo reasonably perceived the object in Lewis's hand

as a firearm. The court expressly recognized that “[t]here has to be a trial to sort this out.” *Id.* at 4 (Collins, J., concurring).

Plaintiffs do not seek to relitigate dismissed Monell causes of action before the jury. They seek only the opportunity to present admissible evidence relevant to the claims that remain for trial. Defendants' motion, as presently framed, would go beyond that legitimate objective.

## VI. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants’ Motion in Limine to Preclude Mention of or Presentation of Monell Claims. Alternatively, if the Court determines that clarification is appropriate, Plaintiffs request that the Court limit any ruling to providing that Plaintiffs may not argue that the jury should impose independent Monell liability on claims that have been dismissed, while permitting the admission of otherwise relevant and admissible evidence concerning policies, training, supervision, ratification, or related matters when offered for a permissible purpose concerning claims remaining for trial.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado______

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com