Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**Chris Nanos, et al.,**<br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 12 REGARDING SURVEILLANCE VIDEOS AND OBJECTION TO PRETRIAL ADMISSION OF DEFENDANTS' EXHIBITS 295 AND 296** |

Plaintiffs, through undersigned counsel, hereby responds to Defendants' Motion in Limine No. 12 (Doc. 119) and respectfully oppose Defendants' request that the Court deem Defendants' Exhibits 295 and 296 admitted before trial and permit Defendants to display those videos during opening statement. Defendants' request should be denied because it improperly conflates the question of whether the surveillance footage may ultimately be admissible with the separate question of whether the Court should admit the recordings before Defendants have established the necessary foundation.

Defendants' characterization of the videos as the "best evidence" does not establish their admissibility, and Plaintiffs' lack of an objection to the exhibits in the Pretrial Order does not constitute a stipulation that the exhibits are authenticated, admissible, or automatically admitted into evidence.

At minimum, the Court should reserve ruling on admission until Defendants establish the necessary foundation at trial.

## I. THE COURT SHOULD NOT DEEM EXHIBITS 295 AND 296 ADMITTED BEFORE DEFENDANTS ESTABLISH THE REQUIRED FOUNDATION

Federal Rule of Evidence 901(a) requires the proponent of evidence to produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). The Rule expressly contemplates authentication through testimony of a witness with knowledge, among other methods. Fed. R. Evid. 901(b). Here, Defendants have not established through their Motion that the necessary foundation has been laid for Exhibits 295 and 296.

Defendants describe the recordings as surveillance video from a camera located across the street from the Stricklen residence. They further identify the recordings by evidence numbers, filenames, dates, location, camera designation, and running time. But identifying a file by a Bates number, filename, or evidence number is not, standing alone, authentication under Rule 901.

The Court must still be satisfied that the recordings are what Defendants claim them to be, including, as applicable:

1. that the recordings came from the identified surveillance system;
2. that the recordings fairly and accurately depict the events and location at issue;
3. that the particular files offered are the recordings maintained or obtained from that system;
4. that the portions Defendants intend to play have not been altered, manipulated, or materially changed; and
5. that the witness or other foundation offered by Defendants is sufficient to authenticate the recordings.

Nothing in the portion of Defendants' Motion quoted above establishes that foundation. Plaintiffs therefore object to any order deeming Exhibits 295 and 296 admitted before Defendants establish their admissibility through competent evidence.

## II. FORGOING OBJECTION IN THE PRETRIAL ORDER DOES NOT REQUIRE THE COURT TO DEEM THE VIDEOS ADMITTED

Defendants emphasize that Plaintiffs' counsel did not object to the video exhibits in the Pretrial Statement. That circumstance does not eliminate the Court's obligation to determine whether the evidence satisfies the Federal Rules of Evidence.

Plaintiffs' decision to forgo an objection to the identification of the exhibits for purposes of the Pretrial Order should not be construed as a stipulation that the exhibits are automatically admitted or that all foundational and evidentiary requirements have been satisfied.

There is an important distinction between identifying an exhibit as one a party may offer at trial and stipulating that the exhibit is admissible. Defendants' Motion does not identify any stipulation by Plaintiffs that Exhibits 295 and 296 are authenticated or admissible.

Accordingly, the Court should reject Defendants' attempt to transform the absence of a pretrial objection into an advance stipulation to admissibility.

## III. THE VIDEOS MAY BE RELEVANT, BUT RELEVANCE DOES NOT ESTABLISH ADMISSIBILITY

Plaintiffs do not contend, for purposes of this opposition, that the mere fact that surveillance footage depicts events occurring outside the Stricklen residence necessarily renders the footage irrelevant.

Federal Rule of Evidence 401 sets a low threshold for relevance: evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401.

But relevance is not the same thing as admissibility. Rule 402 provides that relevant evidence is admissible unless the Constitution, a federal statute, the Federal

Rules of Evidence, or another applicable rule provides otherwise. Thus, even assuming the surveillance videos are relevant, Defendants must still establish the other requirements for admission.

The Court therefore should not treat Defendants' assertion that the videos are the "best evidence" as resolving the admissibility question.

**IV. DEFENDANTS' "BEST EVIDENCE" CHARACTERIZATION DOES NOT ESTABLISH ADMISSIBILITY**

Defendants characterize the surveillance video as the "best evidence" of the "very fast, fluid, dynamic nature of the events depicted."

That characterization is argument, not authentication. The video may ultimately provide a useful depiction of the events. But whether a recording provides a compelling depiction of events does not answer whether the recording is properly authenticated or whether the particular portion Defendants seek to publish accurately represents the underlying recording.

