Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 27 REGARDING EXHIBIT 332 AND USE OF VIDEO DURING OPENING STATEMENT** |

Plaintiffs, through undersigned counsel, responds to Defendants' Motion in Limine No. 27 (Doc.134) and respectfully oppose Defendant's Motion in Limine seeking admission of Exhibit 332 and permission to play the video during Defendant's opening statement. The Motion should be denied.

## I. INTRODUCTION

Defendant seeks to show the jury a 2-minute-and-45-second video clip from Sgt. Moseley's deposition in which Sgt. Moseley stood and demonstrated his brief glimpse of Lewis as Lewis exited his truck. Defendant asks the Court not only to admit the video into evidence, but also to permit Defendant to play it during opening statement.

The request should be denied. Defendant has not established that Exhibit 332 is admissible for the purposes Defendant proposes, nor has Defendant established that a video depicting a witness's deposition demonstration should be presented to the jury before the evidentiary foundation for that testimony and exhibit has been established at trial.

Moreover, Plaintiffs' decision not to object to the exhibit at the time it was marked does not constitute a stipulation to its admissibility, a waiver of all evidentiary objections, or consent to playing the video during opening statement. Marking an exhibit for trial and admitting an exhibit into evidence are distinct matters.

## II. ARGUMENT

### A. Defendant Has Not Established That Exhibit 332 Is Admissible as Substantive Evidence.

Defendant's Motion assumes that because Exhibit 332 was marked for trial and Plaintiffs did not object to the exhibit at the deposition, the video is necessarily admissible. That does not follow.

The fact that an item was marked as an exhibit during discovery does not itself establish its admissibility at trial. Before the video is admitted, Defendant must establish an applicable basis for admission, including the requisite foundation and compliance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Here, the portion of the video identified by Defendant depicts Sgt. Moseley standing and demonstrating his brief glimpse of Lewis as Lewis exited his truck. Defendant has not established in its Motion the evidentiary basis under which this deposition demonstration should be presented to the jury as substantive evidence.

If Defendant intends to offer the video as deposition testimony, Defendant must also establish that its use at trial is authorized under Federal Rule of Civil Procedure 32.

The mere fact that a deposition was videotaped does not independently establish that every portion of the deposition may be presented to the jury as substantive evidence.

Accordingly, the Court should deny Defendant's request to admit Exhibit 332 on the present record.

**B. Plaintiffs' Decision not to Object When the Exhibit Was Marked Does Not Constitute a Stipulation to Admissibility.**

Defendant specifically emphasizes that "Plaintiffs did not object to this exhibit." That assertion does not resolve the admissibility question. An exhibit being marked during a deposition is not equivalent to an exhibit being admitted into evidence at trial. Nor does the absence of an objection to marking an exhibit establish that Plaintiffs have stipulated to every potential use of that exhibit at trial.

Most importantly, Plaintiffs have not stipulated that Defendant may display the video to the jury during opening statement.

To the extent Defendant intends to rely on Plaintiffs' lack of objection as a basis for admission, Defendant should be required to identify an actual stipulation or other agreement establishing that Plaintiffs consented to the proposed use. No such stipulation is identified in the Motion.

**C. Defendant Should Not Be Permitted to Present the Video During Opening Statement Before the Court Determines Its Admissibility.**

Defendant separately asks for permission to play Exhibit 332 during opening statement. That request should be denied.

An opening statement is not evidence. It is an opportunity for counsel to provide the jury with an overview of the evidence counsel expects to present. The Ninth Circuit's trial guidance specifically explains that an opening statement should explain the evidence a party expects to introduce at trial, while cautioning that extensive argument

is inappropriate. See Ninth Circuit Trial Manual § 3.6.1. The Ninth Circuit's model instructions likewise explain that an opening statement is not evidence.

That distinction matters here because Defendant seeks to place a disputed video before the jury at the very beginning of trial, before the jury has heard the testimony necessary to establish its significance and before the Court has determined that the video is admissible.

The concern is particularly significant because the video is not merely a neutral recording of an event. According to Defendant's own description, it depicts Sgt. Moseley physically standing and demonstrating his brief glimpse of Lewis as Lewis exited his truck. The demonstration therefore has the potential to influence the jury's perception of the witness's testimony before the witness has testified before the jury and before Plaintiffs have had the opportunity to cross-examine him at trial.

Permitting Defendant to display the video during opening would risk giving the jury an evidentiary presentation before the evidence has been admitted. The Ninth Circuit instructs jurors that they may consider only testimony and exhibits received in evidence, and that counsel's statements are not evidence. See Ninth Circuit Model Jury Instruction 1.11; Ninth Circuit Model Jury Instruction 6.7.

The safer and proper procedure is to require Defendant first to establish the admissibility of the exhibit through the normal trial process. If the Court ultimately determines that some or all of the video is admissible, the Court can then determine the appropriate manner and timing for presenting it to the jury.

**D. The Court Should Evaluate the Video in the Context of the Actual Trial Testimony.**

The Motion also asks the Court to make an advance determination concerning the presentation of the video without identifying the precise evidentiary purpose for each portion of the clip.

That is problematic because the relevance and admissibility of the demonstration may depend upon the testimony actually presented at trial, including what Sgt. Moseley remembers, the basis for his observations, the circumstances under which he made the demonstration, and the purpose for which Defendant offers the video.

If Defendant intends to use the video to establish what Sgt. Moseley could see, the Court should consider whether the demonstration accurately depicts the relevant circumstances and whether the necessary foundation will be established at trial. If Defendant instead intends to use the video to impeach or contradict testimony, then the permissible use of the video should be evaluated under the rules governing impeachment and deposition testimony rather than admitted wholesale as substantive evidence.

A blanket ruling permitting Defendant to show the entire 2-minute-and-45-second video during opening statement is therefore premature.

**E. At Minimum, Defendant Has Not Established a Basis for the Requested Blanket Relief.**

Defendant asks the Court to both admit Exhibit 332 and authorize its use during opening statement. The Motion, however, provides little more than a description of the clip and the assertion that Plaintiffs did not object to the exhibit. That is insufficient to establish the requested relief.

The Court should require Defendant to establish the specific evidentiary basis for admission, the purpose for which the video is being offered, the applicable deposition-

use provision, and the foundation for Sgt. Moseley's physical demonstration before permitting the jury to see the recording.

If Defendant cannot establish those requirements, Exhibit 332 should not be admitted. And regardless, Defendant should not be permitted to use the video during opening statement before the Court has resolved its admissibility.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion in Limine in its entirety, including Defendant's request to admit Exhibit 332 and Defendant's request to display or play Exhibit 332 during opening statement. Alternatively, if the Court declines to exclude the exhibit at this stage, Plaintiffs respectfully request that the Court defer any ruling concerning presentation of the video until Defendant has established the appropriate foundation and admissibility of the specific portions of the recording at trial.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com