Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 28 REGARDING SELECTED PORTIONS OF DEPUTY CAUDILLO'S DEPOSITION** |

Plaintiffs, by and through undersigned counsel, responds to Defendants' Motion in Limine No. 28 (Doc. 135) and respectfully oppose Defendants' Motion in Limine seeking to admit and play selected portions of Deputy Caudillo's video deposition, including a four-minute clip concerning the "small black mass" and a separate approximately two-minute-and-forty-second clip concerning Deputy Caudillo's testimony about seeing "hands," a gun, and fearing for his life.

Defendants' request should be denied because the proposed excerpts selectively present portions of Deputy Caudillo's deposition without the surrounding testimony necessary to place his statements in their proper context. The excerpts are particularly problematic because Defendants intend to play the first clip to the jury during opening

statement and characterize both clips as “demonstrative exhibits.” The fact that a deposition was taken by video, and that Plaintiffs did not object to the designation of the deposition itself as a trial exhibit, does not authorize Defendants to select isolated portions of the deposition and present them to the jury in a manner that creates a misleading impression.

Federal Rule of Civil Procedure 32(a)(6) expressly provides that when a party offers only part of a deposition, an adverse party may require the offering party to introduce other portions that, in fairness, should be considered with the portion offered. Fed. R. Civ. P. 32(a)(6). The same principle is embodied in Federal Rule of Evidence 106, which permits an adverse party to require the introduction, at the same time, of any other part of a statement that fairness requires to be considered contemporaneously. Fed. R. Evid. 106. The Advisory Committee explains that the rule exists in part because of “the misleading impression created by taking matters out of context.” Fed. R. Evid. 106 advisory committee’s note.

The Ninth Circuit likewise recognizes that Rule 106 is intended to prevent a party from distorting the meaning of a document or recording by introducing a misleading excerpt. See *United States v. Lopez*, 4 F.4th 706, 713–17 (9th Cir. 2021); *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). In *Lopez*, the Ninth Circuit explained that the rule of completeness renders additional portions of a recording relevant when the opposing party distorts its meaning through selective excerpts.

Here, the danger of distortion is substantial.

## I. THE PROPOSED EXCERPTS PRESENT DEPUTY CAUDILLO'S TESTIMONY OUT OF CONTEXT.

The first proposed clip concerns the question posed to Deputy Caudillo: "What made this small black mass deadly?"

Defendants seek to present approximately four minutes of testimony in response to that question. According to Defendants, the testimony is intended to explain why the "small black mass" was perceived as deadly.

That characterization does not resolve the completeness problem. The relevant issue is not whether Deputy Caudillo used words that Defendants now wish to present to the jury. The issue is whether the selected portion accurately conveys what Deputy Caudillo perceived, what he understood the object to be at the time, and the circumstances surrounding his perception.

The object at issue was ultimately determined to be a key fob. The distinction between what the object actually was and what Deputy Caudillo perceived it to be at the time is central to understanding his testimony. An isolated excerpt concerning what made the object "deadly" risks collapsing those distinct concepts and inviting the jury to view Deputy Caudillo's later description as though it were an objective characterization of the object itself.

The surrounding deposition testimony is therefore necessary to permit the jury to understand the testimony in its proper context. Rule 106 is designed for precisely this circumstance. A party may not create a potentially misleading impression by selecting a portion of a recorded statement and then prevent the opposing party from placing that portion in context. The Ninth Circuit has recognized that additional portions may be admitted when necessary to correct a misleading impression created by an opponent's edited or selective presentation. *Lopez*, 4 F.4th at 713–17; *Collicott*, 92 F.3d at 983.

## II. THE SECOND PROPOSED CLIP IS SIMILARLY SUBJECT TO THE RULE OF COMPLETENESS.

Defendants separately seek to present testimony from pages 72:4 through 73:22, including the phrase "hands, see a gun, fear for my life," with a correction from "hand" to "hands."

Again, Plaintiffs do not contend that the words appearing in the transcript may never be relevant. The problem is the selective presentation of those words without the testimony necessary to explain the circumstances in which Deputy Caudillo made the statement.

The proposed excerpt concerns what Deputy Caudillo perceived and his asserted fear for his life. Those statements cannot fairly be evaluated apart from the testimony surrounding the perception, including the circumstances in which he saw the object, what he believed he was seeing, and the information available to him at the time. If the additional testimony changes, qualifies, or materially explains the impression created by the selected excerpt, Rule 106 and Rule 32(a)(6) require that the jury not be presented with the isolated portion as though it were a complete account.

The Ninth Circuit has specifically recognized that the rule of completeness permits additional portions of a recording when the portions offered by the opposing party "distort[] the meaning" of the recording or exclude portions that are explanatory of or relevant to the admitted passages. *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985); *Lopez*, 4 F.4th at 713–17.

## III. PLAINTIFFS' FAILURE TO OBJECT TO THE DEPOSITION EXHIBITS DOES NOT WAIVE THE RIGHT TO REQUIRE A COMPLETE AND FAIR PRESENTATION OF SELECTED EXCERPTS.

