Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 22 (Police Expert Harmening)** |

**INTRODUCTION**

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No.22 (Doc. 129) as follows:

**Facts:**

Mr. Harmening is an expert who is qualified to testify on police procedures, a fact which Defendants do not dispute. He is a former law enforcement officer and a trainer at the police academy in Illinois. The witness prepared a "Use of Force Analysis" which summarizes his anticipated testimony. Among the opinions that Mr. Harmening will present are:

First, given the narrowness of the space between the Lewis vehicle and the Stricklen vehicle, Mr. Lewis would have had to squeeze sideways between the two vehicles; the trajectory of the bullet through Mr. Lewis' body indicates that he was shot while doing so. When the bullet struck, Lewis was standing sideways to Caudillo's line of fire.

Second, Caudillo's first shot caused Mr. Lewis to fall, and Caudillo fired two more shots as Lewis was falling.

Third, when Lewis was shot the key fob he was holding in his right hand fell and landed between him and Caudillo.

Fourth, Moseley moved toward the rear of the Stricklen truck when Lewis moved to the rear of his own truck; and it is significant that Moseley decided not to fire when he had a clear view of Lewis.

Fifth, assuming Caudillo was seated in his cruiser when he saw Lewis exit the Toyota and Lewis was moving toward him extremely fast, it is implausible that Caudillo had time to exit his police cruiser, aim, and fire at Lewis; therefore Caudillo's explanation of events is not credible.

Sixth, it is impossible for Mr. Lewis to have moved at top speed between his own and Mr. Stricklen's vehicle.

Seventh, it is impossible that Caudillo would have mistaken the key fob for a handgun at such a short distance.

Eighth, it is significant that Caudillo told Moseley that Lewis had "something" in his hand but did not say to him that Lewis had a gun.

Ninth, if Lewis was simply running toward Caudillo and not making any overt threat, Caudillo had other options such as a taser or pepper spray.

Defendants, in their Motion in Limine, object to Mr. Harmening discussing whether the use of deadly force was justified under PCSD written policies. Under those policies, an officer can use deadly force if he or she "…reasonably believes that it is necessary . . . [t]o protect [himself] or others from immediate use of deadly force . . ." Harmening opines that such a belief was not reasonable, making Caudillo's actions a violation of policy.

In their motion, Defendants seek to prevent Mr. Harmening, counsel, or any other witnesses, from discussing the alleged violation of PCSD written use of force policies.

**Argument:**

Compliance with written police policies is relevant to issues of liability for Fourth Amendment violations. *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985.) The Ninth Circuit has also ruled that whether police followed written policies or training materials is always a legitimate inquiry in determining whether use of force was excessive. *Drummond v. City of Anaheim*, 343 F.3d 1052(9th Cir., 2003.)

Count Three is a wrongful death claim under State law. As such, violation of an employer's written safety policies can be considered negligence per se. *Gunnell v. Arizona Public Service Co.*, 202 Ariz. 388, 46 P.3d 399 (Ariz. 2002). An order forbidding any reference to the Sheriff's Office's own deadly force rule would prevent Plaintiff from establishing the state law claim.

A violation of departmental policy is relevant to the reasonableness of officer conduct, which is relevant to the issue of whether a violation of the Fourth Amendment occurred. The jury will be instructed on the governing standard.

The jury must make up its own mind on the ultimate issues in this case and whether department policy was followed is a relevant inquiry.

**Conclusion:**

For the reasons stated, the motion should therefore be denied.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com