Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 20 (Moseley statement)** |

## INTRODUCTION

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No.20 (Doc. 127) as follows:

**Facts:**

Sgt Moseley and Deputy Caudillo were together at Mr. Lewis' parked vehicle on a public street. When Mr. Lewis fled the scene in his vehicle, Moseley and Caudillo pursued him. They parked their vehicles in the Stricklen driveway and they both took positions around the Lewis vehicle, Moseley on the driver's side behind the Stricklen vehicle, and Caudillo in his own vehicle behind the Lewis Vehicle. When Lewis exited his vehicle, Moseley and Caudillo had a better view of him than any of the other law enforcement personnel or other witnesses. They both saw him exit the vehicle and move in Caudillo's direction. Sgt. Moseley shouted, "Watch out, watch out."

Despite Sgt. Moseley's intimate familiarity with the circumstances, and his unique viewpoint, Defense counsel asks the Court in this motion to preclude any mention of what Moseley actually thought was going on in that moment. It is also important to note that Moseley has subsequently made statements to either contradict or explain away his initial statements to investigators.

**Argument:**

Sgt. Moseley is an eyewitness. His perspective on the situation is relevant under FRE 401 and 402. The question the jury must answer is whether a reasonable officer in Deputy Caudillo's position would have used deadly force. Sgt. Moseley presumably is a reasonable officer, and his viewpoint may assist the jury in answering this question. Any concerns that the jury will give it greater value than Deputy Caudillo's statements go to the weight of the statement, not its admissibility. If nothing else, Moseley's belief at the time that Mr. Lewis was fleeing may help to explain why he shouted "Watch out" instead of firing a shot himself. The jury should also be permitted to weigh this statement by Sgt. Moseley against other subsequent statements he made on the subject. Its potential for prejudice does not outweigh its relevance.

**Conclusion:**

For the reasons stated, the motion should therefore be denied.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com