Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 11 (Morning Jewel Incident)** |

**INTRODUCTION**

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No.11 (Doc. 118) as follows:

**Facts:** Defendants propose to introduce into evidence, and show to the jury during opening argument, photos and videos of attempted car burglaries that occurred several miles away from, and several hours earlier than, the shooting incident. It is alleged but by no means certain that Mr. Lewis is depicted in these photos and videos. They allegedly prompted a search for Mr. Lewis' vehicle which was eventually located in another part of the city about three hours later.

**Argument:**

**Point One: The attempted car burglaries were not part of the totality of the circumstances.**

There is no evidence that Deputy Caudillo was aware that Mr. Lewis was suspected of attempted car burglaries when he decided to use deadly force against Mr. Lewis. The reports cannot be part of the "totality of the circumstances" from which the trier of fact must determine the reasonableness of Deputy Caudillo's actions. See *Barnes v. Felix*, 145 S.Ct. 1353 (2025) Even if Deputy Caudillo had known about these

incidents and believed Mr. Lewis committed them, this would not lead a reasonable officer to conclude that Mr. Lewis presented any particularly unusual danger. If it is assumed that the suspect was breaking into parked cars in the middle of the night and then fled in a panic when confronted, a reasonable officer might assume that Mr. Lewis presented much less of a danger than some other suspects and would be more inclined to flee than fight. For these reasons, the evidence is irrelevant to the ultimate issue under FRE 801.

**Point Two: The evidence lacks foundation and is unreliable.**

Even if the Defendants can establish relevance, the evidence is unreliable. The poor quality of the images can lead to a supposition that the person shown matches the general description of Mr. Lewis. No evidence has been submitted by Defendant as to they types of cameras employed, their relative positions to the activities shown, or other factors necessary to establish an adequate foundation for their admission. As to the Defendants' contention that the videos show Mr. Lewis' agility in moving between cars, the videos do not show Mr. Lewis in a situation that is even remotely similar to that in which he found himself caught between his own and his grandfather's vehicles.

**Conclusion:**

The evidence referred to in the motion lacks foundation, is unreliable, and did not factor into Deputy Caudillo's decision to shoot Mr. Lewis. Therefore it is inadmissible in its entirety.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com