Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 3 (Exhibit 200)** |

## INTRODUCTION

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No. 3 (Doc. 110) as follows:

## FACTUAL BACKGROUND

As noted in Defendants' Motion, Deputy Caudillo told detectives after the shooting that he was aware that there was a probable cause alert and that Mr. Lewis was a suspect in violent crimes. It is clear that Deputy Caudillo did not know the contents of the probable cause alert, particularly what Mr. Lewis was quoted as saying or what color or type of weapon the Alert indicated that Mr. Lewis had. Yet Defendants proposed to introduce the lurid details of the alert and refer to them in opening statement, even though these details were clearly not known to Deputy Caudillo at the time he shot Mr. Lewis.

## ARGUMENT

**Relevance vs. Prejudice.** Deputy Caudillo's awareness of the existence of a probable cause alert at the time of the shooting is arguably relevant as it is part of the

"totality of the circumstances" in which the officer decided to use deadly force. *Barnes v. Felix*, 145 S.Ct. 1353 (2025). The exact details of the alert, being unknown to the officer, are not part of the totality of the circumstances. They are therefore not relevant under FRE 401. They do not help the jury understand Caudillo's state of mind at the time of the shooting. Moreover, they are highly prejudicial, which outweighs any relevance under FRE 803.

**Hearsay.** The generation of probable cause alerts is a regularly conducted activity of the Sheriff's Department and is generally excepted from the hearsay rule on that basis; however, the contents of the alert consist of statements by an unknown eyewitness made to a police officer, who then relayed them to dispatch, and thus contain multiple layers of hearsay. Of particular concern is the purported statement of Mr. Lewis that "I've dropped ten bodies and you're just a number to me." It is unknowable whether this statement, if actually made, was true or whether it was just said to get a reaction from the listener; yet the Defense proposes to present it to the jury as if it were Gospel. The contents are therefore inadmissible under FRE 805.

**CONCLUSION**

The contents of the probable cause alert should be precluded. Comments about its existence by Deputy Caudillo and Sgt. Moseley during their testimony, or by counsel, should be precluded as well, or in the alternative restricted to what Deputy Caudillo actually knew at the time, as noted above.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com