Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE NOS. 15, 16, AND 17**<br>**(Decedent's text messages)** |

**INTRODUCTION**

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine Nos.15, 16 and 17 (Docs. 122, 123, and 124) as follows:

**Facts:**

Defense counsel apparently wants to use these texts to show that Mr. Lewis did not have a good relationship with his mother and his life expectancy was limited due to his lifestyle—in short, that his life really was not worth that much. Deputy Caudillo was unaware of the existence of these texts on January 20, 2021.

The messages at issue are text messages attributed to the decedent, sent to family members, in which he is said to disparage his mother, to make a statement about pointing a gun at his mother's boyfriend, and to state a belief that police were looking for him.

Deputy Caudillo did not know of these messages on January 20, 2021. Defendants do not contend otherwise. Their own Motion in Limine No. 16 sets the point

aside expressly, offering the material "[a]side from whether Deputy Caudillo was aware of this escalation."

**Argument:**

There is no anguish a parent can experience like the loss of a child. The proffered texts do not tend to prove that Anna Lewis suffered from the loss of her son any less. Anna Lewis may not have even known about the texts. They are therefore irrelevant and misleading on the subject of damages.

They also do not prove that Mr. Lewis' own life had little value. At age 19, although he had made some problematic decisions for his life, change was very much possible, and it was Deputy Caudillo who foreclosed the possibility of his making better choices in the future.

Defense counsel may also want to bring these texts to the jury's attention during his opening statement so as to devalue the victim in the jury's eyes, or portray the surviving family members as ones who do not mourn the loss but are just out for a quick payday. Regardless of whether the texts are relevant, referring to them during opening statements is highly prejudicial and misleading.

**I. THE TEXT MESSAGES ARE UNRELATED TO THE ONLY LIABILITY QUESTION IN THE CASE.**

The question the jury must answer on liability is whether Deputy Caudillo's use of deadly force was objectively reasonable in light of the circumstances confronting him. Information he did not have cannot bear on that question. Defendants concede he did not have this information. The messages are therefore irrelevant to liability under Rules 401 and 402, and Defendants do not appear to argue otherwise.

**II. DEFENDANTS' OFFER OF THE TEXT MESSAGES REGARDING DAMAGES DO NOT APPLY IN THIS CASE.**

Defendants offer the messages on damages. Their stated theory has now been made explicit: in their response to Plaintiffs' Motion in Limine re: Texts (Doc. 163), Defendants argue that the decedent's asserted criminal conduct "implicates the application of A.R.S. § 12-712," which permits a reduction or denial of recovery where the claimant's harm arose from his own criminal act and he was at least fifty percent at fault.

death and property damage. Especially in the context of claims arising from police shootings. Applying the statute could be unconstitutional because it could effectively remove the jury's role in determining contributory negligence. Arizona Revised Statute § 12-712 could violate Article 18, § 5 of the Arizona Constitution, which provides: "The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury." A statute that completely bars recovery because of the plaintiff's criminal conduct improperly removes that factual determination from the jury.

Furthermore, Article 18, §6 of the Arizona Constitution states that, "The right of action to recover damages for injuries shall never be abrogated." In addition, , Article 2, §31 of the Arizona Constitution stands for the prohibition of statutory limitations on damages. Plaintiffs contend that the Arizona Constitution requires a jury to determine comparative fault. A statute that categorically bars recovery violates Article 18, § 5 of the Arizona Constitution. Whether the decedent's conduct justified the shooting remains a factual question for the jury.

For the § 1983 excessive-force claim, the constitutional question is whether the officer's use of force was objectively unreasonable under the Fourth Amendment, generally under *Graham v. Connor*. See Graham v. Connor, 490 U.S. 386, 395 (1989). Arizona's § 13-409 does not establish the constitutional standard for the § 1983 claim. So if a federal jury finds that the officer violated the Bradley Alexander Lewis' Fourth Amendment rights and awards § 1983 damages, § 13-409 should not be used to proportionally reduce those federal damages.

Defendants' pleaded state law defense is justification under A.R.S. §§ 13-409 and 13-410. That defense is about the reasonableness of the deputy's conduct. It is not a vehicle for reducing a wrongful death award on the basis of the decedent's character. Both statues need to be pleaded as defenses.

## III. DEFENDANTS' OFFER OF THE TEXT MESSAGES DO NOT PROVE THAT THE PARENTS' LOSS IS LESS.

Even if the theory were properly in the case, the messages would not carry it. They do not tend to prove that Anna Lewis grieves her son less. A parent's loss is not measured by the contents of a text message the parent may never have seen. Offered on that issue the messages are irrelevant, and to the extent they invite the jury to weigh a mother's grief against her son's words to her, they are misleading and unfairly prejudicial under Rule 403. Nor do they establish anything about the life the decedent would have led. He was nineteen years old. Defendants ask the jury to reason from a handful of messages sent by a nineteen-year-old to a conclusion about the whole of a life that was never lived. That is not an inference the evidence supports; it is an invitation to decide that this decedent's life was worth less than another's.

## IV. DEFENDANTS' REQUEST TO USE THE TEXT MESSAGE DURING OPENING STATEMENTS SHOULD BE DENIED.

An opening statement is not evidence. It is an opportunity for counsel to provide the jury with an overview of the evidence counsel expects to present.

That distinction matters here because Defendant seeks to place disputed documents before the jury at the very beginning of trial, before the jury has heard the testimony necessary to establish its significance and before the Court has determined whether the texts are admissible.

The safer and proper procedure is to require Defendant first to establish the admissibility of the exhibits through the normal trial process. If the Court ultimately determines that some or all of the texts are admissible, the Court can then determine the appropriate manner and timing for presenting them to the jury.

Defendants ask not only to admit the messages but to display and quote them in opening statement, before any witness has testified and before the Court has ruled on their admission at trial. The prejudice of that use is at its highest and its probative value at its lowest: the jury would receive the decedent's words as the first thing it learns

about him, unmediated by any evidence about who he was. If the Court admits any part of this material, its use should await the evidentiary phase.

**Conclusion:**

For the reasons stated, Defendants' Motions In Limine Nos. 15, 16, and 17 related to Mr. Lewis' text messages should be denied, or in the alternative, counsel should be precluded from using them during the opening statement.

**RESPECTFULLY SUBMITTED** this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com