Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 6 (Lack of Bodycam/Dashcam evidence)** |

**INTRODUCTION**

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No. 6 (Doc. 113) as follows:

**Facts:** None of the officers involved in the incident where Mr. Lewis was shot was wearing a bodycam, and there was no dashcam on the Moseley patrol vehicle that came into contact with the Lewis vehicle. This was due to Department policy and not the actions of the officers involved. Sometime after the incident the Sheriff's Department began deploying body-worn cameras for deputies.

**Argument:** Plaintiff concedes that the Department's later decision to employ bodycams for officers is inadmissible as a subsequent repair under FRE 407. However, the jury should be permitted to make reasonable inferences from the lack of such video footage, including (1) as to whether the policy of not having bodycams was in place to avoid liability; (2) as to whether it was negligent for the Sheriff's Office to have such a policy; and (3) as to whether law enforcement personnel would have acted differently if bodycams were present.

It is an undisputed fact that the deputies had not been issued body-worn cameras and the patrol vehicles had no operating dash cameras at the time of the incident. To preclude mentioning this fact would be similar to not being able to say the ground gets wet when it rains or the sun sets in the west.

**Conclusion**

Plaintiffs do not oppose an order precluding evidence or argument that the Department's later adoption of body-worn cameras shows culpability, or that the camera policy itself was negligent. Beyond that, the motion should be denied. Plaintiffs should be permitted to mention and elicit evidence that no body-worn or dash camera footage of this incident exists, to explain it does not exist and to address the consequences of that absence for the evidence the jury will weigh.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado______

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com