Eduardo H. Coronado, SBN 022397
CORONADO LAW FIRM, P.L.L.C.
4700 W. White Mountain Boulevard, Suite A
Lakeside, AZ 85929
(928) 532-4529 Telephone
(928) 532-0753 Fax
courtdocuments.clf@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Anna Christine Lewis, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Chris Nanos, et al.,**<br><br>**Defendants.** | **Case No. CV-21-00557-TUC-RM**<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 7 (Pima County as Defendant)** |

**INTRODUCTION**

Plaintiffs by and through undersigned counsel, hereby respond to Defendants' Motion in Limine No. 7 (Doc. 114) as follows:

**INTRODUCTION**

Pima County is a defendant in this case. This Court's summary judgment Order retained the Arizona wrongful death claim in Count Three and the property damage claim in Count Five against Pima County and Deputy Caudillo. (Doc. 85 at 39-40.) Defendants do not ask the Court to dismiss the County. They ask the Court to order that the jury never be told the County is there. That is not an evidentiary ruling, and the motion should be denied.

Defendants concede that the Stricklens' claim against Pima County survived the various dismissal motions filed by them. Instead, Defendants ask this Court to rule in the context of a motion in limine that the jury cannot be informed of this fact, based on alleged new case law.

This request should have been handled through a Motion for Dismissal or Motion for Summary Judgment. Unfortunately for the Defendants, the time for making dispositive motions has passed. This attempt to make an “end-run” around that deadline is improper.

## ARGUMENT

### I. A MOTION IN LIMINE CANNOT NOT SUBSTITUTE A DISPOSITIVE MOTION

Defendants concede that the claims against Pima County survived their earlier dismissal and summary judgment motions. Their answer to that is a motion in limine asking this Court to hide the surviving defendant from the jury on the basis of asserted new case law.

Relief of that kind belongs in a motion to dismiss or a motion for summary judgment. The deadline for dispositive motions has long passed, and this case has already been to the Court of Appeals and back. A motion in limine governs the presentation of evidence; it does not adjudicate who the parties are. An end run around the dispositive motion deadline is improper, and that alone is reason to deny the motion.

Furthermore, this not a new argument by Defendants. Defendants previously contended that Pima County was not a proper defendant on the state law claims, and this Court rejected that contention in its ruling on Summary Judgment dated February 3, 2025. A motion in limine is not a second opportunity to relitigate a question the Court has decided.

### II. SANCHEZ DOES NOT STAND FOR DEFENDANTS’ PROPOSAL

Defendants rely on *Sanchez v. Maricopa County*, 572 P.3d 101 (Ariz. 2025). Plaintiffs do not quarrel with what *Sanchez* actually holds: because a county does not control a deputy sheriff carrying out law enforcement duties, the county is not vicariously liable for the deputy’s negligence, and the sheriff in his official capacity is. But two features of the

opinion, neither of which appears in Defendants' motion, defeat the relief requested here.

First, *Sanchez* does not relieve the County of financial responsibility. The Arizona Supreme Court was explicit that a money judgment entered against a sheriff because of the negligence of a deputy acting within the scope of his duties is a county charge payable under A.R.S. § 11-444, and that its decision "does not absolve the County from its financial responsibility to satisfy money judgments." *Sanchez* changes the name on the vicarious liability defendant. It does not change who answers for the judgment. A motion premised on *Sanchez* therefore, cannot deliver a trial in which no entity stands behind Deputy Caudillo's on duty conduct — it can only deliver a trial in which the jury is not told that one does.

Second, *Sanchez* holds that a suit against an official in his official capacity is a suit against the official's office, not against the individual. The distinction between "Pima County" and "the Sheriff of Pima County in his official capacity" is therefore a matter of the correct name for the same institutional defendant — the same office, represented by the same counsel who appear in this case for Nanos, Caudillo, and Pima County alike, and the same public fisc.

## III. IF SANCHEZ GOVERNS, THE REMEDY IS SUBSTITUTION, NOT CONCEALMENT.

It follows that if this Court concludes *Sanchez* applies to this pending case, the remedy *Sanchez* itself points to is substitution of the Sheriff in his official capacity as the vicarious liability defendant on Counts Three and Five. That is a correction of a party name between entities with complete identity of interest, and it prejudices no one. Plaintiffs would not oppose that relief if the Court believes it necessary.

What Defendants ask for instead is that the claim remain pending while the jury is kept ignorant of the party against whom it is pending. Defendants cite no decision, and Plaintiffs are aware of none, applying *Sanchez* to alter the structure of a case after

summary judgment has set the trial lineup, much less by an order restricting what the jury may be told.

**IV. TIMING.**

This action was filed in 2021. When it was filed, and when this Court decided summary judgment, the County was the proper vicarious defendant, and the Court retained it on that basis. *Sanchez* was decided in July 2025. Defendants did not move for reconsideration, for judgment on the pleadings, or for substitution. They raised *Sanchez* for the first time on the eve of trial, in a motion about what the jury may be told. Plaintiffs should not lose the benefit of a defendant the law directed them to sue, and that this Court retained, because Defendants elected concealment over the procedural remedy *Sanchez* describes.

**CONCLUSION**

For the reasons stated, Defendants' Motion in Limine No. 7 should be denied. In the alternative, if the Court concludes that *Sanchez* requires a change in the party designation on Counts Three and Five, Plaintiffs request that the Court order substitution of the Sheriff of Pima County in his official capacity, rather than an order withholding from the jury the identity of a party to this case.

RESPECTFULLY SUBMITTED this 13th day of August, 2026.

**CORONADO LAW FIRM, P.L.L.C.**

/S/ Eduardo H. Coronado_____

Eduardo H. Coronado, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Audilett Law P.C.
Attn: Daryl Audilett
PO Box 12308
Tucson, AZ 85732
Attorney for Defendants

HUMPHREY & PETERSEN,
Andrew J. Petersen,
P.C. 6063 E. Grant Road
Tucson AZ 85712
apetersen@humphreyandpetersen.com