# EXHIBIT A

negligently causing Mr. Lewis' death. The amount of damages will be determined by a jury.

Defendants contend: The "Loss of Consortium" Count was dismissed on summary judgment. The nature and extent of any damages that can be awarded by the jury will be covered in the instructions to the jury at the end of the presentation of evidence.

Issue 20: Whether Bradley Alexander Lewis had a right to due process and a right to be free from unreasonable search and seizure, including the unreasonable use of deadly force, at the time he was fatally shot.

Plaintiffs contend: Yes. Bradley Alexander Lewis had a right to due process and a right to be free from unreasonable search and seizure, including the unreasonable use of deadly force, at the time he was fatally shot.

Defendants contend: The reference to "due process" is not specified in the 4th Amendment. The 4th Amendment does not express a specific "due process" component. The phrase "due process" is contained in the 5th and 14th Amendments, but not the 4th Amendment. The Ninth Circuit Model Jury Instruction No. 9.25 regarding 4th Amendment excessive force does not reference "due process."

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend: Yes, under Arizona law, comparative fault generally applies to wrongful death and property damage claims, but whether one person's fault is imputed to the plaintiffs depends on the relationship between the parties and the legal theory

involved. Arizona follows a pure comparative fault system, codified primarily in Arizona Revised Statutes § 12-2506. The trier of fact allocates a percentage of fault to each person or entity that contributed to the injury or damage. A plaintiff's recovery is reduced by the percentage of fault attributable to that plaintiff. A plaintiff is not barred from recovery simply because they were mostly at fault. If the decedent was comparatively negligent, the damages recoverable in the wrongful death action are generally reduced by the decedent's percentage of fault because the claim derives from the decedent's right to recover had they survived. Comparative fault also applies to property damage claims arising from negligence. If the property owner was comparatively at fault, the owner's recovery is reduced according to that percentage of fault. One person's comparative fault is not automatically imputed to the plaintiffs. Imputation requires a recognized legal relationship or another legal doctrine that makes one person's negligence attributable to another.

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend: Arizona Revised Statute § 12-712 does not apply to state law claims for wrongful death and property damage. Especially in the context of claims arising from police shootings. Applying the statute could be unconstitutional because it could effectively remove the jury's role in determining contributory negligence. Arizona

Revised Statute § 12-712 could violate Article 18, § 5 of the Arizona Constitution, which provides: "The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury." A statute that completely bars recovery because of the plaintiff's criminal conduct improperly removes that factual determination from the jury.

Furthermore, Article 18, §6 of the Arizona Constitution states that, “The right of action to recover damages for injuries shall never be abrogated." In addition, Article 2, §31 of the Arizona Constitution stands for the prohibition of statutory limitations on damages. Plaintiffs contend that the Arizona Constitution requires a jury to determine comparative fault. A statute that categorically bars recovery violates Article 18, § 5 of the Arizona Constitution. Whether the decedent's conduct justified the shooting remains a factual question for the jury.

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.) The specific Arizona Criminal Statutes applicable are: Aggravated Assault (December 4, 2020), ARS 13-1204 – Class 3 Felony; Unlawful Flight, ARS 28-622.01 – Class 5 Felony; Resisting Arrest, ARS 13-2508 – Class 6 Felony; Aggravated Assault (January 20, 2021), ARS 13-1204 – Class 3 Felony.

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend: Assumption of the risk does not apply to state law claims for wrongful death or property damage. Pursuant to Article 18, §5 of the Arizona Constitution, "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Therefore, Courts generally cannot decide assumption of the risk as a matter of law when there is evidence supporting the claim. Especially in police shootings, the Court should closely consider whether the decedent actually appreciated and voluntarily accepted the specific risk of being shot, whether the officers' conduct constituted an independent superseding cause, and the comparative fault of all parties. All these factors are factual issues reserved for the jury under Article 18, § 5 of the Arizona Constitution. In the case at bar, the facts are disputed and there was no enforceable express waiver.

Regarding property damage, Article 18, § 5 of the Arizona constitution provides that the defense of assumption of the risk is a factual issue for the jury. Arizona's comparative fault statute, A.R.S. § 12-2505, also incorporates assumption of the risk into the comparative fault system rather than treating it as an absolute defense in most negligence actions.

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend: Decedent's damages for pain and suffering may be precluded, however, if the decedent's statutory beneficiaries bring a wrongful death claim under Arizona's wrongful death statutes, § 14-3110 does not limit their damages because those damages belong to the beneficiaries, not to the estate.

The beneficiaries may seek damages for their own losses, including: loss of love, affection, companionship, care, protection, and guidance; loss of consortium; grief and sorrow; loss of financial support; and funeral expenses.

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend: The doctrines of necessity and duress are not applicable in this case because here, the Defendants are state actors. Pursuant to Article 2, § 17 of the Arizona Constitution provides that private property shall not be taken or damaged for public or private use without just compensation. Arizona's Takings Clause is broad because it expressly includes property that is damaged, not merely taken. Therefore, even if public

necessity defeats a tort claim, it does not automatically defeat a constitutional claim for just compensation.

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**E. LISTS OF WITNESSES**

**I. Plaintiffs' Witnesses**

**Witnesses of Fact:**

1. Anna Christine Lewis, c/o Coronado Law Firm, PLLC, 4700 West White Mountain Boulevard, Lakeside, Arizona 85929. Anna Christine Lewis is Bradley Alexander Lewis' mother and the Co-Personal Representative of the Estate of Bradley Alexander Lewis. Ms. Lewis will testify regarding the incident that occurred on January 20, 2021, which resulted in the death of her son, Bradley Alexander Lewis. Mrs. Lewis will also testify regarding the events that lead up to her son's untimely death. She will further testify to all relevant matters in this case, including but not limited to her relationship with her son, Bradley Alexander Lewis.

2. Bradley Lewis, c/o Coronado Law Firm, PLLC, 4700 West White Mountain Boulevard, Lakeside, Arizona 85929. Bradley Lewis is Bradley Alexander Lewis' Father and the Co-personal Representative of the Estate of Bradley Alexander Lewis. Mr. Lewis