EXHIBIT B

Index/Chronology of communication re amending the Joint Proposed Final Pretrial Order (JPFPTO), also referred to as JPPTO

6/30/26 Settlement conference/mediation with Mediator Larry Fleischman

7/2/26 Email Audilett to Coronado, "We want to file a supplement to the JPPTO…" attaching a list of legal issues and exhibits to add, contested legal issues 21 through 25, Defendants' Exhibits 616 through 623. (Exhibit B attachments, pp. 001 – 003.)

7/3/26 Same email Audilett to Coronado, because of an indication it didn't go through to Coronado assistants, attaching the same list of legal issues and exhibits to add. (Exhibit B, pp. 004 – 006.)

7/3/26 Email K Audilett to Coronado, regarding email didn't go through to Coronado assistants or to Coronadolawfirmaz email address. (Exhibit B, p. 007.)

7/4/26 Email Coronado to Audilett, Mr. Coronado indicating he got both emails, from D Audilett, and test email from K Audilett. (Exhibit B, p. 008.)

7/4/26 Email Coronado to Audilett, he will look at the stipulation and get back. He does not foresee an objection. The redacted portion of this email involves ongoing settlement discussions after the 6/30/26 settlement conference. (Exhibit B, p. 009.)

7/7/26 Text, Audilett to Coronado, states in part, I recently sent you an email that you said you received about stipulating to amending the JPPTO and you indicated that you didn't think you would have objections. Please confirm "no objection" and we will put it together, have you review, and get it filed well before the August 12 in-person pretrial conference with Judge Marquez. The redacted portion of this text concerns the ongoing discussions after the June 30 settlement conference. (Exhibit B, p. 010.)

Mr. Coronado responded. Hello, Daryl. Thank you for your email. I am still talking to my clients. I'll get back to you re the report. (Exhibit B, p. 010.)

7/9/26 Text, Audilett to Coronado, Eduardo, we need to hear from you about our proposal for amending the JPPTO. And, if you have no objection, you

need to fill out the "Plaintiffs contend" parts. Please advise at your earliest opportunity. (Exhibit B, p. 011.)

7/9/26 Email Audilett to Coronado, We need to hear from you ASAP about whether you have any objections to our proposed amendments to the JPPTO. If you have no objection, please say so, and please fill out the "Plaintiffs contend" parts. We will then prepare the stip and order. Please advise ASAP, at your earliest opportunity. (Exhibit B, p. 012.)

7/10/26 Email K Audilett to Coronado, Attached is a revised list of items we would like to include in the motion to amend the Joint Proposed Pretrial Order. In reviewing for drafting motions in limine, under Plaintiffs' Discovery Responses, I had listed our requests for admission to your clients, but had not individually listed their responses, so those are added. Please add your contentions and any objections and send this back to us. We need to file the motion soon, and need to indicate whether you stipulate we can do that. The attachment is a revised list of contested legal issues, unchanged, and Defendants' exhibits 616 through 628. (Exhibit B, p. 013- 016.)

7/13/26 Text, D Audilett to Coronado, Eduardo, it has been almost a week (since last Tuesday) since you said that you would get back to us about amending the pretrial and we have not heard from you. (Exhibit B, p. 017.)

Coronado responded, Good morning, Daryl. I'll work on it tomorrow. (Exhibit B, p. 017.)

7/14/26 Phone call D Audilett, K Audilett and E Coronado, discussed amending the JPPTO.

7/14/26 Email K Audilett to Coronado, As we discussed, attached is a new list for your input into amending the JPPTO (just adds one more additional exhibit). Please fill in your contentions on the issues, and indicate for each exhibit if you have no objection, or what your objection is. The attachment is the same contested legal issues and Defendants' Exhibits 616 through 629. (Exhibit B, pp. 018 – 021.)

7/14/26 Text, Coronado to Audilett, Was Karen able to send the email re the revised parts to the Joint Report? Use the following email address: coronadolawfirmaz@gmail.com. (Exhibit B, p. 017.)

Audilett responded, Yes. She sent it at 4:48 and again right now. Please confirm receipt. (Exhibit B, p. 017.)

Coronado responded, I'll look. Thx. Very weird, got the resent one but not the first one. (Exhibit B, p. 017.)

7/14/26 Email K Audilett to Coronado, resending earlier 7/14/26 email and list of amendment items. (Exhibit B, pp. 018 - 022.)

7/14/26 Email Coronado to Audilett, Hello, Here is what I have. Attachment is "v2 Items for Mot to Supplement JPPTO, for consultation," the list sent to Coronado of amendment items, with "Plaintiffs contend" sections filled in on the contested legal issues. No objections are listed to Defendants' Exhibits 616 – 629. (Exhibit B, p. 023 – 027.)

7/15/26 Email Audilett to Coronado, acknowledging receipt of Coronado's list of contentions. (Exhibit B, p. 028.)

7/16/26 Motions in Limine due, deadline.

7/30/26 Responses to Motions in Limine due, original deadline.

8/11/26 Email, Audilett to Coronado, Final version of Stipulated Motion to Amend Pretrial, and Attached Exhibit A. The Coronado changes adding the Plaintiffs' contentions on the legal issues were made to the draft proposed amended pretrial order. This email has 6 attachments, the "v2 Items for Mot to Supplement JPPTO, for consultation" list on which Coronado indicated Plaintiffs' contentions, the Exhibit A draft of the amended JPFPTO to be attached to the Motion for Leave to Amend; a copy of p. 41, where criminal statutes added to section on ARS § 12-712 were bolded; excerpted pp. 143 – 146 where exhibits were added and designated deposition portions were repeated in Part G for deposition excerpts already listed as exhibits; a draft of the Stipulated Motion to Amend, and a draft of the proposed order on the motion.

