EXHIBIT D

*AUDILETT LAW PC*
335 NORTH WILMOT RD SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Nanos, Caudillo, Moseley and Pima County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Christine Lewis, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, et al.,<br><br>Defendants. | NO. CV 21-00557-TUC-RM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION DATED OCTOBER 19, 2023<br><br>(The Honorable Rosemary Marquez) |

Defendants respond to Plaintiffs' Request for Production of Documents as follows.

**<u>Defendants' Objections:</u> Defendants object to Plaintiffs' Third Request for Production Dated October 19, 2023 as follows:**

**Plaintiffs' Third Request for Production exceeds the scope and limits of discovery imposed by the Federal Rules of Civil Procedure.**

**The scope and limits of discovery are set forth in Federal Rule of Civil Procedure 26(b), Discovery Scope and Limits. F.R.Civ.P. 26(b)(1) Scope in General, provides**

**guidelines and factors for determining the parameters of and legitimacy of discovery requests. Those factors include:**

**(1) The material must be relevant to the party's claims or defenses;**

**(2) The material must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy;**

**(3) Consideration must be given to the parties' relative access to relevant information and the parties' resources;**

**(4) Consideration must be given to the importance of the discovery in resolving the issues;**

**(5) Whether the burden or expenses of the proposed discovery outweighs its likely benefit.**

**Further limits on electronically stored information are found in F.R.Civ.P 26(b)(2)(B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.**

**As noted below, the neighbor surveillance videos have been disclosed twice. The second time involved making copies of the videos directly from an Evidence DVD and CDs. *(See* Defendants' 10-10-2023 Seventh Supplemental Disclosure and exhibits.) Additionally, a full written explanation of how these neighbor videos were obtained was provided in memo form at PCSD 7624 – 7629, summarizing information available to Plaintiffs' counsel in Defendants' 1-10-2023 Initial Disclosure in the PCSD Unredacted**

**PCSD reports, PCSD 1976 – 2109, and in Evidence Control Forms PCSD 2833, 2835 and 2837. *See* also Detective Flores' case notes at PCSD 5643 – 5646, disclosed 4-18-23.**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Regarding PCSD 2478-2490, which was disclosed in Defendants' Initial Disclosure Statement, Plaintiffs' respectfully request the following:

**Since PCSD 2478 – 2490 were disclosed in Defendants' Initial Disclosure Statement, Defendants made the following disclosure to Plaintiffs on a USB drive. Copies of the Evidence DVD (SV1) and CDs (SV2, 3 and 4) were made, and were sent to Plaintiffs on a USB drive.**

**Redisclosure of Neighbor videos in Defts' 7th Supplemental Disclosure Oct 10, 2023**

**Copies of Neighbor surveillance videos copied directly from Evidence DVD and CDs:**

**From 6641 N Paseo de Angel, from two cameras, these videos were previously disclosed:**

Previously disclosed from 6641 N Paseo de Angel, across the street from 6671, two cameras: ("downloaded By PCSD specialist"; see Evidence Sheet PCSD 02833).

PCSD 2478 L2O50001.MP4 – 6641 N Paseo de Angel, northeast camera to traffic stop, 1:17 in length

PCSD 2479 L2O50002.MP4 – 6641 N Paseo de Angel, northeast camera to traffic stop 21:06 in length

PCSD 2480 L2O50003.MP4 – 6641 N Paseo de Angel, northwest camera, to 6671 01:09 in length

PCSD 2481 L2O50004.MP4 – 6641 N Paseo de Angel, northwest camera, to 6671 03:24 in length

PCSD 2482 L2O50005.MP4 – 6641 N Paseo de Angel, northwest camera, to 6671, 22:15 in length

PCSD 2483 L2O50006.MP4 - 6641 N Paseo de Angel, northwest camera, to 6671, 24:16 in length

**Folder: Another copy of the videos above from 6641 N Paseo de Angel has been copied directly from the DVD in Evidence, which is Evidence Item SV1 (see Evidence Control Form 02833). These were provided to Plaintiffs' counsel on USB drive with Defendants' 10-10-23 Seventh Supplemental Disclosure.**