If Defendants intend to rely upon the recordings as substantive evidence, the Court should require Defendants to establish the necessary foundation before the videos are admitted. Moreover, to the extent Defendants intend to rely upon the recordings as the original recordings or as copies of recordings, the applicable provisions governing writings and recordings must also be satisfied. Plaintiffs do not concede that Defendants have established compliance with those provisions merely by identifying the files in the Pretrial Statement.

## V. DEFENDANTS SHOULD NOT BE PERMITTED TO PUBLISH THE VIDEOS IN OPENING STATEMENT BEFORE THEIR ADMISSION INTO EVIDENCE

Defendants specifically seek permission to use Exhibits 295 and 296 during opening statement. That request should be denied unless and until the Court has determined that the particular video evidence may properly be presented to the jury. An opening statement is not itself evidence. It is intended to preview the evidence counsel expects to present at trial. The Ninth Circuit's current Trial Manual explains that an opening statement is a prediction of what the evidence will show rather than evidence itself.

That distinction is especially important here because Defendants seek to show a lengthy surveillance recording to the jury before the evidentiary foundation for that recording has been established. Permitting Defendants to publish the videos before admission risks placing before the jury evidence that may later be excluded, limited, redacted, or otherwise restricted. It also risks allowing counsel to use the opening statement to create evidentiary impressions before Plaintiffs have an opportunity to test the foundation through cross-examination.

The Court should therefore either:

1. deny Defendants' request to publish the videos during opening statement; or
2. defer the issue until the Court has heard the necessary foundation and determined what portion, if any, of the videos will be admitted.

## VI. THE REQUESTED RELIEF IS PARTICULARLY PROBLEMATIC BECAUSE DEFENDANTS SEEK TO PLAY ONLY A PORTION OF EXHIBIT 296

Defendants identify Exhibit 296 as a 22-minute, 15-second recording but state that they intend to "Play from start to 01:40 minute mark." This presents an additional issue that should not be resolved simply by deeming the entire exhibit admitted.

If Defendants intend to publish only a particular segment, the Court should determine whether the selected segment can properly be presented in isolation or whether additional portions of the recording are necessary to place the selected portion in its proper context.

Federal Rule of Evidence 106 addresses the presentation of additional portions of a writing or recorded statement when a party introduces part of the material and the opposing party believes additional material is necessary to provide a fair understanding. The Court should therefore avoid authorizing the selective publication of a recording before the parties and the Court have determined what portions are properly before the jury.

Plaintiffs reserve the right to request publication of additional portions of Exhibit 296 if Defendants are permitted to play the first 1:40 of the recording.

**VII. RULE 403 PROVIDES AN ADDITIONAL BASIS FOR REQUIRING A NARROWLY TAILORED RULING**

Even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Plaintiffs recognize that the surveillance video may be probative. But the Court should evaluate the precise manner in which Defendants propose to use it. Defendants' request is not simply for admission of a discrete exhibit after foundation is established. They seek advance permission to publish the recordings during opening statement and emphasize that the video supposedly demonstrates the "very fast, fluid, dynamic nature" of the events.

That characterization underscores why the Court should require a proper foundation and carefully define the permissible use of the recordings before they are shown to the jury.

At minimum, Plaintiffs should be permitted to object to any particular segment, narration, characterization, enlargement, playback speed, or other presentation that could cause the jury to draw conclusions not supported by the actual recording.

## VIII. THE COURT SHOULD RESERVE RULING ON ANY ISSUE THAT DEPENDS ON THE TRIAL FOUNDATION

The appropriate course is to reserve ruling on the ultimate admissibility of Exhibits 295 and 296 until Defendants establish the requisite foundation. This approach does not prejudice Defendants. If Defendants establish the necessary foundation, the Court can admit the recordings and determine what portions may properly be published. Conversely, a pretrial order deeming the recordings admitted could unnecessarily foreclose Plaintiffs' ability to object to foundational defects, alterations, missing context, improper characterization, or other evidentiary problems that become apparent when the evidence is actually offered.

## IX. CONCLUSION

Defendants may ultimately establish that the surveillance recordings are admissible. But their assertion that the recordings constitute the "best evidence" of the events does not establish admissibility, and Plaintiffs' failure to object to the exhibit designation in the Pretrial Statement does not constitute a stipulation that the recordings are authenticated and admissible.

The Court should therefore deny Defendants' request for advance admission and deny, or at minimum defer, their request to publish the videos during opening statement.

The Court should deny Defendants' request to deem Exhibits 295 and 296 admitted before trial and the Court should also deny Defendants' request to publish Exhibits 295 and 296 during opening statement unless and until the Court determines that the particular evidence satisfies the Federal Rules of Evidence.

Alternatively, the Court should reserve ruling on admissibility until Defendants establish the required foundation at trial and should require Defendants, before publishing any portion of Exhibit 296, to identify the specific portion they intend to play and permit Plaintiffs an opportunity to address whether additional portions are necessary to provide appropriate context and the Court grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com