Defendants emphasize that Plaintiffs did not object to the designation of the video clips or transcripts as exhibits and that the entire video deposition was listed as an exhibit. That argument misses the issue presented by this motion.

Plaintiffs are not seeking to prevent Defendants from using any properly admissible portion of Deputy Caudillo's deposition. Nor does Plaintiffs' failure to object to the listing of the deposition itself constitute an agreement that any isolated portion may be played to the jury without the portions necessary to place it in context.

Rule 32(a)(6) specifically contemplates that a party may offer only part of a deposition and that the opposing party may then require additional portions to be considered when fairness requires. Fed. R. Civ. P. 32(a)(6). The rule would serve little purpose if the mere designation of the complete deposition as a trial exhibit constituted a waiver of the right to object to an incomplete excerpt at trial.

The question before the Court is therefore not whether Deputy Caudillo's deposition was disclosed. It was. The question is whether Defendants should be permitted to present selected portions of that deposition to the jury in a manner that risks creating a misleading impression.

They should not.

## IV. THE PROPOSED CLIPS SHOULD NOT BE CHARACTERIZED AS MERE "DEMONSTRATIVE" EVIDENCE.

Defendants state that the clips and transcripts are being offered as "demonstrative exhibits." But the proposed clips contain Deputy Caudillo's sworn deposition testimony. They are not merely illustrative charts, diagrams, summaries, or other aids created to assist the jury in understanding independent evidence.

The substance of the clips is testimony from a witness. The fact that Defendants intend to use the testimony during an opening statement or during witness examinations does not transform substantive deposition testimony into a demonstrative aid.

This distinction matters because the jury's exposure to a four-minute video of Deputy Caudillo during opening statement may create a particularly powerful impression before the surrounding evidence has been presented. An opening statement is not itself evidence; it is intended to provide an outline of what the party expects the evidence to show. The Ninth Circuit's trial guidance likewise recognizes that opening statements are not evidence.

If the Court permits Defendants to show the video during opening statement, Plaintiffs will have no meaningful opportunity to place the testimony in context before the jury has already seen and heard the selected presentation. That concern is precisely why Rule 106 recognizes the inadequacy of attempting to repair a misleading impression later in the trial. Fed. R. Evid. 106 advisory committee’s note.

**V. ALTERNATIVELY, THE COURT SHOULD REQUIRE THE ADDITIONAL PORTIONS NECESSARY TO PRESENT THE TESTIMONY FAIRLY.**

If the Court determines that any portion of the proposed clips is admissible, Plaintiffs respectfully request, pursuant to Rule 32(a)(6) and Rule 106, that Defendants be required to present contemporaneously the additional portions of Deputy Caudillo's deposition necessary to explain and place the selected testimony in context.

This alternative is preferable to permitting Defendants to present an isolated excerpt that risks misleading the jury.

At minimum, the Court should permit Plaintiffs to designate and play the portions identified above and any additional portions that the Court determines are necessary to prevent the proposed excerpts from creating a misleading impression.

## VI. THE PROPOSED PRESENTATION ALSO CREATES A DANGER OF CONFUSING OR MISLEADING THE JURY UNDER RULE 403.

Even apart from Rule 106 and Rule 32(a)(6), the Court may exclude otherwise relevant evidence when its probative value is substantially outweighed by the danger of misleading the jury or confusing the issues. Fed. R. Evid. 403.

Here, the danger is not merely that the jury might hear evidence unfavorable to Plaintiffs. Rather, the danger is that the jury will receive a carefully selected portion of a witness's testimony concerning what he perceived during the incident without the surrounding testimony necessary to understand that perception.

The problem is particularly acute because the object ultimately proved to be a key fob. The proposed presentation could cause the jury to conflate the objective nature of the object with Deputy Caudillo's perception of the object at the time. That distinction is a matter for the jury to evaluate from the complete evidentiary record—not from a selectively presented excerpt.

The risk of misleading the jury can be avoided by excluding the clips or, at minimum, requiring the contemporaneous presentation of the additional testimony necessary to provide a fair and accurate context.

## VII. CONCLUSION

Defendants should not be permitted to present selected portions of Deputy Caudillo's deposition in a manner that removes his testimony from its necessary context. Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence 106 protect against precisely this type of selective presentation, and Ninth Circuit authority confirms that additional portions of a recording may be required when necessary to prevent a misleading impression.

Accordingly, Plaintiffs respectfully request that the Court:

1. Deny Defendants' request to admit and play the proposed excerpts from Deputy Caudillo's deposition;
2. Preclude Defendants from playing the four-minute clip during opening statement;
3. Alternatively, if the Court permits any portion of the proposed deposition clips to be presented, require Defendants to contemporaneously present the additional portions of Deputy Caudillo's deposition that are necessary under Rule 32(a)(6) and Rule 106 to provide the testimony in its proper context; and
4. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado______

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com