The body of the email sets forth the changes that were made in the proposed Amended Joint Proposed Final Pretrial Order, in addition to those changes being bolded and underlined in the Exhibit A draft. Audilett requests that Coronado review and give permission to sign for him. "Please respond as

soon as you can. We should get the Stipulated Motion filed well in advance of the September 15 Pretrial Conference." (Exhibit B, pp. 029 – 031.)

8/12/26 Text, D Audilett to Coronado, Eduardo, yesterday we emailed you what are hopefully the final changes to the stipulated Motion to Amend the JPPTO. Please take a look at it. I don't think it will take you more than about 5 minutes to review. Let us know that we can get this Motion filed, well before the September 15 Pretrial Conference. Thank you. (Exhibit B, p. 032.)

Mr. Coronado responded, Daryl, I did not see it. I'll look for it. (Exhibit B, p. 032.)

8/13/26 Extended deadline for Plaintiffs to file responses to motions in limine.

8/18/26 Text, D Audilett to Coronado, On Tuesday, August 10 we sent you an email with the final changes to the Stipulated Motion to Amend the JPPTO. You said you would look for it. We are forwarding it to you again right now. Please let us know today whether we can file and sign for you. We need to get it filed well in advance of the Pretrial Conference on September 15.

It was actually emailed to you on Tuesday, August 11, and Karen is emailing it to you again right now. (Exhibit B, p. 033.)

8/18/2026 Email K Audilett to Coronado, re-sending 8/11/26 Email, D Audilett to Coronado, with attachments. (Exhibit B, p. 034 - 036.)

8/20/26 Text, D Audilett to Coronado, Eduardo, I was hoping to get filed a Stipulated Motion to Amend the JPPTO, which benefits us both. But you have apparently decided to ignore our two most recent attempts to finalize the Motion. We will file a Motion to Amend and you can respond to it, or not, as you choose. If you change your mind and decide to participate in a Stipulated Motion, please let us know right away. (Exhibit B, p. 033.)

8/21/26 Defendants filed their Motion for Leave to File an Amended Joint Proposed Final Pretrial Order (Doc. 207).

| | |
|---|---|
| **From:** | Daryl Audilett |
| **To:** | Eduardo Coronado; Trisha Stephenson; Coronado Law Firm; Tammie |
| **Cc:** | Karen Audilett; Andrew Petersen; Anna McCollum |
| **Subject:** | Lewis v Caudillo, Nanos, Pima County, Supplementing the Joint Proposed Pretrial Order (JPPTO) |
| **Date:** | Thursday, July 2, 2026 2:09:12 PM |
| **Attachments:** | Items for Mot to Supplement JPPTO, for consultation.docx |

Eduardo,

We want to file a supplement to the JPPTO in order to provide more complete information regarding the legal issues and exhibits. These items are listed and described in the attached WORD document. You can also put in your "Plaintiffs contend" information into the document and send it back and we will incorporate it into a Supplement to the JPPTO document.

If you will stipulate to this, we will prepare and submit the stipulation. If you will not stipulate, we will file a Motion to File a Supplement to the JPPTO.

Either way, please advise at your earliest opportunity whether you will stipulate, or whether we need to file the Motion to File, which will be done early next week.

Thank you.

Daryl Audilett
AUDILETT LAW PC
PO Box 12308
Tucson AZ 85732
Cell: 520-349-5468
daa@audilettlaw.com

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

**Add to "Contested Issues of Fact and Law, II. Issues of law to be determined:"**

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend:

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.)

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend:

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend:

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**<u>Add to Defendants' Exhibits, will use:</u>**

616. The incident key fob and lanyard in evidence

617. Lewis's shorts in evidence

618. Lewis's shirt in evidence

619. Photo, PCSD 01931, back of Lewis shorts from OME

620. Photo, PCSD 01941, small key pocket, inner waistband, Lewis shorts from OME

621. Photo, PCSD 01942, opening to small key pocket, Lewis shorts from OME

622. Photo, PCSD 01943, small key pocket, Lewis shorts from OME

623. Estimate for repair of the Stricklens' Ford F150, Tuttle-Click Collision Center, in the amount of $4538.18, Doc. 75-26, Exhibit 31 to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. 75-1.

**From:** Daryl Audilett
**To:** Eduardo Coronado; Trisha Stephenson; Coronado Law Firm; Tammie
**Cc:** Karen Audilett; Andrew Petersen; Anna McCollum
**Subject:** Lewis v Caudillo, Nanos, Pima County, Supplementing the Joint Proposed Pretrial Order (JPPTO)
**Date:** Friday, July 3, 2026 4:50:06 AM
**Attachments:** Items for Mot to Supplement JPPTO, for consultation.docx

Eduardo,

We want to file a supplement to the JPPTO in order to provide more complete information regarding the legal issues and exhibits. These items are listed and described in the attached WORD document. You can also put in your "Plaintiffs contend" information into the document and send it back and we will incorporate it into a Supplement to the JPPTO document.

If you will stipulate to this, we will prepare and submit the stipulation. If you will not stipulate, we will file a Motion to File a Supplement to the JPPTO.

Either way, please advise at your earliest opportunity whether you will stipulate, or whether we need to file the Motion to File, which will be done early next week.

Thank you.

Daryl Audilett
AUDILETT LAW PC
PO Box 12308
Tucson AZ 85732
Cell: 520-349-5468
daa@audilettlaw.com

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

**Add to "Contested Issues of Fact and Law, II. Issues of law to be determined:”**

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend:

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.)

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend:

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend:

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**Add to Defendants' Exhibits, will use:**

616. The incident key fob and lanyard in evidence

617. Lewis's shorts in evidence

618. Lewis's shirt in evidence

619. Photo, PCSD 01931, back of Lewis shorts from OME

620. Photo, PCSD 01941, small key pocket, inner waistband, Lewis shorts from OME

621. Photo, PCSD 01942, opening to small key pocket, Lewis shorts from OME

622. Photo, PCSD 01943, small key pocket, Lewis shorts from OME

623. Estimate for repair of the Stricklens' Ford F150, Tuttle-Click Collision Center, in the amount of $4538.18, Doc. 75-26, Exhibit 31 to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. 75-1.