**PCSD 7387 02_20210120063254 1 min 17, same video as PCSD 2478.mp4 39MB MP4 Video 1/20/2021 11:32 AM**

**PCSD 7388 02_20210120063544 21 min 6 sec, same video as PCSD 2479.mp4 998MB MP4 Video 1/20/2021 11:33 AM**

**PCSD 7389 04_20210120063210 1 min 9 sec, same video as PCSD 2480.mp4 63MB MP4 Video 1/20/2021 11:33 AM**

**PCSD 7390 04_20210120063352 3 min 23 sec, same video as PCSD 2481.mp4 190MB MP4 Video 1/20/2021 11:33 AM**

**PCSD 7391 04_20210120063738, 22 min 15 sec, same video as PCSD 2482.mp4 1,343MB MP4 Video 1/20/2021 11:35 AM**

**PCSD 7392 04_20210120065952 24 min 16 sec, same video as PCSD 2483.mp4 1,470MB MP4 Video 1/20/2021**

**Folder: Copies of the videos on Evidence Item SV2, copied directly from the CD and produced on USB drive in Defendants' Seventh Supplemental Disclosure were surveillance videos from 2133 W. Morning Jewel Place and from 2202 W. Morning Jewel Place, where Lewis was trying door handles for vehicle breakins. (See Evidence Control Form PCSD 02833):**

**PCSD 7393 – 7394 Two Surveillance video clips from 2133 W. Morning Jewel Place**

**PCSD 7395 – 7396 Two Surveillance video clips from 2202 W. Morning Jewel Place**

<u>Previously five surveillance videos from 6661 N Paseo de Angel, next door to 6671 to the west were disclosed: 5 clips emailed by homeowner to Detective Flores.</u> A cell phone video was taken from the same location, disclosed previously as PCSD 2489.

PCSD 2484 L2O50008.MP4 -- 6661 N Paseo de Angel, next door to 6671 to west, 54 seconds

PCSD 2485 L2O50009.MP4 – 6661 N Paseo de Angel, next door to 6671 to west, 1 minute, 16 seconds

PCSD 2486 L2O50010.MP4 -- 6661 N Paseo de Angel, next door to 6671 to west, 12 seconds

PCSD 2487 L2O50011.MP4 – 6661 N Paseo de Angel, next door to 6671 to west, 23 seconds

PCSD 2488 L2O50012.MP4 – 6661 N Paseo de Angel, next door to 6671 to west, 11 seconds

PCSD 2489 L2850726.MP4 – cell phone video, **contains same talking as 2488**, zooms in, 29 seconds

**Folder: Another copy of the five surveillance videos above from 6661 N Paseo de Angel were produced in Defendants' Seventh Supplemental Disclosure which were copied directly from the CD in Evidence, which is Evidence Item SV3 (see Evidence Control Form 02835). The cell phone recording in PCSD 2489 was not on the Evidence SV3 disk, so was not re-copied.**

| | | |
|---|---|---|
| **PCSD 7397 IMG_4816 same as PCSD 2484 6661.MOV** | **QuickTime Video File** | **5,097KB 2/8/2021 3:14 PM** |
| **PCSD 7398 IMG_4817 same as PCSD 2485 6661.MOV** | **QuickTime Video File** | **6,984KB 2/8/2021 3:15 PM** |
| **PCSD 7399 IMG_4818 same as PCSD 2486 6661.MOV** | **QuickTime Video File** | **1,182KB 2/8/2021 3:16 PM** |
| **PCSD 7400 IMG_4819 same as PCSD 2487 6661.MOV** | **QuickTime Video File** | **2,203KB 2/8/2021 3:15 PM** |
| **PCSD 7401 IMG_4820 same as PCSD 2488 6661.MOV** | **QuickTime Video File** | **1,127KB 2/8/2021 3:16 PM** |

**Folder: Another copy of the surveillance video from 2661 W. Positano Way was copied from the CD which is Evidence item SV 4. It is the same video as in PCSD 2490, except it was copied directly onto a CD from the CD in evidence. It was**

**produced in Defendants' Seventh Supplemental Disclosure.**

**PCSD 7402 2661 W. Positano, video 1 min 5 seconds in length**

1. The surveillance and neighbor videos in both their original and proprietary form.

**<u>Objection:</u> In the disclosure of October 10, 2023, by copying the DVD and CDs in Evidence, Defendants have provided copies of the videos in the most original form in the possession of the Sheriff's Department. The phrase "in both their original and proprietary form" is vague and ambiguous. It is overly broad and unduly burdensome. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. This vague and ambiguous request for further information or detail is neither relevant nor proportional to the needs of the case. If more detail can be obtained from the devices that actually videorecorded the events, those devices are not in the possession of PCSD. Plaintiffs sent out a private investigator on March 9, 2021, and maybe on other dates, who spoke to and could have requested more information from the neighbors in question. This request is unduly burdensome and the Defendants are not obliged to locate and recontact the neighbors and seek to obtain further information beyond the copies of the videos that the neighbors already provided.**

2. Video from all cameras for hours before and after the event, which should have been archived for comparison, demonstration of system operation, varied light condition, i.e. night to day, for overlays.