**From:** Karen Audilett
**To:** Eduardo Coronado; Trisha Stephenson; Coronado Law Firm; Tammie
**Cc:** Daryl Audilett
**Subject:** Test Email to your office"s email addresses
**Date:** Friday, July 3, 2026 5:00:48 PM

Eduardo, the email we sent you yesterday about supplementing the JPPTO got kicked back as undeliverable to Daryl from the three gmail addresses, Trisha, Tammie and Coronadolawfirmaz.

I'm sending this to see if this one goes through, or to let you know there is a problem with those addresses.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

**From:** Coronado Law Firm
**To:** Karen Audilett
**Cc:** Eduardo Coronado; Trisha Stephenson; Tammie; Daryl Audilett
**Subject:** Re: Test Email to your office"s email addresses
**Date:** Saturday, July 4, 2026 8:14:20 AM

Hello Karen and Daryl,
I got this. I also got Daryl's email.
Eduardo

On Fri, Jul 3, 2026 at 6:32 PM Karen Audilett <kaa@audilettlaw.com> wrote:

> Eduardo, the email we sent you yesterday about supplementing the JPPTO got kicked back as undeliverable to Daryl from the three gmail addresses, Trisha, Tammie and Coronadolawfirmaz.
>
> I'm sending this to see if this one goes through, or to let you know there is a problem with those addresses.
>
> *Karen Audilett*
>
> *Legal Assistant*
>
> *AUDILETT LAW PC*
>
> *PO Box 12308*
>
> *Tucson AZ 85732-2308*
>
> *Cell: (520) 349-7122*
>
> *kaa@audilettlaw.com*
>
> This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
>
> attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have
>
> received this in error, please notify me by replying and then delete both the message and reply.

**From:** Coronado Law Firm
**To:** Daryl Audilett; Karen Audilett
**Subject:** Re: Lewis v. Caudillo, Nanos, Pima County
**Date:** Saturday, July 4, 2026 8:52:37 AM

---

Daryl,
Thanks. I will look at the stipulation and get back to you. I do not foresee an objection.
You and your family have a nice Fourth of July weekend.
Eduardo

On Sat, Jul 4, 2026 at 8:44 AM Daryl Audilett <daa@audilettlaw.com> wrote:

> [redacted]
>
> Get Outlook for iOS
>
> ---
>
> **From:** Coronado Law Firm <coronadolawfirmaz@gmail.com>
> **Sent:** Saturday, 04 July 2026 08:41:44
> **To:** Karen Audilett <kaa@audilettlaw.com>; Daryl Audilett <daa@audilettlaw.com>
> **Subject:** Lewis v. Caudillo, Nanos, Pima County
>
> Hello Daryl,
> [redacted]
>
> --
>
> **Sincerely,**
>
> **Eduardo H. Coronado, Esq.**
>
> **Coronado Law Firm, PLLC**
>
> **4700 W. White Mountain Boulevard, Suite A**

1:39 PM Wed Sep 2

98%

**Eduardo**

Tue, Jul 7 at 5:45 PM

Why?

Eduardo. [redacted] I recently sent you an email that you said you received about stipulating to amending the JPPTO and you indicated that you didn't think you would have objections. Please confirm "no objection" and we will put it together, have you review, and get it filed well before the August 12 in-person pretrial conference with Judge Marquez. Thank you. Daryl

Hello Daryl. Thank you for your email. I am still talking to my clients.
I'll get back to you re the report.

Thanks

iMessage

E

**Eduardo**

Info Backgrounds

mobile
[redacted]

Hide Alerts

Send Read Receipts

Show in Shared with You

Automatically Translate

Edit

8:15 PM Tue Sep 1

ck to you re the report.

**Eduardo**

Thanks

Thu, Jul 9 at 8:56 AM

Eduardo. We need to hear from you about our proposal for amending the JPPTO. And, if you have no objection, you need to fill out the "Plaintiffs contend" parts. Please advise at your earliest opportunity. Thank you. Daryl

Mon, Jul 13 at 7:04 AM

Eduardo, it has been almost a week (since last Tuesday) since you said that you would get back to us about amending the pretrial and we have not heard from you.

Mon, Jul 13 at 8:11 AM

Good morning Daryl. I'll work on it tomorrow.

Tue, Jul 14 at 5:15 PM

Hello Daryl. Was Karen able to send the email re the revised parts to the Joint Report?
Use the following email address:
coronadolawfirmaz@gmail.com

She sent it at 4:48 and

receipt.

iMessage

**Eduardo**

Info Backgrounds

mobile
[redacted]

Hide Alerts

Send Read Receipts

Show in Shared with You

Automatically Translate

Edit

**From:** Daryl Audilett
**To:** Eduardo Coronado; Trisha Stephenson; Tammie
**Cc:** Karen Audilett; Andrew Petersen; Anna McCollum
**Subject:** Need response to amending JPPTO
**Date:** Thursday, July 9, 2026 9:09:20 AM

---

Eduardo,

We need to hear from you ASAP about whether you have any objections to our proposed amendments to the JPPTO. If you have no objection, please say so, and please fill out the "Plaintiffs contend" parts. We will then prepare the stip and order. Please advise ASAP, at your earliest opportunity.

Thank you.