**<u>Objection:</u> This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. It is not relevant or proportional to the needs of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The cameras from which the videos were taken belong to the homeowners at the neighboring residences. Defendants do not have access to the cameras or systems that took the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time.**

3. Archived audio of the surveillance and neighbor videos.

**This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. It is not relevant or proportional to the needs of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The cameras from which the videos were taken belong to the homeowners at the residences. Defendants do not have access to the cameras or systems that recorded the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a**

**neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time. Defendants do not have access to the homeowners' cameras or systems that took the videos.**

4. Pictures of the recording settings pages for the surveillance and neighbor videos.

**<u>Objection:</u> This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. It is not relevant or proportional to the needs of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The videos were not generated by PCSD or PCSD devices. The cameras from which the videos were taken belong to the homeowners at the residences. Defendants do not have access to the cameras or systems that took the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time. Defendants do not have access to the homeowners' cameras or to the systems that took the videos.**

5. Any and all interface software players utilized when processing surveillance and neighbor videos.

**<u>Objection:</u> This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. It is not relevant or proportional to the needs of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The videos were not generated by PCSD or PCSD devices. The cameras with which the videos were recorded belong to the homeowners at the residences. Defendants do not have access to the cameras or systems that took the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time.**

**Uncompressed copies of the videos copied from the evidence DVD and CDs were produced on USB drive to Plaintiffs' counsel in Defendants' Seventh Supplemental Disclosure Statement on 10-10-23.**

6. The original metadata of the surveillance and neighbor videos, i.e., dates, times, sources, etc.

**The DVD and CDs in Evidence were copied and sent to Plaintiffs' counsel on USB drive in Defendants' Disclosure dated October 10, 2023 as noted above. These are the most original versions in the possession of the Sheriff's Department. Please review the "properties" of the videos sent October 10, 2023.**

**<u>Objection:</u> This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. Neither is it relevant or proportional to the needs of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The cameras from which the videos were taken belong to the homeowners at the residences. Defendants do not have access to the cameras or systems that took the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time.**

7. Disclosures of the surveillance and neighbor videos transferred to Plaintiffs only using file share or a direct share interface, i.e., no texting, messaging, using apps to share video, digital compressing after recording, converting, or being uploaded and then downloaded from any server before disclosing. Please note digital duplicates are acceptable, but must be done with care to ensure there is no change to the data when being processed.

**The DVD and CDs in Evidence were copied and sent to Plaintiffs' counsel on USB drive in Defendants' Disclosure dated October 10, 2023 as noted above.**

**<u>Objection:</u> This request is vague and ambiguous, and incomprehensible. It is overly broad and unduly burdensome. Neither is it relevant or proportional to the needs**

**of the case. The videos that have been produced two times contain images that are easily recognizable given the environmental and lighting conditions under which they were recorded. The cameras from which the videos were taken belong to the homeowners at the residences. Defendants do not have access to the cameras or systems that took the videos. Plaintiffs had equal access to the video systems, their investigator was in the neighborhood; Investigator Victor Lugo, Arizona Undercover Investigations, did a neighborhood canvass on March 9, 2021. Mr. Lugo spoke to Steven Richards at 6641 N. Paseo de Angel, who had the only camera aimed directly at the 6671 N. Paseo de Angel driveway and was activated; Mr. Lugo could have requested video from Mr. Richards at that time.**

8. Disclosures of the surveillance and neighbor videos downloaded to a physical (solid state flash drive) and sent by UPS, USPS, FedEx, etc., to Plaintiffs.

**See response to Nos. 1-7 above. This has been done.**

Regarding Sheriff Chris Nanos' Press Releases and Press Interviews:

9. All of Sheriff Chris Nanos' press releases and press interviews in the last ten (10) years during his employment at Pima County Sheriff's Department.

**Objection: To the extent this request asks for press releases and press interviews for any event other than the event which is the subject of this lawsuit, this request is neither relevant nor proportional to the needs of the case. This request is overly broad and unduly burdensome. Defendants have previously produced the three PCSD MEDIA RELEASE documents dated January 20, 2021 (PCSD 06310), February 2,**