Daryl Audilett
AUDILETT LAW PC
PO Box 12308
Tucson AZ 85732
Cell: 520-349-5468
daa@audilettlaw.com

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

| | |
|---|---|
| **From:** | Karen Audilett |
| **To:** | Eduardo Coronado; Trisha Stephenson; Tammie; Coronado Law Firm |
| **Cc:** | Andrew Petersen; Anna McCollum |
| **Subject:** | Lewis v Caudillo, Nanos, Revised list of items for consultation on amending the JPPTO |
| **Date:** | Friday, July 10, 2026 11:41:03 AM |
| **Attachments:** | Items for Mot to Supplement JPPTO, for consultation.docx |

Attached is a revised list of items we would like to include in the motion to amend the Joint Proposed Pretrial Order. In reviewing for drafting motions in limine, under Plaintiffs' Discovery Responses, I had listed our requests for admissions to your clients, but had not individually listed their responses, so those are added.

Please add your contentions and any objections and send this back to us. We need to file the motion soon, and need to indicate whether you stipulate we can do that. Thank you.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

**<u>Add to "Contested Issues of Fact and Law, II. Issues of law to be determined:"</u>**

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend:

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.)

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend:

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend:

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**Add to Defendants' Exhibits, will use:**

616. The incident key fob and lanyard in evidence

617. Lewis's shorts in evidence

618. Lewis's shirt in evidence

619. Photo, PCSD 01931, back of Lewis shorts from OME

620. Photo, PCSD 01941, small key pocket, inner waistband, Lewis shorts from OME

621. Photo, PCSD 01942, opening to small key pocket, Lewis shorts from OME

622. Photo, PCSD 01943, small key pocket, Lewis shorts from OME

623. Estimate for repair of the Stricklens' Ford F150, Tuttle-Click Collision Center, in the amount of $4538.18, Doc. 75-26, Exhibit 31 to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. 75-1.

624. Bradley M. Lewis's Responses to Defendants' First Request for Admissions, December 27, 2023.

625. Anna C. Lewis's Responses to Defendants' First Request for Admissions, 12-27-23

626. Helen Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

627. Ralph Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

628. Responses by the Estate to Defendants' First Request for Admissions, 12-27-23

8:15 PM Tue Sep 1

need to fill out the "Plaintiffs contend" parts. Please advise at your earliest opportunity. Thank you. Daryl

Eduardo

Mon, Jul ... 7:04 AM

Eduardo, it has been almost a week (since last Tuesday) since you said that you would get back to us about amending the pretrial and we have not heard from you.

Mon, Jul 13 at 8:11 AM

Good morning Daryl. I'll work on it tomorrow.

Tue, Jul 14 at 5:15 PM

Hello Daryl. Was Karen able to send the email re the revised parts to the Joint Report?
Use the following email address:
coronadolawfirmaz@gmail.com

Yes. She sent it at 4:48 and again right now. Please confirm receipt.

Delivered

I'll look. Thx

Very weird, got the resent one but not the first one.

iMessage

98%

Edit

Eduardo

Info Backgrounds

mobile
[redacted]

Hide Alerts

Send Read Receipts

Show in Shared with You

Automatically Translate

**From:** Karen Audilett
**To:** Coronado Law Firm
**Cc:** Daryl Audilett; Trisha Stephenson; Tammie; Andrew Petersen; Anna McCollum
**Subject:** Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts" MILs
**Date:** Tuesday, July 14, 2026 4:48:22 PM
**Attachments:** List of Defendants" MILs.docx
Items for Mot to Supplement JPPTO, for consultation.docx

---

As we discussed, attached is a new list for your input into amending the JPPTO (just adds one more additional exhibit). Please fill in your contentions on the issues, and indicate for each exhibit if you have no objection, or what your objection is.

There is also a new list of the actual Defts' MILs, which we plan to start filing tomorrow. Thanks.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

**<u>Add to "Contested Issues of Fact and Law, II. Issues of law to be determined:" Current to 7-14-26</u>**

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend:

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.)

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend:

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend:

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend:

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**Add to Defendants' Exhibits, will use:**

616. The incident key fob and lanyard in evidence

617. Lewis's shorts in evidence

618. Lewis's shirt in evidence

619. Photo, PCSD 01931, back of Lewis shorts from OME

620. Photo, PCSD 01941, small key pocket, inner waistband, Lewis shorts from OME

621. Photo, PCSD 01942, opening to small key pocket, Lewis shorts from OME

622. Photo, PCSD 01943, small key pocket, Lewis shorts from OME

623. Estimate for repair of the Stricklens' Ford F150, Tuttle-Click Collision Center, in the amount of $4538.18, Doc. 75-26, Exhibit 31 to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. 75-1.

624. Bradley M. Lewis's Responses to Defendants' First Request for Admissions, December 27, 2023.

625. Anna C. Lewis's Responses to Defendants' First Request for Admissions, 12-27-23

626. Helen Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

627. Ralph Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

628. Responses by the Estate to Defendants' First Request for Admissions, 12-27-23

629. Video clip, Gilbert Caudillo deposition, pp. 72:4 to 73:22, "hands, see a gun, fear for my life" (transcript is Exhibit 333)

**From:** Karen Audilett
**To:** Coronado Law Firm
**Subject:** FW: Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts" MILs
**Date:** Tuesday, July 14, 2026 5:18:20 PM
**Attachments:** List of Defendants" MILs.docx
Items for Mot to Supplement JPPTO, for consultation.docx

---

Re-sending. See below.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

---

**From:** Karen Audilett
**Sent:** Tuesday, July 14, 2026 4:48 PM
**To:** Coronado Law Firm <coronadolawfirmaz@gmail.com>
**Cc:** Daryl Audilett <daa@audilettlaw.com>; Trisha Stephenson <trisha.stephenson.clf@gmail.com>; Tammie <tammie.clf@gmail.com>; Andrew Petersen <apetersen@humphreyandpetersen.com>; Anna McCollum <amccollum@humphreyandpetersen.com>
**Subject:** Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts' MILs

As we discussed, attached is a new list for your input into amending the JPPTO (just adds one more additional exhibit). Please fill in your contentions on the issues, and indicate for each exhibit if you have no objection, or what your objection is.

There is also a new list of the actual Defts' MILs, which we plan to start filing tomorrow. Thanks.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that

**From:** Coronado Law Firm
**To:** Karen Audilett
**Cc:** Daryl Audilett; Trisha Stephenson; Tammie; Andrew Petersen; Anna McCollum
**Subject:** Re: Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts" MILs
**Date:** Tuesday, July 14, 2026 11:45:39 PM
**Attachments:** v2 Items for Mot to Supplement JPPTO, for consultation.docx

Hello,
Here is what I have.
Eduardo

On Tue, Jul 14, 2026 at 7:20 PM Karen Audilett <kaa@audilettlaw.com> wrote:

> As we discussed, attached is a new list for your input into amending the JPPTO (just adds one more additional exhibit). Please fill in your contentions on the issues, and indicate for each exhibit if you have no objection, or what your objection is.
>
> There is also a new list of the actual Defts' MILs, which we plan to start filing tomorrow. Thanks.
>
> *Karen Audilett*
>
> *Legal Assistant*
>
> *AUDILETT LAW PC*
>
> *PO Box 12308*
>
> *Tucson AZ 85732-2308*
>
> *Cell: (520) 349-7122*
>
> *kaa@audilettlaw.com*
>
> This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
>
> attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have
>
> received this in error, please notify me by replying and then delete both the message and reply.

**<u>Add to "Contested Issues of Fact and Law, II. Issues of law to be determined:" Current to 7-14-26</u>**

Issue 21: Whether Comparative Fault applies to the state law claims for wrongful death and property damage, and Lewis's comparative fault is imputed to the Plaintiffs?

Plaintiffs contend: Yes, under Arizona law, comparative fault generally applies to wrongful death and property damage claims, but whether one person's fault is imputed to the plaintiffs depends on the relationship between the parties and the legal theory involved. Arizona follows a pure comparative fault system, codified primarily in Arizona Revised Statutes § 12-2506. The trier of fact allocates a percentage of fault to each person or entity that contributed to the injury or damage. A plaintiff's recovery is reduced by the percentage of fault attributable to that plaintiff. A plaintiff is not barred from recovery simply because they were mostly at fault. If the decedent was comparatively negligent, the damages recoverable in the wrongful death action are generally reduced by the decedent's percentage of fault because the claim derives from the decedent's right to recover had they survived. Comparative fault also applies to property damage claims arising from negligence. If the property owner was comparatively at fault, the owner's recovery is reduced according to that percentage of fault. One person's comparative fault is not automatically imputed to the plaintiffs. Imputation requires a recognized legal relationship or another legal doctrine that makes one person's negligence attributable to another.

Defendants contend: Comparative Fault applies to the state law claims for wrongful death and property damage and Lewis's comparative fault is imputed to Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 146.)

Issue 22: Whether ARS 12-712 applies to the state law claims for wrongful death and property damage?

Plaintiffs contend: Arizona Revised Statute § 12-712 does not apply to state law claims for wrongful death and property damage. Especially in the context of claims arising from police shootings. Applying the statute could be unconstitutional because it could effectively remove the jury's role in determining contributory negligence. Arizona Revised Statute § 12-712 could violate Article 18, § 5 of the Arizona Constitution, which provides: "The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury." A statute that completely bars recovery because of the plaintiff's criminal conduct improperly removes that factual determination from the jury.
Furthermore, Article 18, §6 of the Arizona Constitution states that, "The right of action to recover damages for injuries shall never be abrogated." In addition, , Article 2, §31 of the Arizona Constitution stands for the prohibition of statutory limitations on damages. Plaintiffs contend that the Arizona Constitution requires a jury to determine comparative fault. A statute that categorically bars recovery violates Article 18, § 5 of the Arizona Constitution. Whether the decedent's conduct justified the shooting remains a factual question for the jury.

Defendants contend: Lewis was engaged in attempting to commit, committing or immediately fleeing from a criminal act (felony flight, felony escape, aggravated vehicular assault on Sgt. Moseley, aggravated assault on Deputy Caudillo and was at least 50 percent responsible for the event that caused his death, therefore the jury has the option of finding in favor of Defendants on the state law claims for wrongful death and for property damage. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 139.)

Issue 23: Whether the theory of assumption of the risk applies to the state law claims for wrongful death and property damage?

Plaintiffs contend: Assumption of the risk does not apply to state law claims for wrongful death or property damage. Pursuant to Article 18, §5 of the Arizona Constitution, "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Therefore, Courts generally cannot decide assumption of the risk as a matter of law when there is evidence supporting the claim. Especially in police shootings, the Court should closely consider whether the decedent actually appreciated and voluntarily accepted the specific risk of being shot, whether the officers' conduct constituted an independent superseding cause, and the comparative fault of all parties. All these factors are factual issues reserved for the jury under Article 18, § 5 of the Arizona Constitution. In the case at bar, the facts are disputed and there was no enforceable express waiver.

Regarding property damage, Article 18, § 5 of the Arizona constitution provides that the defense of assumption of the risk is a factual issue for the jury. Arizona's comparative fault statute, A.R.S. § 12-2505, also incorporates assumption of the risk into the comparative fault system rather than treating it as an absolute defense in most negligence actions.

Defendants contend: The legal theory of assumption of the risk applies to the state law claims for wrongful death and property damage and the jury is entitled to assign a percentage of fault to Lewis which is imputed to the Plaintiffs. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 145.)

Issue 24: Whether ARS 14-3110 precludes damages to be awarded to the Estate of the decedent for pain and suffering?

Plaintiffs contend: Decedent’s damages for pain and suffering may be precluded, however, if the decedent's statutory beneficiaries bring a wrongful death claim under

Arizona's wrongful death statutes, § 14-3110 does **not** limit their damages because those damages belong to the beneficiaries, not to the estate.

The beneficiaries may seek damages for their own losses, including: loss of love, affection, companionship, care, protection, and guidance; loss of consortium; grief and sorrow; loss of financial support; and funeral expenses.

Defendants contend: ARS 14-3110 precludes awarding damages to the Estate for the decedent's pain and suffering. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶ 138.)

Issue 25: Whether the doctrines of necessity and duress are applicable to this case and allow the defendants to damage or destroy property in certain circumstances without paying compensation, i.e., referring to the damage to the Stricklens' Ford F-150?

Plaintiffs contend: The doctrines of necessity and duress are not applicable in this case because here, the Defendants are state actors. Pursuant to Article 2, § 17 of the Arizona Constitution provides that private property shall not be taken or damaged for public or private use without just compensation. Arizona's Takings Clause is broad because it expressly includes property that is damaged, not merely taken. Therefore, even if public necessity defeats a tort claim, it does not automatically defeat a constitutional claim for just compensation.

Defendants contend: The doctrines of necessity and duress are applicable to this case inasmuch as the bullets fired by Deputy Caudillo were the result of the necessity and duress imposed upon him to defend himself and others from what he reasonably perceived to be Lewis charging at him with a black handgun in his right hand. (See Amended Answer to Second Amended Complaint, Doc. 36, ¶¶ 150-151.)

**Add to Defendants' Exhibits, will use:**

616. The incident key fob and lanyard in evidence

617. Lewis's shorts in evidence

618. Lewis's shirt in evidence

619. Photo, PCSD 01931, back of Lewis shorts from OME

620. Photo, PCSD 01941, small key pocket, inner waistband, Lewis shorts from OME

621. Photo, PCSD 01942, opening to small key pocket, Lewis shorts from OME

622. Photo, PCSD 01943, small key pocket, Lewis shorts from OME

623. Estimate for repair of the Stricklens' Ford F150, Tuttle-Click Collision Center, in the amount of $4538.18, Doc. 75-26, Exhibit 31 to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. 75-1.

624. Bradley M. Lewis's Responses to Defendants' First Request for Admissions, December 27, 2023.

625. Anna C. Lewis's Responses to Defendants' First Request for Admissions, 12-27-23

626. Helen Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

627. Ralph Stricklen's Responses to Defendants' First Request for Admissions, 12-27-23

628. Responses by the Estate to Defendants' First Request for Admissions, 12-27-23

629. Video clip, Gilbert Caudillo deposition, pp. 72:4 to 73:22, "hands, see a gun, fear for my life" (transcript is Exhibit 333)

**From:** Daryl Audilett
**To:** Coronado Law Firm; Karen Audilett
**Cc:** Trisha Stephenson; Tammie; Andrew Petersen; Anna McCollum
**Subject:** Re: Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts" MILs
**Date:** Wednesday, July 15, 2026 12:29:04 AM

---

Received. Thank you.

Get Outlook for iOS

---

**From:** Coronado Law Firm <coronadolawfirmaz@gmail.com>
**Sent:** Tuesday, 14 July 2026 23:45:20
**To:** Karen Audilett <kaa@audilettlaw.com>
**Cc:** Daryl Audilett <daa@audilettlaw.com>; Trisha Stephenson <trisha.stephenson.clf@gmail.com>; Tammie <tammie.clf@gmail.com>; Andrew Petersen <apetersen@humphreyandpetersen.com>; Anna McCollum <amccollum@humphreyandpetersen.com>
**Subject:** Re: Lewis v Nanos, Caudillo, Amending the Joint Proposed Pretrial, list of issues, and new list of Defts' MILs

Hello,
Here is what I have.
Eduardo

On Tue, Jul 14, 2026 at 7:20 PM Karen Audilett <kaa@audilettlaw.com> wrote:

> As we discussed, attached is a new list for your input into amending the JPPTO (just adds one more additional exhibit). Please fill in your contentions on the issues, and indicate for each exhibit if you have no objection, or what your objection is.
>
> There is also a new list of the actual Defts' MILs, which we plan to start filing tomorrow. Thanks.
>
> *Karen Audilett*
>
> *Legal Assistant*
>
> *AUDILETT LAW PC*
>
> *PO Box 12308*
>
> *Tucson AZ 85732-2308*
>
> *Cell: (520) 349-7122*
>
> *kaa@audilettlaw.com*

Outlook

## Final version of Stipulated Motion to Amend Pretrial, and Attached Exhibit A

**From** Daryl Audilett <daa@audilettlaw.com>
**Date** Tue 8/11/2026 12:05 PM
**To** Eduardo Coronado <eduardocoronado@frontier.com>
**Cc** Trisha Stephenson <trisha.stephenson.clf@gmail.com>; Tammie <tammie.clf@gmail.com>; Andrew Petersen <apetersen@humphreyandpetersen.com>; Anna McCollum <amccollum@humphreyandpetersen.com>

6 attachments (638 KB)

v2 Items for Mot to Supplement JPPTO for consultation.docx; EX A Amended JPPTO Audilett 1 to Coronado.docx; Page 41, re ARS 12-712 and criminal statutes.pdf; Pages 143 - 146 exhibits and depo listing.pdf; Stipulated Motion to Amend JPPTO.docx; Proposed Order, Stipulated Mot to Amend JPPTO.docx;

Eduardo,

I recognize that you may be busy right now responding to our MILs. Our goal is to file the Stipulated Motion to Amend the Pretrial Order by on or before one week from today, August 19.

We incorporated your changes/additions from the last draft.

Attached is hopefully the final version of the Stipulated Motion to Amend the Pretrial, and Exhibit A, the proposed Order where the changes are made. We made some minor changes to our parts. They are bolded for your convenience, and Karen will remove the bolding prior to filing. Please review it ASAP and let us know we can sign for you, on the stipulated motion, and on the Exhibit A draft of the Amended Pretrial Order.

Also for your convenience, I am attaching the specific pages where our changes (bolded) were made for this last draft, and I list those changes below and the page that contains them.

On page 41 (attached), regarding the legal issue of whether ARS 12-712 applies, for clarity I added the specific criminal and motor vehicle statutes that I think trigger the application of ARS 12-712. " **The specific Arizona Criminal Statutes applicable are: Aggravated Assault (December 4, 2020), ARS 13-1204 – Class 3 Felony; Unlawful Flight, ARS 28-622.01 – Class 5 Felony; Resisting Arrest, ARS 13-2508 – Class 6 Felony; Aggravated Assault (January 20, 2021), ARS 13-1204 – Class 3 Felony."** I think that your "Plaintiffs contend" section still adequately states your position, and I won't contend that for some reason it does not do so.

Attached is an excerpt of pages 143 - 146. On pages 143-144 (attached), we added Trial Exhibits. You had reviewed a lot of these on the consultation list you sent back previously, that contained your contentions. We added two video depo clips we had attached to our responses to your motions in limine, and also added "**631. Exemplar ballistic shield.**"

On pages 145-146 (attached), we added to section "G. DEPOSITIONS TO BE OFFERED" the deposition excerpts previously listed, and still listed, as Defendants Trial Exhibits. They are:

"**The following deposition excerpts were previously listed as Trial Exhibits, and are reproduced in this section.**

**Exhibit 330: Deposition of Pima County Sheriff's Department Lt. Michael Moseley, excerpted, regarding audio recording of radio transmissions, pp 150 – 161.**

**Exhibit 331: Excerpt Moseley deposition transcript, pp 121 – 122, "Boom, gone".**

**Exhibit 332: Video excerpt of Moseley deposition, Moseley demonstrates, "Boom, gone." (pp. 121 – 122 in transcript.)**

**Exhibit 333: Deposition of Pima County Sheriff's Department Sgt. Gilberto Caudillo, excerpted, with corrections, p. 72:4 to 73:22, "hands, see a gun, fear for my life".**

**Exhibit 334: Deposition of Pima County Sheriff's Department Sgt. Gilberto Caudillo, excerpted, with corrections, p. 152:4 to 154:5, "what makes black mass deadly".**

**Exhibit 335: Deposition of Helen Stricklen, excerpted, and Deposition Exhibit 7, excerpted, depo and statement transcript regarding hearing command before shooting.**

**Exhibit 336: Deposition of Ralph Stricklen, excerpted, and Deposition Exhibit 7, excerpted, depo and statement transcript regarding hearing command before shooting.**

**Exhibit 607: Video deposition clip for Caudillo depo excerpt, pp. 152:4 through 154:5.**

**Exhibit 629: Video clip, Gilbert Caudillo deposition, pp. 72:4 to 73:22, "hands, see a gun, fear for my life" (transcript is Exhibit 333).**

**Exhibit 630: Video excerpt from Gilbert Caudillo video deposition, pp. 78:10 to 82:7 in the transcript, demonstrating how the key fob was positioned and looked like a gun."**

Please respond as soon as you can. We should get the Stipulated Motion filed well in advance of the September 15 Pretrial Conference.

Thank you.

Daryl Audilett
AUDILETT LAW PC
PO Box 12308
Tucson AZ 85732
Cell: 520-349-5468
daa@audilettlaw.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.*

6:32 PM Tue Sep 1

Andrew to attend the pretrial. He will be co-counsel at trial. The judge's Order says counsel responsible for the trial "shall" attend the pre[...] please respond about this at yo[...] earliest opportunity. T[...] Daryl

3 People

Wed, Aug 12 at 7:49 AM

Eduardo, yesterday we emailed you what are hopefully the final changes to the Stipulated Motion to Amend the JPPTO. Please take a look at it. I don't think it will take you more than about 5 minutes to review. Let us know that we can get this Motion filed, well before the September 15 Pretrial Conference. Thanks. Daryl

Eduardo

Daryl, I did not see it. I'll look for it.

Thank you.

Tue, Aug 18 at 7:12 AM

Eduardo, on Tuesday, August 10, we sent you via email, the final changes to the Stipulated Motion to Amend the JPPTO. You said you would look for it. We are forwarding it to you again right now. Please let us know today whether we can file and sign for you. We need to get it filed well in advance of the Pretrial Conference on September 15. Thank you. Daryl

iMessage

It was actually emailed to you on Tuesday, August 11, and

100%

Edit

Eduardo and 2 People

Info Backgrounds

Andrew Eduardo KAREN

Add

Hide Alerts

Show in Shared with You

6:33 PM Tue Sep 1

Daryl, I did not see it. I'll look for it.

3 People

Thank you.

Tue, Aug 18 at 7:12 AM

Eduardo, on Tuesday, August 10, we sent you via email, the final changes to the Stipulated Motion to Amend the JPPTO. You said you would look for it. We are forwarding it to you again right now. Please let us know today whether we can file and sign for you. We need to get it filed well in advance of the Pretrial Conference on September 15. Thank you. Daryl

It was actually emailed to you on Tuesday, August 11, and Karen is emailing it to you again right now.

Thu, Aug 20 at 7:45 AM

Eduardo, I was hoping to get filed a Stipulated Motion to Amend the JPPTO, which benefits us both. But you have apparently decided to ignore our two most recent attempts to finalize the Motion. We will file a Motion to Amend and you can respond to it, or not, as you choose. If you change your mind and decide to participate in a Stipulated Motion, please let us know right away.

iMessage

EXHIBIT B ATTACHMENTS P. 033

100%

Edit

Eduardo and 2 People

Info Backgrounds

Andrew Eduardo KAREN

Add

Hide Alerts

Show in Shared with You

**From:** Karen Audilett
**To:** Eduardo Coronado; Trisha Stephenson; Tammie
**Cc:** Daryl Audilett; Andrew Petersen; Anna McCollum
**Subject:** FW: Final version of Stipulated Motion to Amend Pretrial, and Attached Exhibit A
**Date:** Tuesday, August 18, 2026 7:21:00 AM
**Attachments:** v2 Items for Mot to Supplement JPPTO for consultation.docx
EX A Amended JPPTO Audilett 1 to Coronado.docx
Page 41, re ARS 12-712 and criminal statutes.pdf
Pages 143 - 146 exhibits and depo listing.pdf
Stipulated Motion to Amend JPPTO.docx
Proposed Order, Stipulated Mot to Amend JPPTO.docx

---

See email below from Daryl discussing changes to the pretrial order incorporated into the Amended Order.

*Karen Audilett*
*Legal Assistant*
*AUDILETT LAW PC*
*PO Box 12308*
*Tucson AZ 85732-2308*
*Cell: (520) 349-7122*
*kaa@audilettlaw.com*

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is
attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply.

---

**From:** Daryl Audilett <daa@audilettlaw.com>
**Sent:** Tuesday, August 11, 2026 12:05 PM
**To:** Eduardo Coronado <eduardocoronado@frontier.com>
**Cc:** Trisha Stephenson <trisha.stephenson.clf@gmail.com>; Tammie <tammie.clf@gmail.com>; Andrew Petersen <apetersen@humphreyandpetersen.com>; Anna McCollum <amccollum@humphreyandpetersen.com>
**Subject:** Final version of Stipulated Motion to Amend Pretrial, and Attached Exhibit A

Eduardo,

I recognize that you may be busy right now responding to our MILs. Our goal is to file the Stipulated Motion to Amend the Pretrial Order by on or before one week from today, August 19.

We incorporated your changes/additions from the last draft.

Attached is hopefully the final version of the Stipulated Motion to Amend the Pretrial, and Exhibit A, the proposed Order where the changes are made. We made some minor changes to our parts. They are bolded for your convenience, and Karen will remove the bolding prior to filing. Please review it ASAP and let us know we can sign for you, on the stipulated motion,

and on the Exhibit A draft of the Amended Pretrial Order.

Also for your convenience, I am attaching the specific pages where our changes (bolded) were made for this last draft, and I list those changes below and the page that contains them.

On page 41 (attached), regarding the legal issue of whether ARS 12-712 applies, for clarity I added the specific criminal and motor vehicle statutes that I think trigger the application of ARS 12-712. " **The specific Arizona Criminal Statutes applicable are: Aggravated Assault (December 4, 2020), ARS 13-1204 – Class 3 Felony; Unlawful Flight, ARS 28-622.01 – Class 5 Felony; Resisting Arrest, ARS 13-2508 – Class 6 Felony; Aggravated Assault (January 20, 2021), ARS 13-1204 – Class 3 Felony."** I think that your "Plaintiffs contend" section still adequately states your position, and I won't contend that for some reason it does not do so.

Attached is an excerpt of pages 143 - 146. On pages 143-144 (attached), we added Trial Exhibits. You had reviewed a lot of these on the consultation list you sent back previously, that contained your contentions. We added two video depo clips we had attached to our responses to your motions in limine, and also added "**631. Exemplar ballistic shield."**

On pages 145-146 (attached), we added to section "G. DEPOSITIONS TO BE OFFERED" the deposition excerpts previously listed, and still listed, as Defendants Trial Exhibits. They are:

"**The following deposition excerpts were previously listed as Trial Exhibits, and are reproduced in this section.**

> **Exhibit 330: Deposition of Pima County Sheriff's Department Lt. Michael Moseley, excerpted, regarding audio recording of radio transmissions, pp 150 – 161.**
>
> **Exhibit 331: Excerpt Moseley deposition transcript, pp 121 – 122, "Boom, gone".**
>
> **Exhibit 332: Video excerpt of Moseley deposition, Moseley demonstrates, "Boom, gone." (pp. 121 – 122 in transcript.)**
>
> **Exhibit 333: Deposition of Pima County Sheriff's Department Sgt. Gilberto Caudillo, excerpted, with corrections, p. 72:4 to 73:22, "hands, see a gun, fear for my life".**
>
> **Exhibit 334: Deposition of Pima County Sheriff's Department Sgt. Gilberto Caudillo, excerpted, with corrections, p. 152:4 to 154:5, "what makes black mass deadly".**
>
> **Exhibit 335: Deposition of Helen Stricklen, excerpted, and Deposition Exhibit 7, excerpted, depo and statement transcript regarding hearing command before shooting.**

**Exhibit 336: Deposition of Ralph Stricklen, excerpted, and Deposition Exhibit 7, excerpted, depo and statement transcript regarding hearing command before shooting.**

**Exhibit 607: Video deposition clip for Caudillo depo excerpt, pp. 152:4 through 154:5.**

**Exhibit 629: Video clip, Gilbert Caudillo deposition, pp. 72:4 to 73:22, "hands, see a gun, fear for my life" (transcript is Exhibit 333).**

**Exhibit 630: Video excerpt from Gilbert Caudillo video deposition, pp. 78:10 to 82:7 in the transcript, demonstrating how the key fob was positioned and looked like a gun."**

Please respond as soon as you can. We should get the Stipulated Motion filed well in advance of the September 15 Pretrial Conference.

Thank you.

Daryl Audilett

AUDILETT LAW PC

PO Box 12308

Tucson AZ 85732

Cell: 520-349-5468

daa@audilettlaw.com

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is

attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have

received this in error, please notify me by replying and then delete both the message and reply.